**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No. 169446)
sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Jarret P. Hitchings (*Pro Hac Vice*)
jarret.hitchings@bclplaw.com
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone    (704) 749-8999
Facsimile:    (704) 749-8990

Attorneys for Debtor and Debtor-in -Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:24-bk-11057-DS |
| Oceanwide Plaza LLC, | Chapter 11 |
| Debtor | **MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF]<br><br><u>Hearing Set By Court:</u><br>Date:  TBD<br>Time:  TBD<br>Place:  Ctrm 1634 / Via Zoom<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Oceanwide Plaza LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), by and through its undersigned counsel, hereby moves (this "DIP Amendment Motion") for entry of an order authorizing the Debtor to amend certain terms of its existing super-priority "priming" post-petition financing facility (generally, and as more fully described herein, the "DIP Financing") with DTLA Lending LLC (the "DIP Lender"), substantially on the terms set forth in the *Amendment to Secured Super-Priority Debtor-In-Possession Financing Loan Agreement* ("Amendment") submitted herewith. In support of this DIP Amendment Motion, the Debtor relies on the *Declaration of Bradley D. Sharp* (the "Sharp Declaration") filed concurrently herewith.

### Introduction and Need for Immediate Relief

Currently, the court-approved DIP Financing consists of a $9.3 million loan, not including interest and Loan Expenses (as defined in the *Secured Superpriority Debtor In Possession Financing Loan Agreement* (the "DIP Credit Agreement") attached to the *Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, and (III) Modifying the Automatic Stay* ("Final DIP Order), ECF No. 229 ("Original Loan"), that the Debtor may borrow to make payments pursuant to a budget that initially ran through September 26, 2024. At the time, the Debtor anticipated the budget period provided an amount of time sufficient to sell the Debtor's principal asset–the Oceanwide Plaza development project (generally, the "Property") and confirm a plan. *See* (Final DIP Order.)  This anticipated time frame proved to be too short.

On October 23, 2024, the Debtor entered into a stipulation with the Consulting Parties[1] to access and use the unused proceeds of the previously approved DIP Financing for identified expenses that required payment after the September 26, 2024 budget period. *See* ECF No. 493 (the "DIP Extension Stipulation").  The Court entered its order approving the DIP Extension Stipulation on the same day. *See* ECF No. 495 (the "DIP Extension Order").  The DIP Extension Stipulation

---

[1] The Consulting Parties include DTLA Lending LLC (the "DIP Lender"), Lendlease (US) Construction Inc., L.A. Downtown Investment, LP ("LADI"), Chicago Title Insurance Company and the City of Los Angeles.

was a short-term solution while the Debtor negotiated for an increased DIP Financing facility to accommodate time delays related to the sale process.

Following discussions and negotiations with the DIP Lender, the DIP Lender has agreed to amend the DIP Financing (i) to increase the DIP Financing from $9.3 million to nearly $12.9 million, exclusive of interest and certain Loan Expenses and (ii) to authorize payments under an amended budget through January 31, 2025 ("Amended Budget"), in each case subject to the terms of the Amendment, and provided that all the rights, remedies, and protections granted to the DIP Lender under the terms of the Final DIP Order apply to the additional financing.[2] Further, in agreeing to the relief sought in this DIP Amendment Motion, the DIP Lender is not waiving any event of default that may have occurred or any of its resulting rights, remedies and protections, all of which are to be fully preserved.

Authorizing the Debtor to borrow additional amounts pursuant to the Amendment, the Amended Budget, and other amended Loan Documents will allow the Debtor to borrow money to fund the ongoing costs of preserving and protecting its assets and administering this bankruptcy case through the conclusion of the Amended Budget period (*i.e.*, January 31, 2025), in which the Debtor is confident it will (a) complete its negotiations with multiple bidders regarding a sale of the Debtor's assets, (b) schedule an imminent hearing on confirmation of its proposed chapter 11 plan, (c) confirm the plan, and (d) close the sale of substantially all of its assets.

Importantly, all of the Consulting Parties support this DIP Amendment Motion, subject to LADI's reserved objection to the proposed Amended Budget amounts allocated for the Debtor's legal counsel, Bryan Cave Leighton Paisner LLP ("BCLP"), financial advisor B. Riley Advisory Services ("B. Riley"), and the loan fees requested by the DIP Lender, with a reciprocal reservation of rights. *See* Reservation of Rights, *infra.* Accordingly, and because granting the Debtor access to additional funding as described will benefit the Debtor's estate and its creditors, this DIP Amendment Motion should be granted.

---

[2] A copy of the Amendment is attached to Sharp Decl. as Exhibit 1. The Amended Budget is attached to the Amendment. The Debtor and DIP Lender are preparing conforming amendments to certain of the other Loan Documents (as defined in the DIP Credit Agreement).

MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY

169998220.1

**Jurisdiction and Venue**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, as this matter constitutes a core proceeding. Moreover, venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Finally, the Debtor consents to the Court's entry of a final order in connection with this DIP Amendment Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**Relevant Procedural Background**

This case was commenced on an involuntary basis on February 13, 2024 (the "Petition Date"). Upon the Debtor's consent to the involuntary petition, the Court entered an order for relief [ECF No. 28] on March 11, 2024 (the "Relief Date"). The following day, on March 12, 2024, the Debtor filed its *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing* [ECF No. 40] (the "DIP Financing Motion"), seeking authority to borrow $10 million on a super-priority "priming" basis from B.H. Capital Ventures, LLC.

At the Debtor's request, the Court scheduled an emergency hearing for March 14, 2024 to consider the DIP Financing Motion on an interim basis (generally, the "Interim Hearing"). The emergency hearing was held and continued at the Debtor's request to March 19, 2024 and then April 12, 2024 to permit further briefing on the DIP Financing Motion.

Following the March 19, 2024 hearing, the Debtor and its professionals explored additional alternative financing sources, including from certain parties which had themselves objected to the DIP Financing Motion. Following extensive negotiations, the Debtor made the decision to obtain the DIP Financing from the DIP Lender.  Following the Interim Hearing, on April 26, 2024, the Court entered an order [ECF No. 176] granting the DIP Financing Motion on an interim basis and authorizing the Debtor to borrow $1,449,222 of the DIP Financing.

On May 9, 2024 and May 15, 2024, the Court conducted a final hearing on the DIP Financing Motion and thereafter, on May 16, 2024, entered the Final DIP Order, granting the DIP

- 3 -

MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY

169998220.1

Financing Motion on a final basis and authorizing the Debtor to borrow $9,300,000 of the DIP Financing on the terms set forth in the DIP Credit Agreement and the other Loan Documents.

On June 12, 2024, the Court entered an *Order Granting Debtor's Motion to (I) Approve Auction and Bid Procedures for the Sale of Property; (II) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; and (III) Granting Related Relief* [ECF No. 276] (the "Bid Procedures Order"), which established certain procedures related to a sale of the Debtor's assets.  Certain of the deadlines and other terms of the Bid Procedures Order have been modified with the approval of the Court. *See* ECF Nos. 316, 319, 480 and 487. The Debtor, in consultation with the Consulting Parties on the terms approved by the Court, has spent many months marketing its assets and subsequently negotiating sale terms. The Debtor continues to negotiate with multiple potential bidders regarding a sale.

**Relief Requested**

By this Amended DIP Motion, the Debtor respectfully requests entry of an order, pursuant to sections 105, 363(b) and 364(c), (d) and (e) of the Bankruptcy Code, Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of this Court's Local Rules of Bankruptcy Practice and Procedure (the "Local Rules"), authorizing the Debtor to amend the DIP Financing pursuant to the Amendment, which (a) increases the budgeted expenses under the DIP Financing from $9.3 million to $12.9 million, and (b) amends the Budget to authorize the loan advances identified in Exhibit 1 to the Amendment.

In support of this DIP Amendment Motion, the Debtor relies on the record in these cases, the *Memorandum of Points and Authorities,* the Sharp Declaration, and their exhibits.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Debtor's use of property of its bankruptcy estate is governed by section 363 of the Bankruptcy Code. Under section 363(b)(1), the Debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. The relief sought in this DIP Amendment Motion involves the use of property outside the ordinary course of business because it involves obtaining additional credit secured by liens on estate property.  By the

MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY

169998220.1

previously-approved DIP Financing Motion and this DIP Amendment Motion, the Debtor has complied with the notice and hearing requirements of section 363.

As with the initial DIP Financing Motion, there remains ample business justification for the DIP Amendment Motion, including the following:

- ***The amended DIP Financing is immediately necessary to preserve the value of the Debtor's assets***. Because the current Budget runs only through September 26, 2024, the Debtor currently lacks access to funding needed to preserve and protect the value of the estate's property, including funds needed to pay for security, utilities, equipment rental, and safety measures for the Property and to pay payroll and professional fees of the Debtor. These payments are critical to the Debtor's ability to continue its negotiations regarding a sale of the Debtor's assets, which would maximize the value of these assets for the benefit of creditors. The DIP Extension Order helped bridge the Debtor's ability to operate between September 27, 2024 and the submission of this DIP Amendment Motion.

- ***Failure to approve the amended DIP Budget will diminish the value of the Debtor's assets***. If the Debtor is unable to amend the DIP Financing, the Debtor will not have access to sufficient funding to pay the administrative expenses of this bankruptcy case, resulting in a significant risk that this bankruptcy case will be dismissed or converted to Chapter 7 (either of which actions would diminish the value of the Debtor's assets), including severely jeopardizing the value nearly at hand as a result of the multi-month sale process.

Section 364 of the Bankruptcy Code gives bankruptcy courts the power to authorize postpetition financing for chapter 11 debtors in possession. S*ee In re Defender Drug Stores, Inc.*, 126 B.R. 76, 81 (Bankr. D. Ariz. 1991), *aff d*, 145 B.R. 312 (9th Cir. BAP 1992); *In re Latam Airlines Group, S.A.*, 620 B.R. 722, 767 (Bankr. S.D.N.Y. 2020). This Court has already approved the DIP Financing – the Debtor merely seeks to amend certain specific terms of this DIP Financing to have the DIP Financing be in place for an additional three-month period.

**I.      The Court Should Authorize the Debtor to Increase the DIP Financing to $12.9 Million and to Amend the Budget to Cover Payments Through January 31, 2025.**

Currently, the amount of DIP Financing the Debtor may borrow to fund operating expenses and professional fees is capped at $9.3 million and only covers payments through September 26, 2024 (as modified under the DIP Extension Order). Following discussions with the DIP Lender and the Consulting Parties, the Debtor and the DIP Lender have agreed to amend the DIP Financing on the terms set forth in the Amendment and pursuant to the Amended Budget. These amendments

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

- 5 -

169998220.1

will allow the Debtor to pay the necessary costs to preserve and protect its assets while the Debtor continues negotiations with potential bidders regarding a sale of these assets and to pay the other costs and expenses incurred in connection with this bankruptcy case as described above.

<div align="center">**Reservation of Rights**</div>

LADI has not consented, and continues to object, to the DIP Financing (including as proposed to be amended by the Amendment or the Amended Budget) to the extent any budgeted amounts allocated for BCLP and B. Riley are proposed to be secured by post-petition super priority "priming" liens superior to LADI's asserted pre-petition security interests (as defined in the Final DIP Order, the "DIP Liens", and its objection the "LADI Priming Objection"). Notwithstanding LADI's consent to this Amended DIP Motion, LADI retains all of its rights, remedies, and defenses regarding BCLP, B. Riley and the loan fees requested by the DIP Lender. All other parties, including Debtor, BCLP, B. Riley, and the DIP Lender, retain their rights, remedies and defenses against LADI. The LADI Priming Objection, and other related issues, will be separately addressed in the Debtor's anticipated request to surcharge the Property for the administrative costs of this case and the sale process, which the Debtor expects to file if further discussions with LADI regarding the possible interim allowance and payment of at least portion of BCLP and B. Riley's respective fees and expenses are not quickly successful.

<div align="center">**Conclusion**</div>

For the foregoing reasons, the Debtor respectfully requests that the Court (a) enter an order authorizing the Debtor to enter into the DIP Amendment and to perform all additional actions as may be required to effectuate the amendments to the DIP Financing contained in the DIP Amendment, and (b) grant related relief.

Dated:  November 15, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Sharon Z. Weiss*
Sharon Z. Weiss
Attorneys for Debtor-in-Possession

<div style="text-align: left; writing-mode: vertical">BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386</div>

MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY

169998220.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Bryan Cave Leighton Paisner LLP, 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

A true and correct copy of the foregoing document(s) entitled: **MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 15, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **PLEASE SEE ATTACHED LIST**

☒      Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 15, 2024 | Raul Morales | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
manderson@kjfesq.com

James W Bates on behalf of Creditor Kovach Enclosure Systems, LLC
jbates@jbateslaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
oblumenfeld@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com

Paul Brent on behalf of Creditor BRAGG INVESTMENT CO.
snb300@aol.com

Paul Brent on behalf of Interested Party Courtesy NEF
snb300@aol.com

Sara Chenetz on behalf of Creditor DTLA Lending LLC
schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com;
chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com

Sara Chenetz on behalf of Petitioning Creditor Lendlease (US) Construction Inc.
schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com;
chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com

Jacquelyn H Choi on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com

Gloria D Cordova on behalf of Creditor Carrara, Inc.
NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com

Gloria D Cordova on behalf of Interested Party Courtesy NEF
NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com

Sean C Coughlin on behalf of Creditor Commercial Scaffolding of California, Inc.
scc@coughlin-law.com, lb@coughlin-law.com;bcrena@noonanlance.com;ssuper@noonanlance.com

Matthew Dill on behalf of Interested Party Courtesy NEF
mdill@counsel.lacounty.gov

Luke N Eaton on behalf of Creditor CMF, Inc.
lukeeaton@cozen.com, jacqueline.sims@troutman.com

Amir Gamliel on behalf of Creditor DTLA Lending LLC
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Amir Gamliel on behalf of Petitioning Creditor Lendlease (US) Construction Inc.
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Jon F Gauthier on behalf of Petitioning Creditor Standard Drywall, Inc.
jgauthier@ftblaw.com, jrobinson@ftblaw.com

Richard Girgado on behalf of Interested Party Courtesy NEF
rgirgado@counsel.lacounty.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Richard H Golubow on behalf of Petitioning Creditor Woodbridge Glass Inc.
rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Ani Grigoryan on behalf of Interested Party Chicago Title Insurance Company
agrigoryan@garrett-tully.com, jgootkin@garrett-tully.com

Mark Isola on behalf of Creditor Fetzers' Inc.
misola@brotherssmithlaw.com

Gary E Klausner on behalf of Interested Party Courtesy NEF
gek@lnbyg.com

Noreen A Madoyan on behalf of U.S. Trustee United States Trustee (LA)
Noreen.Madoyan@usdoj.gov

Allison C. Murray on behalf of Creditor Schuff Steel Company, Inc.
acmurray@swlaw.com, kcollins@swlaw.com

Douglas M Neistat on behalf of Creditor ACCO Engineered Systems, Inc.
dneistat@gblawllp.com, mramos@gblawllp.com

Douglas M Neistat on behalf of Creditor Bapko Metal, Inc.
dneistat@gblawllp.com, mramos@gblawllp.com

Douglas M Neistat on behalf of Creditor Martin Bros./Marcowall, Inc.
dneistat@gblawllp.com, mramos@gblawllp.com

Douglas M Neistat on behalf of Interested Party Douglas Neistat
dneistat@gblawllp.com, mramos@gblawllp.com

Rosemary Nunn on behalf of Petitioning Creditor Mitsubishi Electric US, Inc.
rosemary.nunn@procopio.com, nicholas.fortino@procopio.com;gaylene.oyama@procopio.com

Misty A Perry Isaacson on behalf of Interested Party Courtesy NEF
misty@ppilawyers.com, ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

Matthew D Pham on behalf of Attorney Matthew D. Pham
mpham@allenmatkins.com, mdiaz@allenmatkins.com

Michael B Reynolds on behalf of Creditor Schuff Steel Company, Inc.
mreynolds@swlaw.com, kcollins@swlaw.com

Robert L. Rosvall on behalf of Creditor CallisonRTKL, Inc.
rrosvall@ccllp.law, kvargas@ccllp.law

Robert L. Rosvall on behalf of Interested Party Courtesy NEF
rrosvall@ccllp.law, kvargas@ccllp.law

Jeremy H Rothstein on behalf of Creditor ACCO Engineered Systems, Inc.
jrothstein@gblawllp.com, msingleman@gblawllp.com;MBowes@gblawllp.com

Jeremy H Rothstein on behalf of Creditor Bapko Metal, Inc.
jrothstein@gblawllp.com, msingleman@gblawllp.com;MBowes@gblawllp.com

Jeremy H Rothstein on behalf of Creditor Martin Bros./Marcowall, Inc.
jrothstein@gblawllp.com, msingleman@gblawllp.com;MBowes@gblawllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Leonard M Shulman on behalf of Interested Party Kpc Global Care Inc A Cal Corp
lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com

Howard Steinberg on behalf of Creditor L.A. Downtown Investment, LP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

J Scott Williams on behalf of Interested Party Courtesy NEF
jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

Donna Wong on behalf of Interested Party City of Los Angeles
donna.wong@lacity.org

Richard Lee Wynne on behalf of Interested Party City of Los Angeles
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-7245@ecf.pacerpro.com

Chelsea Zwart on behalf of Petitioning Creditor Star Hardware, Inc.
czwart@cgdrlaw.com, service@cgdrlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**