**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No.: 169446)
sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Jarret P. Hitchings (*Admitted Pro Hac Vice*)
jarret.hitchings@bclplaw.com
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone    (704) 749-8999
Facsimile:    (704) 749-8990

*Attorneys for Debtor and Debtor-in-Possession*

**FILED & ENTERED**

**NOV 22 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>OCEANWIDE PLAZA LLC,<br><br>Debtor. | Case No. 2:24-bk-11057-DS<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION TO AMEND DEBTOR-IN-POSSESSION FINANCING FACILITY**<br><br>Hearing:<br>Date:   November 22, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 1634 (via ZoomGov)<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

A hearing was held at the above time and place on the "Motion to Amend Debtor-In-Possession Financing Facility" (the "Motion," Docket No. 509) filed by debtor and debtor-in-possession Oceanwide Plaza LLC (the "Debtor"). Appearances were noted on the record. The court having considered the Motion, the record in this case, and the oral arguments of counsel at the hearings, and for the reasons stated on the record,

IT IS HEREBY ORDERED the Motion is granted as follows:

1. The Debtor is authorized and empowered to amend the existing super-priority "priming" financing facility (generally, and as more fully described in the Motion, the "DIP Financing") with DTLA Lending LLC (the "DIP Lender"), which was approved pursuant to the "Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, and (III) Modifying the Automatic Stay" (the "Final DIP Order," Docket No. 229), by: (a) entering into an "Amendment to Secured Super-Priority Debtor-In-Possession Financing Loan Agreement" substantially in the form attached hereto as Exhibit 1 (the "DIP Financing Amendment"); and (b) entering into such other amendments, agreements, instruments, and documents as may be necessary or required to evidence and/or secure the amended obligations to the DIP Lender to consummate the terms and provisions of the DIP Financing Amendment, the Motion, and this order, including, without limitation: (i) an "Amended and Restated Promissory Note"; (ii) a "First Amendment and Modification to Assignment of Lessor's Interest in Leases and Contracts of Sale (Los Angeles County, California)"; and (iii) a "First Amendment and Modification to Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing (Los Angeles County, California)" (collectively, the "DIP Financing Amendment Documents").

2. Paragraph 3 of the Final DIP Order is amended to delete the amount $9,300,000 appearing therein and replace it with the amount $12,900,000.

3. Except as modified by this order, the Final DIP Order remains in full force and effect.

///

2

4. Notwithstanding LADI's[1] consent to the DIP Financing Amendment Documents, LADI retains all rights, remedies, and defenses regarding Bryan Cave Leighton Paisner LLP ("BCLP"), B. Riley Advisory Services ("B. Riley"), and the loan fees requested by the DIP Lender. All other parties, including the Debtor, BCLP, B. Riley, and the DIP Lender, retain their rights, remedies, and defenses against LADI.

5. Counsel for the Debtor must serve a copy of this order on all creditors of the Debtor as set forth on the court's mailing matrix in this case, within three days of entry and thereafter file a certificate of service.

###

Date: November 22, 2024

Deborah J. Saltzman
United States Bankruptcy Judge

---

[1] All capitalized terms not defined herein are used as defined in the Final DIP Order.

3

# EXHIBIT 1

# AMENDMENT TO SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION FINANCING LOAN AGREEMENT

**THIS AMENDMENT TO SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION FINANCING LOAN AGREEMENT** (this *"Amendment"*) is made and entered into as of the __ day of November, 2024 by and between **OCEANWIDE PLAZA LLC,** a Delaware limited liability company, a debtor and debtor-in-possession in a case pending under Chapter 11 of the Bankruptcy Code ("*Borrower*" or "*Debtor*"), and **DTLA LENDING LLC,** a California limited liability company (together with its successors and/or assigns, "*Lender*")

## **RECITALS**

A.  Debtor and Lender are parties to that certain Secured Super-Priority Debtor-in-Possession Financing Loan Agreement dated as of May 16, 2024 (as amended, restated, supplemented or otherwise modified from time to time, the "*Loan Agreement*") pursuant to which Lender agreed to make certain loans and extend certain other financial accommodations to Debtor in the amount up to Ten Million and No/100 Dollars ($10,000,000.00).

B.  Debtor has applied to Lender for an increase in the Loan to Twelve Million Nine Hundred Thousand and 00/100 Dollars ($12,900,000.00) and for an amendment to the Budget to include those additional payments for the period from September 27, 2024 through December 31, 2024 identified in Exhibit 1 hereto, and Lender is willing to make the Loan on the terms and conditions hereinafter set forth, along with other modifications as set forth in this Amendment.

C.  There is now pending a bankruptcy case, Case No. 2:24-bk-11057-DS ("*Case*") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("*Court*") in which the Borrower is the Debtor and Debtor in Possession. Borrower retains possession of its assets and is authorized under the Bankruptcy Code to continue the operation of its business as a debtor in possession.

D.  On April 26, 2024, the Court entered its Interim Order (I) Authorizing The Debtor To Obtain Postpetition Financing, (II) Granting Liens And Superpriority Administrative Expense Claims, (III) Modifying The Automatic Stay And (IV) Scheduling A Final Hearing, Case Docket No. 176 (the "*Interim Order*"). Pursuant to the Interim Order, Lender made an advance to Borrower in the cumulative amount of One Million Four Hundred Forty-Nine Thousand Two Hundred Twenty-Two Dollars ($1,449,222), subject to permitted variances and as otherwise set forth in the Interim Order.

E.  On May 9, 2024 and May 15, 2024, the Court conducted a final hearing on the DIP Financing Motion and thereafter, on May 16, 2024, entered a final order [Docket No. 229] (the "*Final DIP Order*"), granting the DIP Financing Motion on a final basis and authorizing the Debtor to borrow $9,300,000 of the DIP Financing on the terms set forth in the *Secured Superpriority Debtor in Possession Financing Loan Agreement* (attached as Exhibit 1 to the Final DIP Order) (the "*Loan Agreement*") and the other Loan Documents.

F.  Unless otherwise specified in this Amendment, capitalized terms defined in Loan Agreement and used herein will have the meaning given to such capitalized terms in Loan Agreement.

169928791.5

**NOW, THEREFORE**, in consideration of the foregoing, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Debtor and Lender agree as follows:

1. **Amendments to Loan Agreement**.

    a. <u>Amendment to Section 1.1, Definitions</u>. The following definitions set forth in Section 1.1 of the Loan Agreement are hereby deleted in their entireties and replaced with the following:

    ""***Assignment of Lease***": That certain Assignment of Lessor's Interest in Leases and Contracts of Sale dated as of May 16, 2024, by Borrower to and for the benefit of Lender, as amended by that certain First Amendment and Modification to Assignment of Lessor's Interest in Leases and Contracts of Sale, dated as of the Amendment Effective Date."

    ""***Budget***" shall mean Exhibit B, as amended to include the payments identified in Exhibit 1 to this Amendment."

    ""***Deed of Trust***" That certain Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of May 16, 2024, as amended by that certain First Amendment and Modification to Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing, dated as of the Amendment Effective Date."

    ""***Loan***": The loan in the amount of Twelve Million Nine Hundred Thousand and 00/100 Dollars ($12,900,000.00) which is the subject of this Agreement, the Orders of the Bankruptcy Court, the Note and the other Loan Documents."

    ""***Loan Closing Deadline***": Means the date mutually selected by Debtor and Lender, provided, however no later than thirty (30) days after the entry of the Amendment Order."

    ""***Note***" shall mean that certain Amended and Restated Promissory Note dated the Amendment Effective Date by Debtor in favor of Lender in the amount of $12,900,000.00."

    b. <u>Amendment to Section 1.1, Definitions</u>. The following definitions set forth below are hereby added to Section 1.1 of the Loan Agreement:

    ""***Additional Loan***" the future extensions of credit by Lender to Debtor identified in Recital B of the Amendment

    ""***Amendment***" shall mean that certain Amendment to Secured Super-Priority Debtor-in-Possession Financing Loan Agreement by and between Debtor and Lender dated as of November __, 2024."

169928791.5

""*Amendment Effective Date*" shall mean November __, 2024."

""*Amendment Order*": the Order Approving Amendment to Debtor-In-Possession Financing Facility dated November ___, 2024, Case No. 22:24-bk-11057-DS [Docket No. __] which order shall be acceptable to the Lender in its sole discretion."

""*Initial Loan*" shall mean those certain loans made by Lender to Debtor in the amount of Ten Million and No/100 Dollars ($10,000,000.00), pursuant to the Final Order of the Bankruptcy Court, this Agreement, the Note and the other Loan Documents."

""*Title Company*" shall mean Stewart Title Company, 100 Pine Street, Suite 450, San Francisco, California 94111, Attention: Tina Lucero."

c.  Amendment to Section 3.5.1, Budget Variances. Section 3.5.1 to the Loan Agreement is amended to delete the amount of "$10,000,000.00" in clause (b) in its entirety and replace it with "$12,900,000.00."

2.  **Budget Disbursements**. Disbursements made pursuant to the Budget as amended shall be subject to the terms and conditions of the Loan Agreement; provided, however, (1) notwithstanding anything to the contrary contained in the Budget or the Loan Documents, no Disbursements shall be made after January 31, 2025; and (2) any disbursement from the line-item for "Graffiti Removal" shall be subject to Lender's approval, which approval may be withheld in Lender' sole discretion.

3.  **Loan Expenses.** Borrower agrees to pay Lender on the Maturity Date interest on the Loan Expenses at the Interest Rate charged under the Note.

4.  **Representations, Warranties, and Covenants of Debtor**. Debtor hereby represents and warrants that as of the Effective Date (a) no event has occurred and is continuing which constitutes a Default or an Event of Default, (b) the representations and warranties of Debtor contained in the Loan Agreement and the other Loan Documents are true and correct in all material respects on and as of the date hereof to the same extent as though made on and as of the date hereof, except to the extent such representations and warranties specifically relate to an earlier date, in which case they are true and correct in all material respects as of such earlier date, (c) the execution and delivery by Debtor of this Amendment are within Debtor's organizational powers and have been duly authorized by all necessary action, and (d) this Amendment is the legal, valid, and binding obligation of Debtor enforceable against Debtor in accordance with their terms, except to the extent that the enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws generally affecting creditors' rights and by equitable principles (regardless of whether enforcement is sought in equity or at law).

5.  **Conditions to Effectiveness**. This Amendment shall become effective as of the date on which each of the following conditions have been satisfied (the "**Effective Date**"):

a.  Debtor shall have executed, delivered, where necessary notarized, to Title Company:

    (1) this Amendment;

    (2)  the Amendment to Deed of Trust;

    (3) Assignment of Rents and Leases, Security Agreement and Fixture Filing;

    (4) the Amended and Restated Promissory Note; and

    (5) any and all other documents and agreements which are required under this Agreement or which Lender has reasonably required, in form and content acceptable to Lender.

   b. The Amendment Order is final, binding, and non-appealable, or if any appeals have been made, such appeals are not subject to a stay, have lapsed or are denied.

   c. Debtor shall reimburse Lender its reasonable expenses and costs, including, its reasonable attorney's fees, incurred in connection with this Amendment and related documents;

   d. Lender shall have received an irrevocable commitment by Title Company to issue an endorsement to the Title Policy insuring: (i) that the modification of the Loan Documents has not and will not affect the priority of the Deed of Trust and that the Deed of Trust as modified continues to be a first priority lien on the Property, subject only to the County Senior Claims (as defined in the Final DIP Order); and (ii) that all the Disbursements made by Lender continue to be secured by the Deed of Trust in a first priority lien position on the Property, subject only to the County Senior Claims; (iii) amending the Title Policy in an amount of the Additional Loan; and (iii) other such matter as may be reasonably requested by Lender;

   e. all representations and warranties of Debtor contained herein shall be true and correct as of the Effective Date, except to the extent that such representation or warranty relates to a specific date, in which case such representation and warranty was true as of such earlier date, and such parties delivery of their respective signatures hereto shall be deemed to be its certification thereof.

   In the event for whatever reason Debtor fails to satisfy such conditions precedent by the Loan Closing Deadline, then Lender's obligations under this Amendment shall terminate, the modifications provided under this Amendment shall be of no force or effect, and the Loan Documents shall be enforced without consideration to the modifications provided in this Amendment and as if Lender and Borrower had not entered into this Amendment.

  6. **Release**.

   a. With the except of Lender's rights, duties and obligations arising out of this Amendment, Debtor hereby irrevocably and unconditionally waives, releases and forever discharges any and all claims, demands, actions, causes of action, suits, debts, accounts, covenants, obligations, and liabilities of every nature (collectively, the "***Claims***"), which Debtor, its predecessors, successors, assigns, agents, attorneys, partners, subsidiaries, beneficiaries, officers, directors, employees, or any entity controlling or under common control with Debtor have or might

have had against Lender, existing on or before the date of this Agreement solely in connection with (a) the Loan, (b) the Loan Documents, or (c) the Property. Debtor hereby agrees never to commence, voluntarily aid in any way, prosecute or cause to be commenced or prosecuted against Lender any action or other proceeding based upon any of the Claims. In connection with the foregoing release, Debtor hereby waives any and all rights which exist or may exist under Section 1542 of the California Civil Code and any other comparable provisions or principals of state or Federal law, or the common law. Civil Code Section 1542 provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR EXPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

It is understood and agreed that the release set forth herein is a full and final release of any and all Claims of every nature and kind whatsoever arising out of the facts and circumstances described herein and that the foregoing release extinguishes all such Claims whether known, unknown, foreseen or unforeseen existing on or before the date of the recording of the Short Form Agreement. Debtor understands and acknowledges the significance and consequences of this specific waiver of California Civil Code Section 1542 and any other comparable provision or principal of State or Federal law, or the common law, and hereby assumes full responsibility for any injuries, damages, losses or liabilities that it may hereafter incur by virtue of this waiver.

Notwithstanding any other provision to the contrary, the release provided for in this Section 7, is not intended to, and shall not extend to, any prospective rights under the Loan Documents or Claims which arise under the Loan Documents after the date of this Agreement.

Debtor: _____

7. **Successors and Assigns.** This Amendment shall be binding upon and shall inure to the benefit of the parties hereto, their respective successors, successors-in-title and assigns.

8. **Reference to the Effect on the Loan Agreement**. Upon the effectiveness of this Amendment, each reference in the Loan Agreement to "this Agreement," "hereunder," "hereof," "herein" or words of similar import shall mean and be a reference to the Loan Agreement as modified by this Amendment. Nothing herein is intended to impair or limit the validity, priority or extent of Lender's security interests in and Liens upon the Collateral.

9. **Affirmation**. Except as specifically modified pursuant to the terms hereof, the Loan Agreement, and all other Loan Documents (and all covenants, terms, conditions and agreements therein), shall remain in full force and effect, and are hereby ratified and confirmed in all respects by Debtor. Debtor covenants and agrees to comply with all of the terms, covenants and conditions of the Loan Documents, as modified hereby, notwithstanding any prior course of conduct, waivers, releases or other actions or inactions on Lender's part which might otherwise constitute or be construed as a waiver of or amendment to such terms, covenants and conditions.

169928791.5

10. **No Waiver or Novation**.  The execution, delivery and effectiveness of this Amendment shall not, except as expressly provided in this Amendment, operate as a waiver of any right, power or remedy of Lender, nor constitute a waiver of any provision of the Loan Agreement, the Loan Documents or any other documents, instruments and agreements executed or delivered in connection with any of the foregoing.  Nothing herein is intended or shall be construed as a waiver of any existing defaults or Events of Default under the Loan Agreement or other Loan Documents or any of Lender's rights and remedies in respect of such defaults or Events of Default.  This Amendment (together with any other document executed in connection herewith) is not intended to be, nor shall it be construed as, a novation of the Loan Agreement or any of the other Loan Documents.  This Amendment cannot be amended without the prior written consent of Lender.

11. **Loan Document**.  The parties acknowledge and agree that this Amendment and all agreements and instruments delivered to Lender in connection herewith shall each constitute a "Loan Document" under the Loan Agreement and the other Loan Documents.

12. **Controlling Law.**  THIS AMENDMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA, EXCEPT TO THE EXTENT PREEMPTED BY THE BANKRUPTCY CODE AND OTHER FEDERAL LAW.

13. **Headings**.  Section headings in this Amendment are included for convenience of reference only and shall not constitute a part of this Amendment for any other purpose.

14. **Counterparts.**  This Amendment may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute a single Agreement.  The signature page of any counterpart may be detached therefrom without impairing the legal effect of the signature(s) thereon provided such signature page is attached to any other counterpart identical thereto except having additional signature pages executed by the other Party.  This Agreement may be executed by a party's signature transmitted by facsimile ("fax") or by electronic mail in pdf format ("pdf"), and copies of this Agreement executed and delivered by means of faxed or pdf signatures shall have the same force and effect as copies hereof executed and delivered with original signatures.  All parties hereto may rely upon faxed or pdf signatures as if such signatures were originals.  All parties hereto agree that a faxed or pdf signature page may be introduced into evidence in any proceeding arising out of or related to this Agreement as if it were an original signature page. THE PARTIES HERETO CONSENT AND AGREE THAT THIS AGREEMENT MAY BE SIGNED AND/OR TRANSMITTED USING ELECTRONIC SIGNATURE TECHNOLOGY (E.G., VIA DOCUSIGN OR SIMILAR ELECTRONIC SIGNATURE TECHNOLOGY), AND THAT SUCH SIGNED ELECTRONIC RECORD SHALL BE VALID AND AS EFFECTIVE TO BIND THE PARTY SO SIGNING AS A PAPER COPY BEARING SUCH PARTY'S HAND-WRITTEN SIGNATURE.  THE PARTIES FURTHER CONSENT AND AGREE THAT (1) TO THE EXTENT A PARTY SIGNS THIS AGREEMENT USING ELECTRONIC SIGNATURE TECHNOLOGY, BY CLICKING "SIGN," SUCH PARTY IS SIGNING THIS AGREEMENT ELECTRONICALLY, AND (2) THE ELECTRONIC SIGNATURES APPEARING ON THIS AGREEMENT SHALL BE TREATED, FOR PURPOSES OF VALIDITY, ENFORCEABILITY AND ADMISSIBILITY, THE SAME AS HAND-WRITTEN SIGNATURES.

169928791.5

- 7 -

**[SIGNATURE PAGES FOLLOW]**

169928791.5

IN WITNESS WHEREOF, Debtor and Lender have executed this Amendment as of the date appearing on the first page of this Amendment.

**"LENDER":**  DTLA LENDING LLC,
a California limited liability company,

By:  LENDLEASE (US) CONSTRUCTION HOLDINGS INC.,
a Florida corporation,
its Sole Managing Member

By: _____
Bruce Ambler, Jr.,
Director

**[SIGNATURES CONTINUE ON FOLLOWING PAGE]**

**Signature Page for Amendment to Loan Agreement**

**"DEBTOR":**  OCEANWIDE PLAZA LLC,
a Delaware limited liability company


By: _____
    Bradley Sharp,
    Chief Restructuring Officer

# EXHIBIT 1 TO AMENDMENT TO LOAN AGREEMENT

## Amendment to Budget

See attached

**Exhibit 1 to Amendment to Loan Agreement**

169928791.5

**Oceanwide Plaza LLC**
**DIP Budget Draft**

| (All amounts in dollars) | Total DIP Requested (Outstanding) | Fees Incurred but Unpaid | 9/27 - 10/4 | 10/5 - 10/11 | 10/12 - 10/18 | 10/18 - 10/24 | 10/25 - 10/31 | 11/1 - 11/7 | 11/8 - 11/14 | 11/15 - 11/21 | 11/21 - 11/27 | 11/28 - 12/4 | 12/5 - 12/11 | 12/12 - 12/18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Payroll and Supplies** | | | | | | | | | | | | | | |
| Payroll and Payroll Benefits | 771,138 | | 50,565 | - | 49,510 | 500 | 50,565 | - | 49,510 | 500 | 50,565 | - | 49,510 | 500 |
| Office Supplies & Licenses | 5,320 | | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Bank Fees | 3,700 | | 600 | | | | 600 | - | - | - | 600 | - | - | - |
| **Total Payroll and Supplies** | **780,158** | | **51,265** | **100** | **49,610** | **600** | **51,265** | **100** | **49,610** | **600** | **51,265** | **100** | **49,610** | **600** |
| **Insurance** | | | | | | | | | | | | | | |
| Liability Insurance | - | | | | | | | | | | | | | |
| Building Insurance (4) | - | | | | | | | | | | | | | |
| Earthquake Insurance (4) | - | | | | | | | | | | | | | |
| Directors and Officers/Employee Liability | - | | | | | | | | | | | | | |
| Worker's Comp Insurance | 1,694 | | | | | | | | | | | | | |
| ERISA Bond | - | | | | | | | | | | | | | |
| **Total Insurance** | **1,694** | | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** |
| **Taxes** | | | | | | | | | | | | | | |
| Franchise Tax, California | - | | | | | | | | | | | 8,600 | | |
| Franchise Tax, Delaware | - | | | | | | | | | | | 12,536 | | |
| Business Personal Property Tax | - | | | | | | | | | | | 3,000 | | |
| Past Due Property Tax | - | | | | | | | | | | | | | |
| Real Property Tax | - | | | | | | | | | | | | | |
| **Total Taxes** | **-** | | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **24,136** | **-** | **-** |
| **State and City Licenses** | | | | | | | | | | | | | | |
| Agent for Service of Process, California(1) | - | | | | | | | | | | | 200 | | |
| Agent for Service of Process, Delaware(1) | - | | | | | | | | | | | 700 | | |
| **Total State and City Licenses** | **-** | | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **900** | **-** | **-** |
| **Project Operations** | | | | | | | | | | | | | | |
| Site Security (2) | 905,519 | | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 |
| Portable Toilet | 2,123 | | 324 | | | | 324 | | | | | 324 | | |
| Site Cleaning/Trash/Bathrooms/Water Removal | 60,000 | | | | | | | | | | | | | |
| Utility | 28,093 | | 11,094 | | | | 11,094 | | | | | 11,094 | | |
| Video Monitoring Security System | - | | | | | | | | | | | | | |
| Fence Maintenance | - | | 1,500 | | | | 1,500 | | | | | 1,500 | | |
| Ground Floor Lighting Equipment/Repair | 29,000 | | | | | | | | | | | 29,000 | | |
| Hoists (Repair and Maintenance) | 797,851 | | 78,505 | | | | 78,505 | | | | | 78,505 | | |
| Scaffold Rental | 60,457 | | 8,083 | | | | 8,083 | | | | | 8,083 | | |
| Trench Plate Rental | 57,458 | | 9,577 | | | | 9,577 | | | | | 9,577 | | |
| Street Use Permit | 34,991 | | 13,677 | | | | 13,677 | | | | | 13,677 | | |
| Graffiti Abatement (6) | - | | | | | | | | | | | - | | |
| Barricade Ground Floor Entrances (Stairs & Ramps) | 160,000 | | | | | | | | | | | | | |
| Fire Extinguishers Purchase | - | | | | | | | | | | | 40,000 | | |
| LAFD Fees | - | | | | | | | | | | | 16,000 | | |
| Razor Wire | 100,000 | | | | | | | | | | | - | | |
| Upgrade Fire Suppression System (3) | 250,000 | | | | | | | | | | | | | |
| Storm Water Pollution Prevention Plan Annual Fee | - | | | | | | | | | | | | | |
| **Total Project Operations** | **2,485,492** | | **155,520** | **32,760** | **32,760** | **32,760** | **155,520** | **32,760** | **32,760** | **32,760** | **32,760** | **240,520** | **32,760** | **32,760** |
| **Professional Fees** | | | | | | | | | | | | | | |
| Chief Restructuring Officer | 350,000 | | 50,000 | | | | 50,000 | | | | | 50,000 | | |
| Financial Advisor | - | 340,246 | 60,000 | | | | 60,000 | | | | | 60,000 | | |
| Valuation Report | - | | | | | | | | | | | | | |
| Legal Services - Bankruptcy | - | 2,515,766 | 300,000 | | | | 300,000 | | | | | 300,000 | | |
| Claim Agents | 50,000 | 17,130 | 40,000 | | | | 40,000 | | | | | 40,000 | | |
| Legal Services - Construction Litigation | - | 100,000 | - | | | | - | | | | | 55,500 | | |
| Legal Services - Employment | - | | 1,000 | | | | 1,000 | | | | | 1,000 | | |
| Legal Services - Land Use | - | | 40,000 | | | | | | | | | | | |
| Legal Services - Other | - | | | | | | | | | | | | | |
| Payroll Tax Service | 7,500 | | 1,500 | | | | 1,500 | | | | | 1,500 | | |
| Real Estate Broker | 250,000 | | 50,000 | | | | 50,000 | | | | | 50,000 | | |
| Tax Consultant | 21,300 | | | | | | | | | | | | | |
| US Trustee Fee | 3,262 | | 25,043 | | | | | | 13,658 | | | 2,450 | | |
| **Total Professional Fees** | **682,062** | **2,973,142** | **567,543** | **-** | **-** | **-** | **502,500** | **13,658** | **-** | **-** | **-** | **560,450** | **-** | **-** |
| **Others** | | | | | | | | | | | | | | |
| Contingency | 156,129 | | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Insurance Contingency | | | | | | | | | | | | | | |
| Loan Fees [5] | 480,987 | | | | | | | | | | | | | |
| Interest Reserve [4] | | | | | | | | | | | | | | |
| **Total Others** | **637,116** | | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** |
| **Total** | **4,586,522** | **2,973,142** | **789,327** | **47,860** | **97,370** | **48,360** | **724,285** | **61,518** | **97,370** | **48,360** | **99,025** | **841,106** | **97,370** | **48,360** |

(1) Includes payments for the immediate parent entity, Oceanwide Real Estate Group (USA) Corp., and subsidiaries, Oceanwide Plaza I LLC and Oceanwide Plaza II LLC.
(2) Executive Event Services (EES) provides two guards 24-7 at $2,473.50 per day, $3,710.25 per holiday.  They will be on duty from February 26, 2024
    through at least April 30, 2024.  From May 1, 2024 and after, we assume an estimated six guards 24-7 at $32.5 per hour with EES.
(3) Required by the LA Fire Department in the event of fire. Additionally required by insurance company to provide building insurance.
(4) This budget does not include the Interest Reserve.
(5) Loan Expenses are provided by Lendlease.
(6) While the budget includes an estimate for graffiti removal, this expense will not be incurred without pre-approval of the DIP lender in its sole discretion.

...de Plaza LLC
...get Draft

| (All amounts in dollars) | 12/19 - 12/25 | 12/25 - 12/31 | 1/1 - 1/7 | 1/8 - 1/14 | 1/15 - 1/21 | 1/22 - 1/28 | Total |
|---|---|---|---|---|---|---|---|
| **Payroll and Supplies** | | | | | | | |
| Payroll and Payroll Benefits | 50,565 | - | 49,510 | 500 | 50,565 | - | 1,224,001 |
| Office Supplies & Licenses | 100 | 100 | 100 | 100 | 100 | 100 | 7,120 |
| Bank Fees | 600 | - | - | - | 600 | - | 6,700 |
| **Total Payroll and Supplies** | **51,265** | **100** | **49,610** | **600** | **51,265** | **100** | **1,237,821** |
| | | | | | | | |
| **Insurance** | | | | | | | |
| Liability Insurance | | | | | | | - |
| Building Insurance (4) | | | | | | | - |
| Earthquake Insurance (4) | | | | | | | - |
| Directors and Officers/Employee Liability | | | | | | | - |
| Worker's Comp Insurance | | | | | | | 1,694 |
| ERISA Bond | | | | | | | - |
| **Total Insurance** | **-** | **-** | **-** | **-** | **-** | **-** | **1,694** |
| | | | | | | | |
| **Taxes** | | | | | | | |
| Franchise Tax, California | | | | | | | 8,600 |
| Franchise Tax, Delaware | | | | | | | 12,536 |
| Business Personal Property Tax | | | | | | | 3,000 |
| Past Due Property Tax | | | | | | | - |
| Real Property Tax | | | | | | | - |
| **Total Taxes** | **-** | **-** | **-** | **-** | **-** | **-** | **24,136** |
| | | | | | | | |
| **State and City Licenses** | | | | | | | |
| Agent for Service of Process, California(1) | | | | | | | 200 |
| Agent for Service of Process, Delaware(1) | | | | | | | 700 |
| **Total State and City Licenses** | **-** | **-** | **-** | **-** | **-** | **-** | **900** |
| | | | | | | | |
| **Project Operations** | | | | | | | |
| Site Security (2) | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 32,760 | 1,495,199 |
| Portable Toilet | | 324 | | | | 324 | 3,743 |
| Site Cleaning/Trash/Bathrooms/Water Removal | | | | | | | 60,000 |
| Utility | | 11,094 | | | | 11,094 | 83,563 |
| Video Monitoring Security System | | | | | | | - |
| Fence Maintenance | | 1,500 | | | | 1,500 | 7,500 |
| Ground Floor Lighting Equipment/Repair | | | | | | | 58,000 |
| Hoists (Repair and Maintenance) | | 78,505 | | | | 78,505 | 1,190,376 |
| Scaffold Rental | | 8,083 | | | | 8,083 | 100,872 |
| Trench Plate Rental | | 9,577 | | | | 9,577 | 105,343 |
| Street Use Permit | | 13,677 | | | | 13,677 | 103,376 |
| Graffiti Abatement (6) | | | | | | 493,900 | 493,900 |
| Barricade Ground Floor Entrances (Stairs & Ramps) | | | | | | | 160,000 |
| Fire Extinguishers Purchase | | | | | | 40,000 | 80,000 |
| LAFD Fees | | | | | | 16,000 | 32,000 |
| Razor Wire | | | | | | | 100,000 |
| Upgrade Fire Suppression System (3) | | | | | | | 250,000 |
| Storm Water Pollution Prevention Plan Annual Fee | | | | | | | - |
| **Total Project Operations** | **32,760** | **155,520** | **32,760** | **32,760** | **32,760** | **705,420** | **4,323,872** |
| | | | | | | | |
| **Professional Fees** | | | | | | | |
| Chief Restructuring Officer | | 50,000 | | | | 50,000 | 600,000 |
| Financial Advisor | | 60,000 | | | | 60,000 | 640,246 |
| Valuation Report | | | | | | | - |
| Legal Services - Bankruptcy | | 300,000 | | | | 300,000 | 4,015,766 |
| Claim Agents | | 40,000 | | | | 40,000 | 267,130 |
| Legal Services - Construction Litigation | | 45,000 | | | | 45,000 | 245,500 |
| Legal Services - Employment | | 1,000 | | | | 1,000 | 5,000 |
| Legal Services - Land Use | | | | | | | 40,000 |
| Legal Services - Other | | | | | | | - |
| Payroll Tax Service | | 1,500 | | | | 1,500 | 15,000 |
| Real Estate Broker | | 50,000 | | | | 50,000 | 500,000 |
| Tax Consultant | | | | | | | 21,300 |
| US Trustee Fee | | 8,687 | | | | | 53,099 |
| **Total Professional Fees** | **-** | **556,187** | **-** | **-** | **-** | **547,500** | **6,403,041** |
| | | | | | | | |
| **Others** | | | | | | | |
| Contingency | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 426,129 |
| Insurance Contingency | | | | | | | - |
| Loan Fees [5] | | | | | | | 480,987 |
| Interest Reserve [4] | | | | | | | - |
| **Total Others** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **15,000** | **907,116** |
| | | | | | | | |
| **Total** | **99,025** | **726,807** | **97,370** | **48,360** | **99,025** | **1,268,020** | **12,898,580** |

(1) Includes payments for the immediate parent entity, ...
(2) Executive Event Services (EES) provides two guard...
    through at least April 30, 2024.  From May 1, 2024 a...
(3) Required by the LA Fire Department in the event of...
(4) This budget does not include the Interest Reserve...
(5) Loan Expenses are provided by Lendlease.
(6) While the budget includes an estimate for graffiti rem...