GREENBERG TRAURIG, LLP
Howard J. Steinberg (SBN 89291)
steinbergh@gtlaw.com
Eric V. Rowen (SBN 106234)
rowene@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for L.A. Downtown Investment LP

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Oceanwide Plaza LLC,<br><br>    Debtor. | CASE NO. 2:24-bk-11057-DS<br><br>Chapter 11<br><br>**JOINT RESERVATION OF RIGHTS BY L.A. DOWNTOWN INVESTMENT LP AND CHICAGO TITLE INSURANCE COMPANY TO CLAIM TRANSFER AGREEMENTS ENTERED INTO BY DTLA FUNDING, LLC**<br><br>DATE:   [No Hearing Date Set]<br>TIME:<br>DEPT:   Ctrm 1639<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

L.A. Downtown Investment LP ("LADI") and Chicago Title Insurance Company ("CTIC") file this joint reservation of rights with respect to Claim Transfer Agreements entered into by DTLA Funding, LLC ("DTLA").

## I. INTRODUCTION

Lendlease (US) Construction, Inc. ("Lendlease") has repeatedly caused delay and attempted to create roadblocks to the recognition of LADI's senior secured position. Among other things, Lendlease engineered the filing of the involuntary petition to commence this bankruptcy case to trigger the automatic stay to delay a state court trial scheduled to adjudicate the validity of LADI's deed of trust ("DOT"), and unsuccessfully opposed LADI's motion for relief from the automatic stay which allowed the state court proceedings to proceed to trial.

Unfortunately, these obstructionist tactics are not limited to acts taken by Lendlease. Lendlease caused the formation of a new affiliate, DTLA, for the sole purpose of this bankruptcy action. DTLA has done nothing but act on Lendlease's behalf to further Lendlease's goal of avoiding a determination on the merits of the parties' dispute. DTLA, as opposed to Lendlease, proposed to provide DIP financing in this case on terms well below market even though Lendlease is beset by financial troubles and is shutting down its U.S. operations. Lendlease is not in the business of providing financing to debtors or otherwise. Neither was DTLA before this action. Lendlease made clear it would object to DIP financing provided by an arms-length third-party lender. Lendlease did so to manipulate this action: DTLA provided in its proposed loan terms that the grant of LADI's request for stay relief to proceed with the state court action would be an event of default under the DIP loan. At bottom, Lendlease/DTLA sought to buy off the Debtor by providing cheap financing to ensure the Debtor would oppose stay relief. As with virtually every other tactic employed by Lendlease/DTLA, they were not successful in seeking to use the DIP loan for this purpose.

Lendlease's delay tactics continued in the state court action, ballooning what should have been a six-day trial into four weeks. The state court trial finally concluded and Lendlease suffered a resounding defeat on virtually every issue and claim it raised. The state court went as far as calling a Lendlease argument "mud on the wall" and another Lendlease tactic as a "sideshow." A Statement of Decision will soon be entered on these issues in favor of LADI.

In yet another attempt to create roadblocks and delay, DTLA has once again surfaced as a vehicle

to be used by Lendlease to attempt to stall entry of judgment. After the state court orally ruled in favor of LADI, DTLA entered into at least seven claim transfer agreements with Lendlease's subcontractors. These subcontractors held claims against Lendlease for non-payment for their services. While the consideration paid for the claim transfers is not disclosed in any of the filings, the claims have been transferred to DTLA rather than to the obligor, Lendlease. This was done because Lendlease and yet another Lendlease affiliate, Lendlease (US) Construction Holdings, Inc. ("Holdings"), entered into a Contractor's Indemnity Agreement with CTIC and any claims Lendlease or Holdings acquired would be subject to the subordination provision in the agreement. Specifically, in paragraph 8 of the Contractor's Indemnity Agreement, Lendlease and Holdings agreed to:

> [S]ubordinate[] any Mechanic's Lien it may have or hereafter acquire against said Real Property in connection with the construction of [the Oceanwide Plaza Project] to any interest or mortgage lien arising out of financing for the construction project, (including Construction Trust Deeds, bridge loans, permanent financing) insured by [CTIC] which insurance provides protection against loss by reason of such Mechanic's Lien . . . .

The state court has already held that mechanic's liens assigned to Lendlease are subordinated under the agreement. In a transparent attempt to elevate form over substance, DTLA will likely argue that it is not subject to the subordination provision. This chicanery should not be tolerated. Even if the subordination provision in the Contractor's Indemnity Agreement did not apply, the subcontractor claims are still subordinate to LADI's claims for the reasons set forth in the state court's oral ruling. This filing is done to ensure that DTLA/Lendlease does not claim that LADI or CTIC have somehow acquiesced to this gamesmanship. LADI and CTIC reserve all rights to contest the priority of the claims DTLA/Lendlease have acquired.

**I.    THE CLAIM TRANSFERS**

Based upon the bankruptcy docket, after the state court's oral ruling in favor of LADI, there have been at least 7 claims transferred to DTLA. These consist of claims filed by Bapko Metal, Inc., claim no. 13 (Doc. No. 559); American Stair Corporation, Inc., claim no. 5 (Doc. No. 560); ACCO Engineered Systems, Inc., claim no. 12 (Doc. No. 561); JT Wimsatt, claim no. 21 (Doc. No. 562); Kovach Enclosure Systems, LLC, claim no. 23 (Doc. No. 563); YESCO LLC, claim no. 24 (Doc. No. 564); and Pan Pacific Mechanical LLC. Claim no. 94 (Doc. No. 565) (collectively the "Claims"). No information concerning the

terms of the transfers has been provided. This reservation of rights is intended with respect to the Claims and any other claims DTLA has acquired. This may be relevant since Lendlease is a Consulting Party and has received confidential inside information concerning proposed sales terms of the Debtor's assets. Lendlease and DTLA have at least one common senior officer. (Dkt. No. 341-02.) Further, Holdings appears to be the sole managing member of DTLA. (Dkt. No. 229 at 65.)

## II.    THE TRANSFER OF THE CLAIMS DOES NOT CURE THE DEFICIENCIES

Transferring the Claims does not create greater or additional rights for the transferee, DTLA. *In re KB Toys, Inc.*, 470 B.R. 331, 335 (Bankr. D. Del. 2012), aff'd, 736 F. 3d 247 (3d Cir. 2013). Further, there may be a variety of potential legal theories that may be applied to address what appears to be an end run around the state court's ruling. Such legal theories may include, but are not limited to, piercing the corporate veil, alter ego doctrine, and equitable estoppel. LADI and CTIC do not have sufficient facts to assess and identify which potential legal theories may apply.

## III.    RESERVATION OF RIGHTS

LADI and CTIC reserve all rights, remedies, claims, and defenses to address the propriety of the acts being engaged in by Lendlease and DTLA.

DATED: January 31, 2025            GREENBERG TRAURIG, LLP


                        By */s/ Howard J. Steinberg*
                            Howard J. Steinberg
                            Attorneys for L.A. Downtown Investment LP

DATED: January 31, 2025            GARRETT & TULLY, P.C.


                        By */s/ Scott Mahler*
                            Scott Mahler
                            Attorneys for Chicago Title Insurance Company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*):
**JOINT RESERVATION OF RIGHTS BY L.A. DOWNTOWN INVESTMENT LP AND CHICAGO TITLE INSURANCE COMPANY TO CLAIM TRANSFER AGREEMENTS ENTERED INTO BY DTLA FUNDING, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 31, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____(*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 31, 2025 | Terrine Pearsall | /s/ Terrine Pearsall |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
ACTIVE 697112530v2

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Adam S Affleck    adam-affleck@rbmn.com, jennifer-franklin@rbmn.com
Melody G Anderson    meanderson@zwickerpc.com
James W Bates    jbates@jbateslaw.com
Ori S Blumenfeld    oblumenfeld@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
Paul Brent    snb300@aol.com
Sara Chenetz    schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
Jacquelyn H Choi    jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Gloria D Cordova    NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com
Sean C Coughlin    scc@coughlin-law.com, lb@coughlin-law.com;bcrena@noonanlance.com;ssuper@noonanlance.com
Matthew Dill    mdill@counsel.lacounty.gov
Luke N Eaton    lukeeaton@cozen.com, jacqueline.sims@troutman.com
Amir Gamliel    agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
Jon F Gauthier    jgauthier@ftblaw.com, jrobinson@ftblaw.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Ani Grigoryan    agrigoryan@garrett-tully.com, jgootkin@garrett-tully.com
Mark Isola    misola@brotherssmithlaw.com
Gary E Klausner    gek@lnbyg.com
Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
Allison C. Murray    acmurray@swlaw.com, kcollins@swlaw.com
Douglas M Neistat    dneistat@gblawllp.com, mramos@gblawllp.com
Rosemary Nunn    rosemary.nunn@procopio.com, nicholas.fortino@procopio.com;gaylene.oyama@procopio.com
Matthew D Pham    mpham@allenmatkins.com, mdiaz@allenmatkins.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Robert L. Rosvall    rrosvall@ccllp.law, kvargas@ccllp.law
Jeremy H Rothstein    jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
Leonard M Shulman    lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Sharon Z. Weiss    sharon.weiss@bclplaw.com,
raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
J Scott Williams    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com
Donna Wong    donna.wong@lacity.org
Richard Lee Wynne    richard.wynne@hoganlovells.com,
tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-7245@ecf.pacerpro.com
Chelsea Zwart    czwart@cgdrlaw.com, service@cgdrlaw.com

ACTIVE 697112531v1