GREENBERG TRAURIG, LLP
Howard J. Steinberg (SBN 89291)
steinbergh@gtlaw.com
Eric V. Rowen (SBN 106234)
rowene@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for L.A. Downtown Investment LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Oceanwide Plaza LLC,<br><br>    Debtor. | CASE NO. 2:24-bk-11057-DS<br><br>Chapter 11<br><br>**AMENDED JOINT RESERVATION OF RIGHTS BY L.A. DOWNTOWN INVESTMENT LP AND CHICAGO TITLE INSURANCE COMPANY TO CLAIM TRANSFER AGREEMENTS ENTERED INTO BY DTLA FUNDING, LLC**<br><br>DATE:   [No Hearing Date Set]<br>TIME:<br>DEPT:   Ctrm 1639<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

L.A. Downtown Investment LP ("LADI") and Chicago Title Insurance Company ("CTIC") file this amended joint reservation of rights with respect to Claim Transfer Agreements entered into by DTLA Funding, LLC ("DTLA Funding").[1]

## I. INTRODUCTION

Lendlease (US) Construction, Inc. ("Lendlease") has repeatedly caused delay and attempted to create roadblocks to the recognition of LADI's senior secured position. Among other things, Lendlease engineered the filing of the involuntary petition to commence this bankruptcy case to trigger the automatic stay to delay a state court trial scheduled to adjudicate the validity of LADI's deed of trust ("DOT"), and unsuccessfully opposed LADI's motion for relief from the automatic stay which allowed the state court proceedings to proceed to trial.

Unfortunately, these obstructionist tactics are not limited to acts taken by Lendlease. Lendlease caused the formation of DTLA Lending for the sole purpose of obstruction. DTLA Lending has done nothing but act on Lendlease's behalf to further Lendlease's goal of avoiding a determination on the merits of the parties' dispute. DTLA Lending, as opposed to Lendlease, proposed to provide DIP financing in this case on terms well below market even though Lendlease is beset by financial troubles and is shutting down its U.S. operations. Lendlease is not in the business of providing financing to debtors or otherwise. Neither was DTLA Lending before this action. Lendlease made clear it would object to DIP financing provided by an arms-length third-party lender. Lendlease did so to manipulate this action: DTLA Lending provided in its proposed loan terms that the grant of LADI's request for stay relief to proceed with the state court action would be an event of default under the DIP loan. At bottom, Lendlease/DTLA Lending sought to buy off the Debtor by providing cheap financing to ensure the Debtor would oppose stay relief. As with virtually every other tactic employed by Lendlease/DTLA Lending, they were not successful in seeking to use the DIP loan for this purpose.

Lendlease's delay tactics continued in the state court action, ballooning what should have been a six-day trial into four weeks. The state court trial finally concluded and Lendlease suffered a resounding defeat on virtually every issue and claim it raised. The state court went as far as calling a Lendlease

---

[1] The prior reservation inadvertently identified DTLA Lending, LLC ("DTLA Lending"), rather than DTLA Funding, as the transferee.

argument "mud on the wall" and another Lendlease tactic as a "sideshow." A Statement of Decision will soon be entered on these issues in favor of LADI.

Now, *another* Lendlease affiliate, DTLA Funding, has been created to interfere with the proceedings. Sixteen Notices of Transfer of Claim Other Than for Security ("Notices") were filed in the in this case reflecting transfers from Lendlease's subcontractors to DTLA Funding. These subcontractors held claims against Lendlease for non-payment for their services. While the consideration paid for the claim transfers is not disclosed in any of the filings, the claims have been transferred to DTLA Funding rather than to the obligor, Lendlease. This was likely done because Lendlease and yet another Lendlease affiliate, Lendlease (US) Construction Holdings, Inc. ("Lendlease Holdings"), entered into a Contractor's Indemnity Agreement with CTIC and any claims Lendlease or Lendlease Holdings acquired would be subject to the subordination provision in the agreement. Specifically, in paragraph 8 of the Contractor's Indemnity Agreement, Lendlease and Lendlease Holdings agreed to:

> [S]ubordinate[] any Mechanic's Lien it may have or hereafter acquire against said Real Property in connection with the construction of [the Oceanwide Plaza Project] to any interest or mortgage lien arising out of financing for the construction project, (including Construction Trust Deeds, bridge loans, permanent financing) insured by [CTIC] which insurance provides protection against loss by reason of such Mechanic's Lien . . . .

The state court has already held that mechanic's liens assigned to Lendlease are subordinated under this agreement. This filing is done to ensure that DTLA Funding/Lendlease does not claim that LADI or CTIC have somehow acquiesced to this gamesmanship. LADI and CTIC reserve all rights to contest the priority of the claims DTLA Funding/Lendlease have acquired.

## II.   THE CLAIM TRANSFERS

Based upon the bankruptcy docket, after the state court's oral ruling in favor of LADI, there have been at least 16 claims transferred to DTLA Funding. These consist of claims filed by Bapko Metal, Inc., claim no. 13 (Doc. No. 559); American Stair Corporation, Inc., claim no. 5 (Doc. No. 560); ACCO Engineered Systems, Inc., claim no. 12 (Doc. No. 561); JT Wimsatt, claim no. 21 (Doc. No. 562); Kovach Enclosure Systems, LLC, claim no. 23 (Doc. No. 563); YESCO LLC, claim no. 24 (Doc. No. 564); Pan Pacific Mechanical LLC. Claim no. 94 (Doc. No. 565); Schuff Steel Company, claim no. 11 (Doc. No. 583); XL Fire Protection Co., Stretto Schedule #2633106 (Doc. No. 584); Woodbridge Glass Inc., claim

no. 30 (Doc. No. 585); Johnson Controls Fire Protection, LP, Stretto Claim #55 (Doc. No. 586); Continental Marble and Tile Company, claim no. Stretto Schedule #2633080 (Doc. No. 587); The Nevell Group, Inc., Stretto Schedule #2633093 (Doc. No. 588); Fetzers' Inc., Stretto Claim #79 (Doc. No. 589); Martin Bros./Marcowall, Inc., Claim no. 17 (Doc. No. 590); Tractel Ltd., Claim no. 6 (Doc. No. 591) (collectively the "Claims"). No information concerning the terms of the transfers has been provided.

### III.  THE TRANSFER OF THE CLAIMS DOES NOT CURE THE DEFICIENCIES

Transferring the Claims does not create greater or additional rights for the transferee, DTLA Funding. *In re KB Toys, Inc.*, 470 B.R. 331, 335 (Bankr. D. Del. 2012), aff'd, 736 F. 3d 247 (3d Cir. 2013). Further, there may be a variety of potential legal theories that may be applied to address what appears to be an end run around the state court's ruling. LADI and CTIC do not have sufficient facts to assess and identify which potential legal theories may apply.

### IV.  RESERVATION OF RIGHTS

LADI and CTIC reserve all rights, remedies, claims, and defenses to address the propriety of the acts being engaged in by Lendlease and DTLA Funding, including, but not limited to, all rights to assert that DTLA Funding is an artifice to accept assignments of mechanic's liens from subcontractors in a wrongful effort to avoid the state court's judgment that mechanic's liens acquired by Lendlease and Lendlease Holdings are contractually subordinated to LADI's DOT under the terms of the Contractor's Indemnity Agreement Lendlease and Lendlease Holdings provided to CTIC and, as to Lendlease, under the July 2016 Contract between Lendlease and Oceanwide Plaza, LLC. LADI and CTIC further reserve all rights and remedies, including, but not limited to, the right to raise and assert that Lendlease and Lendlease Holdings breached the implied covenant of good faith and fair dealing in the Contractor's Indemnity Agreement through any subcontractor mechanic's lien assignments to DTLA Funding. LADI further reserves the right to raise and assert that Lendlease breached the implied covenant of good faith and fair dealing in the July 2016 Contract through any such assignments. Notably, the state court already has held that Lendlease breached the implied covenant of good faith and fair dealing in the Contractor's Indemnity Agreement by its refusal to acknowledge the subordination of its liens. The state court also held that LADI is a third-party beneficiary to the Contractor's Indemnity Agreement and the July 2016 Contract.

Indeed, Lendlease appears to be playing a corporate shell game in reaction to its defeat in this litigation and to evade the state court's statement of decision and future judgment. For example:

- On December 11, 2024, the state court rejected Lendlease's argument that the mechanic's lien it acquired from Webcor Construction, LP, was not contractually subordinated to LADI's deed of trust. ***Later that same day***, at or around 5:23 PM, Lendlease's counsel (Perkins Coie) filed DTLA Funding's articles of organization with the California Secretary of State.

- Next, on January 10, 2025, the same day the state court heard CTIC's motion for leave to amend its complaint and again rejected Lendlease's claim about later acquired mechanic's liens not being subordinated, the several Notices were filed with this Court.

Lendlease Americas, Inc. is the manager or member of DTLA Funding and wholly owns Lendlease Holdings, and Lendlease is a wholly-owned subsidiary of Lendlease Holdings. As explained in Lendlease's Rule 7.1 Corporate Disclosure Statement filed in December 2023:

> Lendlease (US) Construction Inc. is a wholly-owned subsidiary of Lendlease (US) Construction Holdings Inc., which is a wholly-owned subsidiary of Lendlease Americas Inc., a Delaware corporation, which is a wholly-owned subsidiary of Lendlease Americas Holdings Inc., a Delaware corporation, which is a wholly-owned subsidiary of Lend Lease International Pty Limited, which is an Australian company and is a wholly-owned subsidiary of Lendlease Corporation Limited. The shares of Lendlease Corporation Limited are combined as stapled securities with the units in Lendlease Trust and are traded as one security under the name of Lendlease Group on the Australian Securities Exchange.

In other words, DTLA Funding is simply part of a shell game Lendlease, Lendlease Holdings, and their affiliates are using in an attempt to evade the rulings of this Court and the state court.

This reservation of rights is intended with respect to the Claims and any other claims DTLA Funding has acquired. LADI and CTIC further reserve the right to challenge the Claims based upon any improper disclosure to DTLA Funding or DTLA Lending of confidential information Lendlease may have received as a Consulting Party.

DATED: February 11, 2025                GREENBERG TRAURIG, LLP


                                        By */s/ Howard J. Steinberg*
                                            Howard J. Steinberg
                                            Attorneys for L.A. Downtown Investment LP


DATED: February 11, 2025                GARRETT & TULLY, P.C.


                                        By */s/ Scott Mahler*
                                            Scott Mahler
                                            Attorneys for Chicago Title Insurance Company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED JOINT RESERVATION OF RIGHTS BY L.A. DOWNTOWN INVESTMENT LP AND CHICAGO TITLE INSURANCE COMPANY TO CLAIM TRANSFER AGREEMENTS ENTERED INTO BY DTLA FUNDING, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 11, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____(*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 11, 2025 | Terrine Pearsall | /s/ Terrine Pearsall |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
ACTIVE 697112530v2

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Adam S Affleck    adam-affleck@rbmn.com, jennifer-franklin@rbmn.com
Melody G Anderson    meanderson@zwickerpc.com
James W Bates    jbates@jbateslaw.com
Ori S Blumenfeld    oblumenfeld@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
Paul Brent    snb300@aol.com
Sara Chenetz    schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
Jacquelyn H Choi    jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
Gloria D Cordova    NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com
Sean C Coughlin    scc@coughlin-law.com, lb@coughlin-law.com;bcrena@noonanlance.com;ssuper@noonanlance.com
Matthew Dill    mdill@counsel.lacounty.gov
Luke N Eaton    lukeeaton@cozen.com, jacqueline.sims@troutman.com
Amir Gamliel    agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
Jon F Gauthier    jgauthier@ftblaw.com, jrobinson@ftblaw.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Ani Grigoryan    agrigoryan@garrett-tully.com, jgootkin@garrett-tully.com
Mark Isola    misola@brotherssmithlaw.com
Gary E Klausner    gek@lnbyg.com
Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
Allison C. Murray    acmurray@swlaw.com, kcollins@swlaw.com
Douglas M Neistat    dneistat@gblawllp.com, mramos@gblawllp.com
Rosemary Nunn    rosemary.nunn@procopio.com, nicholas.fortino@procopio.com;gaylene.oyama@procopio.com
Matthew D Pham    mpham@allenmatkins.com, mdiaz@allenmatkins.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Robert L. Rosvall    rrosvall@ccllp.law, kvargas@ccllp.law
Jeremy H Rothstein    jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
Leonard M Shulman    lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com

ACTIVE 707146254v1

J Scott Williams	jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com
Donna Wong	donna.wong@lacity.org
Richard Lee Wynne	richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-7245@ecf.pacerpro.com
Chelsea Zwart	czwart@cgdrlaw.com, service@cgdrlaw.com