Sean C. Coughlin (SBN 167900)
scoughlin@noonanlance.com
**NOONAN LANCE &BOYER LLP**
701 Island Avenue, Suite 400
San Diego, California 92101
Telephone: (619) 780-0880
Facsimile: (619) 780-0877

Attorney for Commercial Scaffolding of California, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>OCEANWIDE PLAZA LLC,<br><br>    Debtor. | Case No.: 2:24-bk-11057-DS<br><br>Hon. Deborah Saltzman<br><br>Chapter 11<br><br>**LIMITED OPPOSITION AND RESERVATION OF RIGHTS BY SECURED CREDITOR COMMERCIAL SCAFFOLDING OF CALIFORNIA INC. TO DEBTOR'S AND DEBTOR-IN-POSSESSION'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELATED RELIEF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ET AL.**<br><br><u>**HEARING**</u><br><br>Date:      February 3, 2026<br>Time:      2:00 p.m.<br>Courtroom: 1639 (or via Tel. or Zoom)<br>               255 E. Temple Street<br>               Los Angeles, CA 90012 |

Commercial Scaffolding of California, Inc. ("CSCI") hereby submits this Limited Opposition and Reservation of Rights ("Objection") to the Motion by Debtor OCEANWIDE PLAZA, LLC ("Debtor") for Approval of Settlement Agreement and Related Relief Pursuant to Federal Rule of Bankruptcy Procedure 9019 et al. (the "Motion"), as follows:

## I.    INTRODUCTION

CSCI holds a perfected mechanic's lien against Debtor's property. CSCI does not oppose the Motion in general. CSCI does, however, note that there are ambiguous terms of the proposed settlement agreement that relate to the mechanics lien claims that were acquired post-petition by Lendlease (US) Construction Inc. ("U.S. Construction"), and DTLA Lending, LLC ("DTLA Lending") (the "Acquired Mechanics Lien Claims").

Through the Motion, the parties to the settlement appear to seek an Order that would determine the validity, priority, and extent of the Acquired Mechanics Lien Claims. The parties to the settlement do so on shortened notice, without an actual judicial determination on the merits. Nor does the Motion include any declaration or other representation as to the actual validity, priority, and extent of such liens.

Further, the parties appear to be seeking an Order permitting U.S. Construction and DTLA funding to aggregate Acquired Mechanics Lien Claims for purpose of credit bidding. This term is ambiguous and should be clarified.

Any Order arising from or connected to the Motion should confirm that the Court is not determining the actual validity, priority, and extent of the Acquired Mechanics Lien Claims as part of its approval of the settlement. Further, any Order approving the settlement should clarify that U.S. Construction and DTLA Funding are not permitted to aggregate the individual Acquired Mechanics Lien Claims for credit bid purposes.

/ / /

/ / /

## II. FACTUAL BACKGROUND

CSCI has furnished labor and materials (the "Labor and Materials") for the Project and on the Property.

CSCI timely recorded a Mechanic's Lien to secure payment for all unpaid amounts due to CSCI for the Labor and Materials (the "Lien"). A copy of the Lien is attached as Exhibit 1 to CSCI's NOTICE IN LIEU OF COMMENCEMENT OF ACTION AND NOTICE OF PERFECTION OF MECHANICS LIEN filed April 26, 2024 (Docket No. 175). As of the date of the recording of the Lien, the amount owed to CSCI was $2,683,505.23.

As noted in the Motion, U.S. Construction and DTLA Lending are the post-petition assignees of the Acquired Mechanics Lien Claims. A list of the Acquired Mechanics Lien Claims is attached to the Motion as Exhibit "E" (and another copy is attached hereto for the Court's convenience).

Upon the purchase of the Acquired Mechanics Lien Claims, U.S. Construction and DTLA took the assignment of those claims with the claims' existing individual lien priorities, and subject to all defenses to the claims' validity and amount.

The proposed settlement agreement filed with the Motion defines the "Mechanics Lien Claims", as "the secured lien Claims (including but not limited to the US Construction Secured Claim) held by US Construction, its subcontractors, and their respective successors and assignees, including DTLA Funding." [1]

The proposed settlement agreement also includes the following terms at page 7, sections 4(d) and (e):

(d) LADI, KPC, the Lendlease Parties, and Oceanwide further agree that the LADI Bankruptcy Claim and the Mechanic's Lien Claims *shall be allowed and secured in full by the Property*. (Emphasis added).

---

[1] CSCI defines those claims herein as the *Acquired* Mechanics Lien Claims to distinguish them from all other mechanics lien claims filed in this case, including CSCI's mechanics lien claim.

(e) The respective owners of the LADI Bankruptcy Claim and Mechanic's Lien Claims *may credit bid their respective secured claims* towards the purchase of the Property in the amounts set forth above in accordance with their priority. (Emphasis added).

### III. THE SUMMARY DETERMINATION OF THE FULLY SECURED STATUS OF THE ACQUIRED MECHANICS LIEN CLAIMS.

CSCI acknowledges that it may turn out that each of the Acquired Mechanics Lien Claims are, in fact, senior in priority to all other mechanics lien claims (including CSCI's mechanics lien claim). However, generally, the determination of the validity, priority, and extent of a lien requires an adversary proceeding, or some other contested proceeding with similar procedural safeguards. Fed.R.Bankr.P. 7001(2); *In re Loloee* (B.A.P. 9th Cir. 1999) 241 B.R. 655, 660. Here, it is unclear whether the parties are seeking an Order, through the request for approval of the settlement, declaring the priority of all of the Acquired Mechanics Lien Claims, and if so, what priority.

Also, the settlement agreement proposes that an Order be entered declaring the Acquired Mechanics Lien Claims as fully secured, although no sales price for the property has been established, and there has been no actual determination of the priority of each of the Acquired Mechanics Lien Claims in relation to other mechanics lien claims.

Any Order arising from or connected to the Motion should confirm that the Court is not determining the actual validity, priority, and extent of the Acquired Mechanics Lien Claims as part of its approval of the settlement.

### IV. THE TERM OF THE PROPOSED SETTLEMENT AGREEMENT PERMITTING U.S. CONSTRUCTION AND DTLA FUNDING TO "CREDIT BID THEIR RESPECTIVE SECURED CLAIMS" IS AMBIGUOUS.

As it relates to the Acquired Mechanics Lien Claims, neither U.S. Construction nor DTLA Funding holds a single "secured claim." Each of these entities holds a

collection of individual mechanics lien claims that they acquired post-petition, each claim having its own individual priority. Section 4(e) of the settlement seems to indicate that the parties to the settlement are seeking an Order allowing U.S. Construction and DTLA Funding to aggregate the individual Acquired Mechanics Lien Claims for credit bid purposes. It is possible that this is not what is intended by this term of the settlement agreement, but it should be clarified.

The difference is stark. Either these entities would be improperly permitted to credit bid fictional single "claims" (in excess of $71,000,000 for U.S. Construction and in excess $97,000,000 for DTLA Funding), or more properly, their credit bid would be limited to the amount of one of the single Acquired Mechanics Lien Claims held by these entities listed on Exhibit E to the Motion. Also, the purpose and effect of this term is unclear considering the planned sale of the Property.[2] Either way, this term is ambiguous and should be clarified as a) it could potentially impact the rights of other mechanics lien holders, including CSCI, and b) it seems unnecessary to the approval of the proposed settlement.

Dated: February 2, 2026              NOONAN LANCE & BOYER, LLP

                                     By:  /s/ Sean C. Coughlin
                                          Sean C. Coughlin
                                          Attorneys for Commercial Scaffolding of
                                          California, Inc.

---

[2] For example, 11 U.S.C.A. § 363(f)(3) does not provide authority for sale of estate property on a credit bid submitted by senior lienholder free and clear of the liens of junior creditors. *Clear Channel Outdoor, Inc. v. Knupfer* (In re PW, LLC) B.A.P. 9th Cir. 2008) 391 B.R. 25, 39-41.

# EXHIBIT E  TO MOTION

## List of Mechanic's Lien Claims

| Formerly Held By | Recorded Document Number for Lien | Held By as of Effective Date of Settlement[1] | Amount of Lien |
|---|---|---|---|
| ACCO Engineered Systems, Inc. | 20190567238 | DTLA Funding, LLC | $18,898,044 |
| American Stair Corporation | 20201241227 | DTLA Funding, LLC | $731,322 |
| Bapko Metal, Inc. (Divider Beam) | 20190567267 | DTLA Funding, LLC | $173,004 |
| Bapko Metal, Inc. (Main Contract) | 20190708986 | DTLA Funding, LLC | $3,370,650 |
| CMF, Inc. | 20200133070 | DTLA Funding, LLC | $6,377,586 |
| Continental Marble and Tile Co. T1 | 20201656243 | DTLA Funding, LLC | $49,165 |
| Continental Marble and Tile Co. T2 & T3 | 20201656243 | DTLA Funding, LLC | $2,484,161 |
| Enclos Corp. | 20190566151 | DTLA Funding, LLC | $5,950,000 |
| Fetzers Inc. | 20200334576 | DTLA Funding, LLC | $2,001,694 |
| J.T. Wimsatt Contracting Co., Inc. | 20200019597 | DTLA Funding, LLC | $4,049,373 |
| Johnson Controls Fire Protection LP fka SimplexGrinnel LP | 20200681757 | DTLA Funding, LLC | $1,383,546 |
| Kovach LLC dba Kovach Building Enclosures | 20191114551 | DTLA Funding, LLC | $441,108.47 |
| Lendlease (US) Construction Inc. | 20201438216 | Lendlease (US) Construction Inc. | $16,499,256 |
| Martin Brothers/Marcowall Inc. | 21091440932 | DTLA Funding, LLC | $3,871,200 |
| Mitsubishi Electric US, Inc. dba Elevator & Escalator Division | 202001437424 | DTLA Funding, LLC | $4,800,000 |
| Pan-Pacific Mechanical LLC | 20190347895 | DTLA Funding, LLC | $6,775,430 |
| SASCO | 20200114635 | DTLA Funding, LLC | $17,448,380 |
| Schuff Steel Company | 20201324605 | DTLA Funding, LLC | $4,615,000 |
| Sharpe Interior Systems, Inc. | 20200215838 | Lendlease (US) Construction, Inc. | $3,850,000 |
| Standard Drywall, Inc. | 20190435698 | DTLA Funding, LLC | $1,168,118 |
| Star Hardware, Inc. | 20200618966 | DTLA Funding, LLC | $1,596,331 |
| The Nevell Group, Inc. | 20190434839 | DTLA Funding, LLC | $2,900,241.09 |

---

[1] DTLA Funding, LLC and Lendlease (US) Construction, Inc. represent and warrant that they have no further obligation to the Mechanic's Lien Claims transferors for these assignments of claims.

| Formerly Held By | Recorded Document Number for Lien | Held By as of Effective Date of Settlement[1] | Amount of Lien |
|---|---|---|---|
| Webcor Construction, LP | 20190264429 | Lendlease (US) Construction Inc. | $51,000,000 |
| Woodbridge Glass, Inc. (Subcontract I) | 20190618245 | DTLA Funding, LLC | $3,465,941 |
| Woodbridge Glass, Inc. (Subcontract II) | 20190618246 | DTLA Funding, LLC | $2,269,610 |
| XL Fire Protection Co. | 20190290462 | DTLA Funding, LLC | $1,912,753 |
| YESCO Signs LLC | 20201424299 | DTLA Funding, LLC | $868,215 |
|  |  |  |  |
|  |  | *Lendlease (US) Construction Inc. Subtotal* | *$71,349,256* |
|  |  | *DTLA Funding, LLC Subtotal* | *$97,600,872.56* |
|  |  | **TOTAL** | $168,950,128.56 |

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

701 Island Avenue, Suite 400, San Diego, California 92101

A true and correct copy of the foregoing document entitled (*specify*): LIMITED OPPOSITION AND RESERVATIONS OF RIGHTS BY SECURED CREDITOR COMMERCIAL SCAFFOLDING OF CALIFORNIA INC TO DEBTOR'S AND DEBTOR-IN-POSSESSION'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELATED RELIEF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 ET AL
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/02/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/02/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Deborah J. Saltzman
U.S. Bankruptcy Judge - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639, Los Angeles, California 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/02/0226 | Barbara E. Crena | *Barbara E. Crena* (signature) |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*           **F 9013-3.1.PROOF.SERVICE**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Sharon Z. Weiss   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- Jarret P. Hitchings   jarret.hitchings@bclplaw.com
- Adam S Affleck on behalf of Creditor Fetzers' Inc. adam-affleck@rbmn.com; jennifer-franklin@rbmn.com
- Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc. meanderson@zwickerpc.com
- James W Bates on behalf of Creditor Kovach Enclosure Systems, LLC  - jbates@jbateslaw.com
- Ori S Blumenfeld on behalf of Interested Party Courtesy NEF - ori.blumenfeld@offitkurman.com; liyah.lewis@offitkurman.com; ik-maurice.ibe@offitkurman.com
- Paul Brent on behalf of Creditor BRAGG INVESTMENT CO. - snb300@aol.com
- Sara Chenetz on behalf of Creditor DTLA Lending LLC  - schenetz@perkinscoie.com; docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com; chenetz-sara-perkins-coie-670@ecf.pacerpro.com; rleibowitz@perkinscoie.com
- Sara Chenetz on behalf of Petitioning Creditor Lendlease (US) Construction Inc. -
- schenetz@perkinscoie.com; docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com; chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com
- Jacquelyn H Choi on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR - jacquelyn.Choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Leslie A Cohen on behalf of Interested Party Courtesy NEF - leslie@lesliecohenlaw.com; jaime@lesliecohenlaw.com; camille@lesliecohenlaw.com
- Gloria D Cordova on behalf of Creditor Carrara, Inc. - NEF@gcordovalaw.com; NEF@gcordovalaw.com; ssg@gcordovalaw.com
- Gloria D Cordova on behalf of Interested Party Courtesy NEF - NEF@gcordovalaw.com; NEF@gcordovalaw.com; ssg@gcordovalaw.com
- Matthew Dill on behalf of Interested Party Courtesy NEF - mdill@counsel.lacounty.gov
- Luke N Eaton on behalf of Creditor CMF, Inc. - lukeeaton@cozen.com; jacqueline.sims@troutman.com
- Amir Gamliel on behalf of Creditor DTLA Lending LLC - agamliel@perkinscoie.com; cmallahi@perkinscoie.com; DocketLA@perkinscoie.com
- Amir Gamliel on behalf of Petitioning Creditor Lendlease (US) Construction Inc. -
- agamliel@perkinscoie.com; cmallahi@perkinscoie.com; DocketLA@perkinscoie.com

- Jon F Gauthier on behalf of Petitioning Creditor Standard Drywall, Inc. - jgauthier@ftblaw.com; jrobinson@ftblaw.com
- Richard Girgado on behalf of Interested Party Courtesy NEF - rgirgado@counsel.lacounty.gov
- Richard H Golubow on behalf of Petitioning Creditor Woodbridge Glass Inc. -
- rgolubow@wghlawyers.com; jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- Ani Grigoryan on behalf of Interested Party Chicago Title Insurance Company - ani.grigoryan@aalrr.com; jenifer.gootkin@aalrr.com
- Lance N Jurich on behalf of Creditor Chicago Title Company - ljurich@loeb.com; pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com
- Lance N Jurich on behalf of Creditor Chicago Title Insurance Company - ljurich@loeb.com; pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com
- Gary E Klausner on behalf of Interested Party Courtesy NEF - gek@lnbyg.com;
- Noreen A Madoyan on behalf of U.S. Trustee United States Trustee (LA) - Noreen.Madoyan@usdoj.gov
- Allison C. Murray on behalf of Creditor Schuff Steel Company, Inc. - acmurray@swlaw.com; kcollins@swlaw.com
- Douglas M Neistat on behalf of Creditor ACCO Engineered Systems, Inc. - dneistat@gblawllp.com; mramos@gblawllp.com
- Douglas M Neistat on behalf of Creditor Bapko Metal, Inc. - dneistat@gblawllp.com; mramos@gblawllp.com
- Douglas M Neistat on behalf of Creditor Martin Bros./Marcowall, Inc. - dneistat@gblawllp.com; mramos@gblawllp.com
- Douglas M Neistat on behalf of Interested Party Douglas Neistat - dneistat@gblawllp.com; mramos@gblawllp.com
- Rosemary Nunn on behalf of Petitioning Creditor Mitsubishi Electric US, Inc. - rosemary.nunn@procopio.com; nicholas.fortino@procopio.com; gaylene.oyama@procopio.com
- Matthew D Pham on behalf of Attorney Matthew D. Pham - mpham@allenmatkins.com; mdiaz@allenmatkins.com
- Michael B Reynolds on behalf of Creditor Schuff Steel Company, Inc. - mreynolds@swlaw.com; kcollins@swlaw.com
- Robert L. Rosvall on behalf of Creditor CallisonRTKL, Inc. - rrosvall@ccllp.law; kvargas@ccllp.law
- Robert L. Rosvall on behalf of Interested Party Courtesy NEF - rrosvall@ccllp.law; kvargas@ccllp.law
- Jeremy H Rothstein on behalf of Creditor ACCO Engineered Systems, Inc. - jrothstein@gblawllp.com; msingleman@gblawllp.com; mbowes@gblawllp.com
- Jeremy H Rothstein on behalf of Creditor Bapko Metal, Inc. - jrothstein@gblawllp.com; msingleman@gblawllp.com; mbowes@gblawllp.com

4892-8046-6873, v. 1

- Jeremy H Rothstein on behalf of Creditor Martin Bros./Marcowall, Inc. - jrothstein@gblawllp.com; msingleman@gblawllp.com; mbowes@gblawllp.com
- Leonard M. Shulman on behalf of Interested Party Kpc Global Care Inc A Cal Corp - lshulman@shulmanbastian.com; bcabrera@shulmanbastian.com; yrivera@shulmanbastian.com
- Howard Steinberg on behalf of Creditor L.A. Downtown Investment, LP - steinbergh@gtlaw.com; pearsallt@gtlaw.com; NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Sharon Z. Weiss on behalf of Attorney Bryan Cave Leighton Paisner LLP -
- sharon.weiss@bclplaw.com; raul.morales@bclplaw.com; REC_KM_ECF_SMO@bclplaw.com; sharon-weiss-7104@ecf.pacerpro.com
- Sharon Z. Weiss on behalf of Debtor Oceanwide Plaza LLC - sharon.weiss@bclplaw.com; raul.morales@bclplaw.com; REC_KM_ECF_SMO@bclplaw.com; sharon-weiss-7104@ecf.pacerpro.com
- J Scott Williams on behalf of Interested Party Courtesy NEF - jwilliams@williamsbkfirm.com; g24493@notify.cincompass.com
- Donna Wong on behalf of Interested Party City of Los Angeles - donna.wong@lacity.org
- Richard Lee Wynne on behalf of Interested Party City of Los Angeles - richard.wynne@hoganlovells.com; tracy.southwell@hoganlovells.com; cindy.mitchell@hoganlovells.com; rick-wynne-7245@ecf.pacerpro.com
- Chelsea Zwart on behalf of Petitioning Creditor Star Hardware, Inc. - czwart@smsm.com; service@cgdrlaw.com