**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No.: 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Jarret P. Hitchings (*Pro Hac Vice*)
*jarret.hitchings@bclplaw.com*
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:    (704) 749-8999
Facsimile:    (704) 749-8990

*Attorneys for Debtor and Debtor in Possession*

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:24-bk-11057-DS |
| Oceanwide Plaza LLC, | Hon. Deborah J. Saltzman |
| Debtor. | Chapter 11 Case |
| | **DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026) AND PROVIDING OTHER ANCILLARY AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Date:    April 9, 2026<br>Time:    10:00 a.m.<br>Place:    Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

## Table of Contents

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**Page**

I.  INTRODUCTION ................................................................................................... 1

    A.  Background of the Debtor's Chapter 11 Case. .......................................... 1

    B.  The Debtor's Previously Approved Disclosure Statement ....................... 1

    C.  Post-Disclosure Statement Sale Efforts and Selection of Purchaser. ....... 2

    D.  Combined Plan and Disclosure Statement Format .................................... 4

    E.  The Debtor's Proposed Combined Plan and Disclosure Statement. ......... 4

II.  SUMMARY OF REQUESTED RELIEF ............................................................. 6

III.  PRELIMINARY STATEMENT ........................................................................... 7

IV.  BASIS FOR RELIEF ............................................................................................ 7

    A.  The Disclosures In The Combined Plan And Disclosure Statement Provide Adequate Information ................................................................................. 7

    B.  The Court Should Approve the Solicitation Package and Related Procedures. ...... 13

        a.  Submission of Ballots ..................................................... 15

        b.  Tabulation ....................................................................... 16

    C.  The Court Should Set Related Dates and Deadlines for the Confirmation Hearing. ................................................................................................... 17

V.  CONCLUSION ................................................................................................... 20

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Computer Task Grp., Inc. v. Brotby (In re Brotby)*,
   303 B.R. 177 (B.A.P. 9th Cir. 2003) ........................................................................8

*CRE Venture, LLC v. VDG Chicken, LLC (In re VDG Chicken, LLC)*,
   2011 WL 3299089 (B.A.P. 9th Cir. Aug. 1, 2011) ..............................................8, 9

*In re Diversified Investors Fund XVII*,
   91 B.R. 559 (Bankr. C.D. Cal. 1988) .......................................................................9

*In re Metrocraft Publishing Servs., Inc.*,
   39 B.R. 567 (Bankr. N.D. Ga. 1984).........................................................................9

*In re Texas Extrusion Corp.*,
   844 F.2d 1142 (5th Cir. 1988)...................................................................................8

*Official Comm. of Unsecured Creditors v. Michelson*,
   141 B.R. 715 (Bankr. E.D. Cal. 1992) ......................................................................9

**Statutes**

11 U.S.C. § 105 ..............................................................................................................2, 7

11 U.S.C. § 105(a)...............................................................................................................4

11 U.S.C. § 1107(a)..............................................................................................................1

11 U.S.C. § 1108 ..................................................................................................................1

11 U.S.C. § 1122 ..................................................................................................................7

11 U.S.C. § 1123 ..................................................................................................................7

11 U.S.C. § 1124 ..................................................................................................................7

11 U.S.C. § 1125 ...............................................................................................................2, 7

11 U.S.C. § 1125(a)(1) ....................................................................................................8, 11

11 U.S.C. § 1125(b).............................................................................................................8

11 U.S.C. § 1126(c)........................................................................................................16, 17

11 U.S.C. § 1127 ................................................................................................................14

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

11 U.S.C.§ 1128 ........................................................................................................7

11 U.S.C.§ 1129 ........................................................................................................7

11 U.S.C.§ 1146(a) ...........................................................................................6, 10, 11

28 U.S.C. § 157 .........................................................................................................7

28 U.S.C. § 326 .........................................................................................................6

28 U.S.C. § 1334 .......................................................................................................7

28 U.S.C. § 1408 .......................................................................................................7

28 U.S.C. § 1409 .......................................................................................................7

**Rules**

Fed. R. Bankr. P. 2002 ..............................................................................................7

Fed. R. Bankr. P. 3017(d) ........................................................................................13

Fed. R. Bankr. P. 3018(a) .............................................................................17, 19, 20

Fed. R. Bankr. P. 3018(a)(4) ....................................................................................20

Fed. R. Bankr. P. 3019 ..............................................................................................3

Fed. R. Bankr. P. 3003 ..............................................................................................7

Fed. R. Bankr. P. 3016 ..............................................................................................7

Fed. R. Bankr. P. 3017 ..............................................................................................7

Fed. R. Bankr. P. 3018 ..............................................................................................7

Fed. R. Bankr. P. 3019 ..............................................................................................7

Fed. R. Bankr. P. 3020 ..............................................................................................7

Fed. R. Bankr. P. 3021 ..............................................................................................7

Fed. R. Bankr. P. 3017(d) ........................................................................................14

Fed. R. Bankr. P. 3019 ............................................................................................14

Local Bankruptcy Rule 3017-1 .................................................................................7

Local Bankruptcy Rule 3018-1 .................................................................................7

Local Bankruptcy Rule 3020-1 .................................................................................7

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

**TO: THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS, AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that pursuant to the Court's Scheduling Order Following Chapter 11 Status Conference [ECF No. 771], Order Granting Ex Parte Motion to Continue Case Deadlines [ECF No. 779], Order Granting Second Ex Parte Motion to Continue Case Deadlines [ECF No. 817], and Order Granting Third Ex Parte Motion to Continue Case Deadlines [ECF No. 832] (collectively, the "Plan Scheduling Orders"), Debtor hereby moves (this "Motion") for an order substantially in the proposed form attached as **Exhibit 1**:

(1)    conditionally approving its Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) (as it may be amended, modified or supplemented, the "Combined Plan and Disclosure Statement") filed contemporaneously with this Motion;

(2)    establishing procedures for solicitation of the Combined Plan and Disclosure Statement including, but not limited to, (i) approving the form of the materials that Debtor will send to parties-in-interest entitled to vote to accept or reject the Combined Plan and Disclosure Statement ("Solicitation Package"), including the notice of the date set for the hearing on the final approval and confirmation of the Combined Plan and Disclosure Statement (the "Confirmation Hearing Notice") substantially in the form attached hereto as **Exhibit 2**, (ii) approving the procedures for the distribution of the Solicitation Package, and (iii) approving the form and notice of the Court's order (the "Solicitation Order") conditionally approving the disclosure statement portion of the Combined Plan and Disclosure Statement

(3)    approving such other dates and deadlines fixed by the Court in addition to those set in the Plan Scheduling Orders, including the deadline for Debtor to file its brief in support of the final approval and confirmation of the Combined Plan and Disclosure Statement (the "Confirmation Brief");

(4)    approving the proposed form of ballot on the Combined Plan and Disclosure Statement ("Ballot"), substantially in the form attached hereto as **Exhibit 3**; and

1

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

1    (5)    granting other ancillary and related relief.

2    This Motion is made pursuant to Sections 105 and 1125 of Title 11 of the United States

3    Code ("Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")

4    2002, 3017, and 3020 on the grounds that the relief requested is authorized by the applicable

5    provisions of the Bankruptcy Code, the Bankruptcy Rules, the Court's Local Bankruptcy Rules,

6    and the Plan Scheduling Orders and will facilitate and streamline the solicitation and confirmation

7    process, will increase the likelihood that all creditors and interest holders receive appropriate notice

8    of the adequacy of the Combined Plan and Disclosure Statement, the final hearing on the Motion

9    and for confirmation of the Combined Plan and Disclosure Statement, and related procedures, dates,

10    and deadlines, and, in the event that any party objects to confirmation, will focus the issues and

11    conserve the time and resources of the Court. Accordingly, Debtor believes that the requested relief

12    is fair, reasonable, and in the best interests of Debtor's bankruptcy estate (the "Estate") and its

13    creditors.

14    The Motion is based upon these moving papers and exhibits hereto, the accompanying

15    memorandum of points and authorities, the Combined Plan and Disclosure Statement, the record in

16    this case, the arguments and representations of counsel, the Declarations of Bradley D. Sharp and

17    J. Michael Issa filed contemporaneously herewith, and any other evidence or argument that may be

18    presented prior to or at any hearing set by the Court on the Motion.

19    **PLEASE TAKE FURTHER NOTICE** that there is currently no hearing set for this

20    Motion pursuant to the Plan Scheduling Orders. To the extent that the Court determines that a

21    hearing is necessary, Debtor will inform parties-in-interest of any such hearing, and any associated

22    objection deadline, by separate notice.

23    Dated: February 23, 2026          BRYAN CAVE LEIGHTON PAISNER LLP

24

25                                        By: */s/ Sharon Z. Weiss*
                                             Sharon Z. Weiss
26                                        Attorneys for Debtor and Debtor-in-Possession

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

2

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Background of the Debtor's Chapter 11 Case.

On February 13, 2024 (the "<u>Petition Date</u>"), Lendlease (US) Construction Inc., Standard Drywall, Inc., Star Hardware, Inc., Woodbridge Glass Inc., and Mitsubishi Electric US, Inc. (collectively, the "<u>Petitioning Creditors</u>") commenced this case by filing an involuntary petition for relief [ECF No. 1] (the "<u>Involuntary Petition</u>") in the United States Bankruptcy Court for the Central District of California (the "<u>Court</u>") against the Debtor under Chapter 11 of the Bankruptcy Code. On March 8, 2024, Debtor filed its *Answer* [ECF No. 27] to the Involuntary Petition and consented to entry of an order for relief. On March 11, 2024 (the "<u>Relief Date</u>"), the clerk of the Court entered the *Order for Relief* [ECF No. 29] (the "<u>Relief Order</u>"). Further background regarding the Debtor and this case is set forth in Article 2 of the Combined Plan and Disclosure Statement.

The Debtor remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[1] No official committees have been appointed in this case.

### B. The Debtor's Previously Approved Disclosure Statement

On July 10, 2024, and due to its discussions with potential purchasers of the Real Property, Debtor submitted its initial Motion for Order: (1) Approving Disclosure Statement Describing Debtor's Liquidating Plan of Reorganization (Dated July 10, 2024); (2) Establishing Voting, Plan Confirmation, and Other Procedures; (3) Scheduling Plan Confirmation Hearing and Setting Other Related Dates and Deadlines; and (4) Providing Other Ancillary and Related Relief [ECF No. 325] (the "<u>Initial Disclosure Statement Approval Motion</u>"). Through discussions with parties-in-interest, Debtor amended the proposed disclosure statement and liquidating plan provided with the Initial Disclosure Statement Approval Motion, which culminated in the submission of the Debtor's Third Amended Disclosure Statement Describing Debtor's Liquidating Plan of Reorganization (Dated September 5, 2024) [ECF No. 440] (the "<u>Prior Disclosure Statement</u>") and the Debtor's Third

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings set forth in the Combined Plan and Disclosure Statement.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

Amended Liquidating Chapter 11 Plan [ECF No. 439] on September 5, 2024.[2] The Court approved the Prior Disclosure Statement pursuant to its Order Granting Debtor's Motion for Order: (1) Approving Disclosure Statement Describing Debtor's Third Amended Liquidating Plan of Reorganization (Dated September 5, 2024); (2) Establishing Voting, Plan Confirmation and Other Procedures; (3) Scheduling Plan Confirmation Hearing and Setting Other Related Dates and Deadlines; and (4) Providing Other Ancillary and Related Relief [ECF No. 444] (the "Disclosure Statement Order") and Debtor sent solicitation materials on September 13, 2024 [ECF No. 456].

Debtor, after consultation with its professionals, the Consultation Parties[3] and prospective purchasers, subsequently determined that the value of the Estate would be best maximized if it was able to continue its negotiations with prospective purchasers, and that a standstill on the dates and deadlines set forth in the Disclosure Statement Order would best allow Debtor to focus on the sale of the Real Property. Pursuant to this, Debtor and the Consultation Parties entered into a Second Stipulation to (1) Modify Certain Sale Schedule Dates, (2) Continue Hearing on Confirmation of Plan, and (3) Continue Related Dates and Deadlines [ECF No. 480], which was approved on October 1, 2024, pursuant to the Order Approving Second Stipulation to (1) Modify Certain Sale Schedule Dates, (2) Continue Hearing on Confirmation of Plan of Reorganization, and (3) Continue Related Dates and Deadlines [ECF No. 487].

**C.    Post-Disclosure Statement Sale Efforts and Selection of Purchaser.**

After the previous deadlines set forth in the Disclosure Statement Order were vacated, the Debtor and its Professionals continued discussions with approximately five prospective purchasers interested in the Real Property. Following these discussions, Debtor determined that the value of the Estate would be best maximized through a private sale to KPC Square, LLC ("Purchaser"),

---

[2]    For clarity, the Combined Plan and Disclosure Statement replaces the initial Disclosure Statement, Supplemental Disclosure Statement, Second Amended Disclosure Statement, and Third Amended Disclosure Statement, as defined in the Combined Plan and Disclosure Statement.

[3]    The "Consulting Parties" consist of DTLA Lending LLC (the "DIP Lender"), Lendlease (US) Construction Inc. ("Lendlease"), L.A. Downtown Investment, LP ("LADI"), and the City of Los Angeles (the "City"). Chicago Title Insurance Company ("CTIC") was formerly a Consulting Party, however, as a result of the global settlement agreement approved by this Court on February 3, 2026 (ECF 807), CTIC no longer has a claim against the Estate.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1   which ultimately culminated in Debtor and Purchaser entering into the PSA dated as of February

2   16, 2026, which is more fully described in Article 2 and attached as Exhibit 4 of the Combined Plan

3   and Disclosure Statement. Given this agreement, and the previous approval of the Initial Disclosure

4   Statement, Debtor sought to restart its plan process on an expedited basis through the submission

5   of the Combined Plan and Disclosure Statement as set out in the Plan Scheduling Orders.

6           This Disclosure Statement (set forth in the Combined Plan and Disclosure Statement) differs

7   materially from the Prior Disclosure Statement in several respects that necessitate re-solicitation of

8   creditor votes pursuant to Bankruptcy Rule 3019. <u>First</u>, the Prior Disclosure Statement was

9   premised on a plan which provided for the sale of Debtor's Assets through a competitive marketing

10  auction process. This Combined Plan and Disclosure Statement is the byproduct of this process,

11  and the Global Settlement Agreement, which is a settlement with the largest stakeholders in this

12  Chapter 11 Case: that provides for, among other things, a sale to Purchaser pursuant to the PSA.

13  Second, the economic terms have been largely liquidated. The Prior Disclosure Statement

14  contemplated an open process without any certainty of a sale, with an undefined buyer and purchase

15  price, whereas the Combined Plan and Disclosure Statement provides for a fixed purchase price of

16  approximately $470 million consisting of a $400 million credit bid and up to $70 million in cash

17  consideration. This represents a fundamental change to the disclosures the Debtor can give its

18  stakeholders at the solicitation stage. Third, the Combined Plan and Disclosure Statement

19  incorporates the terms of the Global Settlement Agreement approved by the 9019 Order, which

20  resolved substantial disputes regarding the amount and priority of the LADI Secured Claim and LL

21  Secured Claims that were unresolved at the time of the Prior Disclosure Statement. The allowance

22  of these claims pursuant to the 9019 Order crystallizes the distribution waterfall and projected

23  recoveries for all classes of creditors. Fourth, the Combined Plan and Disclosure Statement includes

24  provisions for potential Purchaser Assumption Events whereby Purchaser may elect to assume

25  certain Administrative Claims, Priority Tax Claims, Secured Tax Claims, Other Priority Claims,

26  and GAP Claims, which would reduce the Cash Consideration and alter the sources of payment for

27  various claim classes. These provisions were not contemplated in the Prior Disclosure Statement.

28

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

Given these changes to the transaction structure, economic terms, claim allowances, and distribution mechanics, creditors who voted on the prior plan cannot be deemed to have cast informed votes on the Combined Plan and Disclosure Statement. Accordingly, re-solicitation is necessary to ensure that all creditors entitled to vote have adequate information regarding the materially different terms of the Combined Plan and Disclosure Statement and can make informed decisions regarding acceptance or rejection thereof.

### D.    Combined Plan and Disclosure Statement Format

The Debtor has elected to file a combined plan and disclosure statement pursuant to the Court's inherent authority under Section 105(a) of the Bankruptcy Code and consistent with the practice in this District and the Plan Scheduling Orders. The combined format is appropriate and will benefit creditors and the Estate for several reasons. First, the Combined Plan and Disclosure Statement is a straightforward liquidating plan involving the sale of a single primary asset—the PSA Property—with clearly defined treatment of claims based on a fixed purchase price and established distribution waterfall approved through the 9019 Order. The simplicity of the transaction does not require separate plan and disclosure statement documents. Second, combining the documents reduces duplicative information and eliminates the need for creditors to cross-reference between multiple documents to understand their treatment under the Combined Plan and Disclosure Statement, thereby facilitating informed voting decisions. Third, the combined format reduces costs to the Estate by eliminating duplicative printing, mailing, and professional fees associated with preparing and distributing separate documents, thereby preserving value for distribution to creditors. Fourth, the combined format expedites the confirmation process by consolidating the disclosure and plan confirmation into a single hearing, which is critical given the time-sensitive nature of the PSA and the need to close the Sale expeditiously to preserve value and avoid further deterioration of the Real Property.

### E.    The Debtor's Proposed Combined Plan and Disclosure Statement.

The Combined Plan and Disclosure Statement provides for a liquidating plan of reorganization. The core of the Combined Plan and Disclosure Statement involves selling the Real

4

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

1    Property and other Assets to KPC Square, LLC for approximately $470 million, consisting of a

2    $400 million credit bid of secured claims and up to $70 million in cash. The proceeds will be used

3    to pay creditors according to a specified waterfall distribution. The Combined Plan and Disclosure

4    Statement provides for eight (8) Classes of Claims and Equity Interests, with secured real estate tax

5    claims having highest priority (Class 1), followed by LADI Secured Claim (Class 2), and LL

6    Secured Claims (Class 3), Junior Secured Claims (Class 4), Other Priority Claims (Class 5), General

7    Unsecured Claims (Class 6), Intercompany Loan Claims (Class 7), and Equity Interests (Class 8).[4]

8    At this point, Holders of General Unsecured Claims are not projected to receive a monetary

9    distribution on account of the allowed amount of such Claims under the Plan. However, the Plan

10   provides substantial non-monetary benefits to such Holders that are not available in a Chapter 7

11   liquidation. Specifically, Confirmation of the Plan will ensure that construction and development

12   of the Real Property proceeds expeditiously with a vetted Purchaser with sufficient capital and

13   coordination with the City of Los Angeles, thereby providing potential future employment and

14   revenue opportunities for contractors and vendors in the construction industry who comprise a

15   substantial portion of the general unsecured creditor pool. Moreover, the Plan avoids the substantial

16   delays, additional administrative costs, and value degradation that would occur in a Chapter 7

17   liquidation, where the Real Property would likely deteriorate further and no buyer would be

18   identified, resulting in zero recovery for general unsecured creditors. The expeditious sale under

19   the Plan preserves the viability of the Project and creates opportunities for subcontractors and other

20   trade creditors to participate in the completion of the Project under new ownership, which

21   opportunities would be entirely lost in a protracted Chapter 7 liquidation.

22   The Combined Plan and Disclosure Statement will be funded through proceeds of the sale

23   of the Debtor's Assets, cash on hand and any causes of action. Debtor intends to accomplish the

24   sale of the PSA Property under the terms of the Combined Plan and Disclosure Statement.

25   As set forth in detail in the Combined Plan and Disclosure Statement and the Liquidation

26   Analysis attached thereto as Exhibit 3, the Debtor believes that the alternative to confirmation of

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

---

27

28   [4]    For clarity, the waterfall as it applies to Secured Claims is out of any shared collateral between and among the Classes of Secured Claims.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

the Plan is conversion of the Debtor's case to Chapter 7 and liquidation of the Debtor's assets by a chapter 7 trustee. The Debtor estimates that, if its case is converted to Chapter 7, General Unsecured Claims will receive no distribution on account of their claims due to the substantial diminution in sale proceeds that would result from a Chapter 7 liquidation, as well as additional costs and delays associated with such liquidation, including Chapter 7 trustee fees of approximately 3% of all distributions pursuant to 28 U.S.C. § 326, additional professional fees for newly-retained professionals unfamiliar with the case estimated at $1,000,000 to $3,000,000, and Stamp or Similar Taxes that would not be exempt under Section 1146(a) of the Bankruptcy Code estimated at approximately $7,600,000 to $17,000,000. After payment of Secured Tax Claims and DIP Facility Claims, insufficient funds would remain to pay in full the LADI Secured Claim, let alone any of the LL Secured Claims and all Junior Secured Claims, and no funds would remain for distribution to Holders of Administrative Claims, Priority Tax Claims, Other Priority Claims, General Unsecured Claims, or Intercompany Loan Claims. In contrast, under the Combined Plan and Disclosure Statement, the Cash Consideration of up to $70 million will be applied to satisfy Secured Tax Claims, DIP Facility Claims, Administrative Claims, Professional Fee Claims, Priority Tax Claims, Other Priority Claims, and GAP Claims. Additionally, the expeditious sale to Purchaser will ensure that construction and development of the Real Property proceeds, thereby providing potential future employment and revenue opportunities for contractors and vendors in the construction industry who comprise a substantial portion of the general unsecured creditor pool, as discussed in detail in Section IV. B below.

## II.    SUMMARY OF REQUESTED RELIEF

By this Motion, the Debtor seeks entry of an order in the form attached hereto as **Exhibit 1**:

(1)    conditionally approving its Combined Plan and Disclosure Statement filed contemporaneously with this Motion;

(2)    establishing procedures for solicitation of the Combined Plan and Disclosure Statement including, but not limited to, (i) approving the Solicitation Package, including the notice of the date set for the hearing on the final approval and confirmation of the Combined Plan and

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

Disclosure Statement (the "<u>Confirmation Hearing Notice</u>") substantially in the form attached hereto as **Exhibit 2**, (ii) approving the procedures for the distribution of the Solicitation Package, and (iii) approving the form and notice of the Court's Solicitation Order;

(3)    Approving such other dates and deadlines fixed by the Court in addition to those set in the Plan Scheduling Orders, including the deadline for Debtor to file its Confirmation Brief;

(4)    approving the proposed form of Ballot substantially in the form attached hereto as **Exhibit 3**;

(5)    authorizing the Debtor to submit the Solicitation Package to all creditors and parties-in-interest, which shall include the Combined Plan and Disclosure Statement, Confirmation Hearing Notice, Ballot (if the receiving party is entitled to vote), the Solicitation Order, and any other related materials as the Court may direct or authorize;

## III.    PRELIMINARY STATEMENT

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Reference of Cases and Proceedings to the Bankruptcy Judges of the Central District of California, and Reference of Appeals to the Bankruptcy Appellate Panel* from the United States District Court for the Central District of California, dated June 26, 2013. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested in this Motion are Sections 105, 1122-1125, 1128 and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3019, 3020, 3021, and Local Bankruptcy Rules 3017-1, 3018-1, and 3020-1.

## IV.    BASIS FOR RELIEF

### A.    The Disclosures In The Combined Plan And Disclosure Statement Provide Adequate Information.

Section 1125(b) of the Bankruptcy Code provides that:

> [a]n acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

1

> approved, after notice and a hearing, by the court as containing
> adequate information.

2

3    11 U.S.C. § 1125(b). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information,"

4    in relevant part, as follows:

5    > information of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the
6    > condition of the debtor's books and records, including a discussion of
> the potential material Federal tax consequences of the plan to the
7    > debtor, any successor to the debtor, and a hypothetical investor
> typical of the holders of claims or interests in the case, that would
8    > enable such a hypothetical investor of the relevant class to make an
> informed judgment about the plan[.]

9    *Id.* § 1125(a)(1).

10

11          Determining whether a particular disclosure statement provides "adequate information" is

12    "subjective and made on a case by case basis . . . [and] . . . is largely within the discretion of the

13    bankruptcy court." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also*

14    *Computer Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177 (B.A.P. 9th Cir. 2003) (quoting

15    same). Although several courts provide detailed lists of the types of information that should be

16    included in a disclosure statement, such lists are intended only to provide general guidance for

17    evaluating the adequacy of the information contained in a particular disclosure statement. *See, e.g.,*

18    *2010-1 CRE Venture, LLC v. VDG Chicken, LLC (In re VDG Chicken, LLC)*, 2011 WL 3299089,

19    at *4 (B.A.P. 9th Cir. Aug. 1, 2011) (holding that "[a]dequate information is a flexible concept that

20    permits the degree of disclosure to be tailored to the particular situation") (internal quotation

21    omitted).

22          Courts frequently investigate whether the disclosure statement provides descriptions of the

23    following information: (1) the events which led to the filing of a bankruptcy petition; (2) a

24    description of the available assets and their value; (3) the anticipated future of the company; (4) the

25    source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition

26    of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors

27    under a Chapter 7 liquidation; (9) the accounting method used to produce financial information and

28    an identification of the party responsible for such information; (10) the future management of the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

8

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations, or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from any potential litigation; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates. *See, e.g., In re Metrocraft Publishing Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); *In re Diversified Investors Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988). Generally, a disclosure statement should contain pertinent information bearing on the success or failure of the proposed plan, and "at an irreducible minimum . . . provide information about the plan and how its provisions will be effected. *VDG Chicken,* at \*4, *see also Official Comm. of Unsecured Creditors v. Michelson,* 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992) (holding that "'adequate information' . . . is a flexible concept that permits the degree of disclosure to be tailored to the particular situation" but requires "information about the plan and about how the provisions of the plan will be put into effect.").

Using these cases as a guide, the Debtor submits that the Combined Plan and Disclosure Statement satisfies these criteria. It describes in detail, among other things: (i) the events which led to the filing of the bankruptcy petition; (ii) a description of the available principal asset of the Estate and its estimated value; (iii) the anticipated future of the Debtor and its business operations; (iv) the source of information used to prepare the Disclosure Statement; (v) appropriate disclaimers; (vi) the present condition of the Debtor while in the Chapter 11 case; (vii) information relating to claims against the Estate; (viii) the anticipated recovery by creditors under the Combined Plan and Disclosure Statement in contrast to recoveries (or non-recoveries) under a hypothetical Chapter 7 liquidation; (ix) the summary of the Combined Plan and Disclosure Statement; and (x) other information generally included in disclosure statements.

Specifically, the Combined Plan and Disclosure Statement provides adequate information as follows: Article 1 sets forth defined terms, rules of interpretation, computation of time, and

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

governing law; <u>Article 2</u> provides background and disclosures regarding the Debtor's history, business operations, liquidity struggles, the State Court Action, cooperation with LA City regarding security issues, pre-petition financing arrangements, and events during the Chapter 11 Case, including employment of professionals, claims bar dates, summary of scheduled and filed claims, DIP Financing, limited relief from stay, settlement efforts and mediation with Consultation Parties, and the sale and marketing process for the Real Property; <u>Article 3</u> addresses unclassified Administrative and Priority Claims including DIP Facility Claims, Junior DIP Facility Claims (if any), Administrative Claims, Priority Tax Claims, GAP Claims, Professional Fee Claims, and Statutory Fees; <u>Article 4</u> classifies Claims and Equity Interests into eight (8) classes and describes the treatment of each class with specificity, including the anticipated claim amounts, the treatment each class will receive, and whether each class is impaired and entitled to vote; <u>Article 5</u> sets forth confirmation requirements and procedures, including voting procedures, confirmation requirements under Section 1129, voting requirements, treatment of non-accepting classes, and the liquidation analysis demonstrating that the Combined Plan and Disclosure Statement satisfies the best interest of creditors test under Section 1129(a)(7); <u>Article 6</u> explains the means for implementation of the Combined Plan and Disclosure Statement, including sources of consideration for Combined Plan and Disclosure Statement distributions, the sale of the PSA Property to Purchaser, liquidation of Plan Administration Assets, transfer to the Liquidating Trust, powers of the Liquidating Trustee, treatment of Causes of Action, wind down procedures, and exemption from Stamp or Similar Taxes pursuant to Section 1146(a); <u>Article 7</u> addresses the treatment of Executory Contracts and Unexpired Leases, including general assumption and rejection provisions, special provisions governing the Architect Agreement and the license to use the Architect's Instruments of Service upon payment of the Architect Claim Amount, and provisions regarding Cure Costs for assumed contracts; <u>Article 8</u> discusses certain risk factors to be considered prior to voting, including risks that the Combined Plan and Disclosure Statement may not be accepted or confirmed, risks related to failure to consummate the Combined Plan and Disclosure Statement, and certain tax considerations; and <u>Articles 9</u> through <u>14</u> address procedures for resolving disputed claims,

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

provisions governing distributions, substantial consummation of the Combined Plan and Disclosure Statement, effect of confirmation, retention of jurisdiction, and miscellaneous provisions.

As required by section 1125(a)(1) of the Bankruptcy Code, the Combined Plan and Disclosure Statement include a discussion of the potential material federal tax consequences of the Combined Plan and Disclosure Statement to the Debtor, any successor to the Debtor, and a hypothetical investor typical of holders of claims. This discussion is set forth in Article 8 of the Combined Plan and Disclosure Statement and addresses certain tax considerations, including the exemption from Stamp or Similar Taxes pursuant to Section 1146(a) of the Bankruptcy Code.

The Combined Plan and Disclosure Statement is clear in the manner in which claims are classified and how creditors are treated under its terms. It provides comprehensive disclosure of risks associated with the Combined Plan and Disclosure Statement, including risks related to: (i) the possibility that the Combined Plan and Disclosure Statement may not be accepted by the requisite classes of creditors entitled to vote, as discussed in Article 8.1 of the Combined Plan and Disclosure Statement; (ii) the possibility that the Combined Plan and Disclosure Statement may not be confirmed by the Bankruptcy Court even if accepted by creditors, as discussed in Article 8.2 of the Combined Plan and Disclosure Statement; (iii) the possibility that the Sale to Purchaser pursuant to the PSA may not close, or that Debtor may exercise its fiduciary out rights to pursue an Alternative Transaction, or that no Alternative Transaction may be consummated, any of which could prevent the Effective Date from occurring, as discussed in Article 8.3 of the Combined Plan and Disclosure Statement; (iv) potential delays in distributions to creditors holding Disputed Claims subject to the Disputed Creditor Reserve Treatment; (v) the impact of disputed claims on distribution percentages and the possibility that allowed claims may be higher or lower than currently estimated; (vi) potential tax liabilities that may arise in connection with Confirmation of the Combined Plan and Disclosure Statement or distributions to creditors, as discussed in Article 8.4 of the Combined Plan and Disclosure Statement; and (vii) other material risks that could affect creditor recoveries, the feasibility of the Combined Plan and Disclosure Statement, or the occurrence of the Effective Date.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

**DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN**

The Combined Plan and Disclosure Statement informs each creditor and interest holder of the payment or distribution expected on allowed claims and when holders of such claims can expect to receive such distributions, with specific details provided in Articles 3 and 4 regarding the treatment of each class of claims and the timing of distributions on the Initial Distribution Date or Subsequent Distribution Dates. It communicates both how the Debtor fell into financial difficulties beginning in November 2018 due to difficulty obtaining additional capital transfers from its affiliates in China and how the Debtor expects to pay allowed claims through the Combined Plan and Disclosure Statement using Sale Proceeds from the sale of the PSA Property to Purchaser for approximately $470 million. It explains why the Combined Plan and Disclosure Statement is superior to other alternatives, including Chapter 7 liquidation, through a detailed liquidation analysis demonstrating that creditors will receive at least as much under the Combined Plan and Disclosure Statement as they would receive in a Chapter 7 liquidation, and that General Unsecured Claims will benefit from non-monetary advantages including future work opportunities on the Project that would be entirely lost in a Chapter 7 liquidation.

In short, the Combined Plan and Disclosure Statement provides precisely the information that a "hypothetical reasonable investor" would want and need to know before voting, including information regarding the Debtor's history and business operations, the circumstances leading to the Chapter 11 Case, the proposed transaction with Purchaser, the treatment of claims, the distribution waterfall, the risks associated with the Combined Plan and Disclosure Statement, the liquidation analysis, the feasibility of the Combined Plan and Disclosure Statement, and the tax consequences of the Combined Plan and Disclosure Statement. In addition, Debtor solicited and received input from the Consultation Parties prior to filing the Combined Plan and Disclosure Statement and is prepared to consider further comments from other creditors regarding the Combined Plan and Disclosure Statement in advance of the Confirmation Hearing.

The Debtor crafted the Combined Plan and Disclosure Statement with the intent to communicate and describe the treatment of creditor claims and shareholder interests to all creditors, equity holders, and parties-in-interest. Debtor believes that the level of detail and information in the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Combined Plan and Disclosure Statement, as currently drafted, is sufficient to meet the requirements for "adequate information" under section 1125. Based on the foregoing, the Court should find that the Combined Plan and Disclosure Statement contain "adequate information" and approve the Combined Plan and Disclosure Statement.[5]

**B.    The Court Should Approve the Solicitation Package and Related Procedures.**

1.    **The Proposed Distribution of the Solicitation Package is Appropriate**

Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement:

> Upon approval of a disclosure statement, - except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders - the debtor in possession . . . shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

> (1)    the plan or a court-approved summary of the plan;

> (2)    the disclosure statement approved by the court;

> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and

> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed on all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan[.]

Fed. R. Bankr. P. 3017(d).

Following any conditional approval of the Combined Plan and Disclosure Statement, and in accordance with the Plan Scheduling Orders, Debtor will serve the Solicitation Package, by regular mail or e-mail, on or before February 27, 2026 (the "Solicitation Date") to all creditors,

---

[5] The Debtor reserves the right to file an amended Combined Plan and Disclosure Statement prior to the Confirmation Hearing, pursuant to any deadline set by the Court.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

interest holders, the United States Trustee, and other parties-in-interest. With respect to any creditor or interest holder that has timely filed multiple proofs of claim on account of a single claim, the Debtor will provide such party with only one copy of the Solicitation Package.

The Solicitation Package will contain a copy of: (i) the Confirmation Hearing Notice (Exhibit 2); (ii) Ballot (Exhibit 3) (if the receiving party is entitled to vote);[6] (iii) the Combined Plan and Disclosure Statement; and (iv) any other related materials as the Court may direct or authorize.

Further, and although Debtor has made and will make every effort to ensure that the Solicitation Package is in final form, the Debtor nonetheless reserves the right to supplement or amend the Combined Plan and Disclosure Statement, if necessary, pursuant to 11 U.S.C. § 1127 and Fed. R. Bankr. P. 3019, and to additionally make any non-substantive or non-material changes to the Combined Plan and Disclosure Statement, and related documents and exhibits, without further order of the Court prior to the Plan Objection Deadline. Any changes made without further order of the Court, if any, will be limited to the following types of changes: (i) ministerial changes to correct typographical and grammatical errors; (ii) making conforming changes among the Combined Plan and Disclosure Statement and any other materials in the Solicitation Package prior to mailing; and (iii) updates to reflect information that becomes available after filing but does not materially alter the Combined Plan and Disclosure Statement's treatment of any class or the economic substance of the Combined Plan and Disclosure Statement. Any changes that could materially affect creditor voting decisions or Combined Plan and Disclosure Statement feasibility will require further Court approval. Debtor submits that the proposed notice and service procedures set forth herein satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules

2.     **Approval of Form of Ballot**

Debtor's proposed form of Ballot, which the Debtor proposes to use and distribute to voting parties as part of the Solicitation Package, is attached as Exhibit 3. Apart from revisions to conform

---

[6] The Debtor's inclusion of a Ballot in a Solicitation Package shall not be construed as an admission by the Debtor that the party receiving such Solicitation Package is entitled to vote on the Combined Plan and Disclosure Statement or the allowance of the party's claim.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

with the Combined Plan and Disclosure Statement and the updated related deadlines, the Ballot is substantially in the form previously submitted in connection with Debtor's previous disclosure statement and plan and approved by the Court pursuant to its previous Disclosure Statement Order. Thus, Debtor submits that approval of the Ballot is proper.

3.    **Approval of Voting and Tabulation Procedures**

The Debtor proposes the following procedures for voting and tabulation of Ballots (which procedures will be included with the Confirmation Hearing Notice) (the "Voting and Tabulation Procedures"), which are also substantially in the form previously approved in the Disclosure Statement Order:

a.    **Submission of Ballots**

1.    Parties entitled to vote on the Combined Plan and Disclosure Statement must submit Ballots by the Voting Deadline, by submitting the Ballot to Stretto, Inc. (the "Solicitation Agent") by mail at:

Oceanwide Plaza LLC Ballot Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

or electronically under the "File a Ballot" tab at

https://cases.stretto.com/OceanwidePlaza/

2.    The fact that any party may receive a Ballot with the Solicitation Package does not mean the Debtor believes such party is entitled to vote on the Combined Plan and Disclosure Statement, and no party should construe its receipt of a Ballot in that manner.

3.    Ballots must be delivered in one of the following manners so that the Ballot is received by the Solicitation Agent by the Voting Deadline: (i) mail; (ii) overnight courier; or (iii) via Solicitation Agent's website maintained for this case. Any Ballot not timely received by the Solicitation Agent by the Voting Deadline shall not be counted for purposes of determining acceptance or rejection of the Combined Plan and Disclosure Statement. A claimant in an impaired

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

class who fails to timely submit a Ballot shall not be counted as either accepting or rejecting the Combined Plan and Disclosure Statement for purposes of determining whether the requisite acceptances under Section 1126(c) have been obtained.

### b. Tabulation

4. Solely for the purposes of voting on the Combined Plan and Disclosure Statement and tabulating acceptance or rejection of the Combined Plan and Disclosure Statement, the amount of claim for each voting party will be treated as allowed in an amount equal to the greater of: (i) the amount of such claim as set forth in the Debtor's schedules, (ii) the amount of such claim as set forth in a timely filed proof of claim to which no objection has been filed as of the Solicitation Date; or (iii) as ordered or approved by the Court, except that each holder of a claim shall be entitled to vote all of the non-duplicative claims it holds, but may only vote a single ballot as to all claims within a particular class.

5. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the claim voted shall not be counted.

6. Any Ballot cast by a person or entity that does not hold an Allowed (as defined in the Combined Plan and Disclosure Statement) Claim as of the Voting Record Date, as defined below, shall not be counted, unless otherwise such claim is provisionally allowed by the Court.

7. Any Ballot that is properly completed, executed, and timely returned to the Solicitation Agent that does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement shall be counted as an acceptance of the Combined Plan and Disclosure Statement.

8. Any Ballot that is properly completed, executed, and timely returned to the Solicitation Agent that indicates both acceptance and rejection of the Combined Plan and Disclosure Statement shall be counted as an acceptance of the Combined Plan and Disclosure Statement.

9. Whenever a holder in a voting class returns more than one Ballot voting the same claim that is otherwise in compliance with the Voting and Tabulation Procedures, only the last Ballot timely returned to the Solicitation Agent shall be counted.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

10.     Each holder of a claim in a voting class shall be deemed to have voted the full amount of its allowed claim or, in the case of a claim that is temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), the amount so allowed.

11.     Holders of claims in a voting class shall not split their vote, but shall vote their entire claim within a particular class either to accept or reject the Combined Plan and Disclosure Statement. Any Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Combined Plan and Disclosure Statement shall not be counted as either an acceptance or rejection, and the Solicitation Agent shall contact the holder to request clarification of such holder's vote. If no clarification is received by the Voting Deadline, such Ballot shall be counted as an acceptance of the Combined Plan and Disclosure Statement.

12.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Combined Plan and Disclosure Statement.

13.     Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

Debtor submits that establishing these Voting and Tabulation Procedures are necessary to avoid confusion resulting from incomplete, untimely, or other irregularities regarding Ballots, will simplify the voting and tabulation process, and is in the best interests of the Debtor and its Estate, creditors, and other parties in interest. The Debtor requests that the Court permit the Debtor to include the Voting and Tabulation Procedures as part of the Confirmation Hearing Notice.

**C. The Court Should Set Related Dates and Deadlines for the Confirmation Hearing.**

Pursuant to the terms of the Plan Scheduling Orders, including the Order Granting Second Ex Parte Motion to Continue Case Deadlines [ECF No. 817], and Order Granting Third Ex Parte Motion to Continue Case Deadlines [ECF No. 832], the Court previously set the following dates

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

and deadlines relating to the consideration and approval of the Combined Plan and Disclosure Statement

| PLAN SCHEDULING ORDER DATES | |
|---|---|
| **Combined Plan and Disclosure Statement Filing Deadline** | **February 23, 2026** |
| **Solicitation Order Date[7]** | **February 25, 2026** |
| **Deadline for Mailing Solicitation Materials** | **February 27, 2026** |
| **Voting Deadline** | **March 20, 2026** |
| **Objection Deadline for Final Approval and Confirmation** | **March 20, 2026** |
| **Debtor's Reply Deadline** | **March 26, 2026** |
| **Confirmation Hearing** | **April 9, 2026, at 10:00 a.m. PT** |

In addition to the dates and deadlines previously set by the Plan Scheduling Orders, Debtor additionally requests that the Court set the following dates and deadlines relating to: (i) the determination of the holders of claims and interests who will receive Solicitation Packages (the "Voting Record Date"); (ii) the date by which the holder of a disputed claim or interest must request temporary allowance of such claim for voting purposes pursuant to Bankruptcy Rule 3018(a); (iii) the date by which Debtor will submit any supplemental information or materials relating to the Combined Plan and Disclosure Statement (as further defined in the Plan, the "Plan Supplement"); (iv) the date by which Debtor must submit its Confirmation Brief; and (v) the date by which Debtor must submit its summary of the votes received for or against confirmation of the Combined Plan and Disclosure Statement (the "Ballot Summary"), as set forth in the table below. For ease of reference, Debtor has attached as Exhibit 4 a master chart consolidating all dates and deadlines applicable to the confirmation process, including both the dates previously set by the Plan

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

---

[7]    Subject to the Court's satisfaction that conditional approval of the Combined Plan and Disclosure Statement is warranted and appropriate.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN

Scheduling Orders and the additional dates requested herein (collectively, the "Proposed Schedule"):

| PROPOSED SCHEDULE | |
|---|---|
| **Combined Plan and Disclosure Statement Filing Deadline** | **February 23, 2026** |
| **Solicitation Order Date[8]** | **February 25, 2026** |
| **Voting Record Date** | **February 25, 2026 (or the Solicitation Order Date)** |
| **Deadline for Mailing Solicitation Materials** | **February 27, 2026** |
| **Bankruptcy Rule 3018(a)(4) Motion Deadline** | **March 3, 2026** |
| **Confirmation Brief Deadline** | **March 10, 2026** |
| **Plan Supplement Filing Date** | **March 10, 2026** |
| **Voting Deadline** | **March 20, 2026** |
| **Objection Deadline for Final Approval and Confirmation** | **March 20, 2026** |
| **Debtor's Reply Deadline** | **March 26, 2026** |
| **Ballot Summary Deadline** | **March 26, 2026** |
| **Confirmation Hearing** | **April 9, 2026, at 10:00 a.m. PT** |

Debtor further requests that the Court order that, in the event of a contested Combined Plan and Disclosure Statement Confirmation Hearing: (a) all declarants must appear, without need for subpoena, at the Confirmation Hearing to be available for cross-examination; and (b) the testimony of any declarant who is not present for cross-examination at the Confirmation Hearing will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing.

---

[8] Subject to the Court's satisfaction that conditional approval of the Combined Plan and Disclosure Statement is warranted and appropriate.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1    Debtor submits that these dates and deadlines, in addition to the dates previously set by the

2   Plan Scheduling Orders, will assist in the orderly solicitation of votes on the Combined Plan and

3   Disclosure Statement and will provide parties-in-interest with notice of when voting eligibility will

4   be determined based on the Voting Record Date, when holders of disputed claims must seek to have

5   their claims temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a), when

6   Debtor will file its Confirmation Brief setting forth the legal and factual grounds for seeking final

7   approval and confirmation of the Combined Plan and Disclosure Statement, and when objections

8   to final approval and confirmation must be filed. These dates and deadlines are designed to provide

9   all parties-in-interest with adequate time to review the Combined Plan and Disclosure Statement,

10   submit votes or objections, and prepare for the Confirmation Hearing, while also ensuring that the

11   confirmation process proceeds expeditiously to facilitate the closing of the Sale and the occurrence

12   of the Effective Date.

13   **V.    CONCLUSION**

14    Based on the foregoing, the Debtor respectfully requests that the Court grant the Motion,

15   conditionally approve the Combined Plan and Disclosure Statement, approve the Solicitation

16   Package and related procedures, establish the dates and deadlines set forth in the Proposed Schedule,

17   and grant such other and further relief as the Court deems just and proper.

18   Dated: February 23, 2026          BRYAN CAVE LEIGHTON PAISNER LLP

19

20                      By: */s/Sharon Z. Weiss*
                        Sharon Z. Weiss
21                      Attorneys for Debtor and Debtor in Possession

22

23

24

25

26

27

28

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

### DECLARATION OF BRADLEY D. SHARP

I, Bradley D. Sharp, declare:

1.      I am the Chief Restructuring Officer ("CRO") of Oceanwide Plaza LLC (the "Debtor"), having been appointed to that position effective as of February 13, 2024 [ECF No. 306]. I am also the President and Chief Executive Officer of Development Specialists, Inc. ("DSI"), a nationally recognized turnaround and restructuring firm. I have over 30 years of experience in corporate restructuring, turnaround management, and fiduciary services. I submit this declaration in support of the *Debtor's Motion for Order Conditionally Approving the Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) and Providing Other Ancillary and Related Relief* (the "Motion"). I have personal knowledge of the facts set forth herein, except as to those matters stated on information and belief, and if called as a witness, I could and would testify competently thereto.

2.      In my capacity as CRO, I am responsible for overseeing the Debtor's day-to-day operations, managing the Debtor's restructuring efforts, and coordinating with the Debtor's professionals in connection with this Chapter 11 Case. I am familiar with the Debtor's business operations, financial condition, assets, liabilities, and the circumstances that led to the commencement of this Chapter 11 Case.

3.      I have reviewed the Combined Plan and Disclosure Statement filed contemporaneously with the Motion. Based on my review and my knowledge of the Debtor's business and financial affairs, I believe that the Combined Plan and Disclosure Statement contain adequate information within the meaning of Section 1125 of the Bankruptcy Code to enable holders of claims and interests to make an informed judgment about whether to accept or reject the Combined Plan and Disclosure Statement. The Combined Plan and Disclosure Statement incorporates and is premised upon the Global Settlement Agreement approved by the Court pursuant to the Order Granting Motion for Approval of Settlement Agreement and Related Relief Pursuant to Federal Rule of Bankruptcy Procedure 9019 et al. entered on February 3, 2026 [ECF No. 807] (the "9019 Order"). The Global Settlement Agreement resolved substantial disputes

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

among the Debtor, LADI, Lendlease, CTIC, and other parties regarding the amount and priority of major secured claims that had been the subject of years of contentious litigation in the State Court Action. Specifically, the 9019 Order allowed the LADI Secured Claim in the amount of $230,000,000 as of October 31, 2025, plus interest at the rate of $60,000 per diem from and after November 1, 2025 (or $40,000 per diem in the event of an Alternative Transaction), together with reasonable attorneys' fees, costs, expenses, and other Reimbursable Costs. The 9019 Order also allowed the LL Secured Claims in the total amount of $168,950,128.56, comprised of Secured Claims held by Lendlease in the amount of $71,349,256 (subject to adjustment upward by $20,000,000 in the event of an Alternative Transaction) and Secured Claims held by DTLA Funding in the amount of $97,600,872.56. The resolution of these disputes through the Global Settlement Agreement was essential to enabling the Debtor to move forward with the sale process and the Combined Plan and Disclosure Statement, as the uncertainty regarding claim amounts and priorities had been a significant impediment to marketing and selling the Real Property. Additionally, the Court approved the Fourth Stipulation Authorizing Debtor to Increase Post-Petition Financing for Critical Expenses and Extend Maturity Date [ECF Nos. 825, 833], which increased the maximum principal balance of the DIP Facility to $19,250,326 and extended the maturity date through March 31, 2026, ensuring the Debtor had sufficient funding to operate through Confirmation.

4.      The Combined Plan and Disclosure Statement accurately describes the Debtor's history, business operations, the events leading to the filing of this Chapter 11 Case, the Debtor's assets and liabilities, the proposed sale of the PSA Property to Purchaser pursuant to the PSA, the treatment of claims and interests under the Combined Plan and Disclosure Statement, and the risks associated with the Combined Plan and Disclosure Statement.

5.      The Debtor consulted with the Consultation Parties throughout the negotiation of the PSA and the preparation of the Combined Plan and Disclosure Statement. The Combined Plan and Disclosure Statement reflect the input received from the Consultation Parties and represents the Debtor's good faith effort to propose a plan that maximizes value for all stakeholders.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

6.      I believe that the solicitation procedures proposed in the Motion, including the form of Ballot, the Confirmation Hearing Notice, and the Voting and Tabulation Procedures, are appropriate and will provide all parties entitled to vote with adequate notice and opportunity to cast informed votes on the Combined Plan and Disclosure Statement.

7.      I believe that the dates and deadlines set forth in the Proposed Schedule attached to the Motion as Exhibit 4 are reasonable and will provide parties-in-interest with sufficient time to review the Combined Plan and Disclosure Statement, submit votes or objections, and prepare for the Confirmation Hearing, while also ensuring that the confirmation process proceeds expeditiously to facilitate the closing of the Sale.

8.      Based on the foregoing, I respectfully request that the Court grant the Motion, conditionally approve the Combined Plan and Disclosure Statement, approve the solicitation procedures and related materials, and establish the dates and deadlines set forth in the Proposed Schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2026

_____
Bradley D. Sharp

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

### DECLARATION OF J. MICHAEL ISSA

I, J. Michael Issa, declare under penalty of perjury:

1.      I am a Senior Managing Director with GlassRatner Advisory and Capital Group LLC dba B. Riley Advisory Services ("GlassRatner"), the Financial Advisor for Debtor and Debtor-in-Possession Oceanwide Plaza LLC (the "Debtor"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify to the facts set forth herein.

2.      I submit this declaration in support of the Debtor's Motion for Order Conditionally Approving the Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) (the "Conditional Approval Motion"). Since my appointment, I have become thoroughly familiar with the Debtor's business, its assets including the real property bounded by Figueroa, Flower, 11th and 12th Streets (the "Property"), and Debtor's sale process for the Property and its other assets.

### Liquidation Analysis

3.      As set forth in the Liquidation Analysis included in Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) (the "Combined Plan and Disclosure Statement") at Exhibit 3, Debtor and I have concluded that the proposal set forth in the Combined Plan provides creditors at least as much as a hypothetical Chapter 7 liquidation, and provides the opportunity for a higher recovery than Debtor's Assets[1] would otherwise realize in a Chapter 7 liquidation.

4.      The Liquidation Analysis was prepared by GlassRatner at my direction and is based on my review of Debtor's Assets, my involvement in this case, and in my experience as more fully set out in the Declaration of J. Michael Issa Proposed Financial Advisor of Debtor Oceanwide Plaza LLC and Greg Eidson in Support of Chapter 11 Petition and Debtor in Possession Financing [ECF No. 40-2].

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings set forth in the Combined Plan and Disclosure Statement.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN

5.      In summary, Debtor and I determined that the estimated recovery under the Combined Plan and Disclosure Statement will likely lead to Holders of Secured Tax Claims, DIP Facility Claims, and Administrative Claims, GAP Claims, Priority Tax Claims and Other Priority Claims being paid in full from the Cash Consideration, and the LADI Secured Claims and LL Secured Claims being satisfied in full through the Credit Bid Consideration, with the possibility of some recovery for Holders of Junior Secured Claims and General Unsecured Creditors in the event of an Alternative Transaction.

6.      On the other hand, a hypothetical Chapter 7 Liquidation would likely lead to a substantially lower sale price, or abandonment of the Property to secured creditors, and would likely lead to a substantially lower recovery, as set forth more fully below.

**I.      Estimated Recovery in a Chapter 7 Liquidation.**

7.      As set forth in the Liquidation Analysis, Debtor and I project that it would recover between $133,312,934 to $318,460,796 from the sale of its Assets in a Chapter 7 liquidation, subtracting the cost of sales associated with CH 7 liquidation, it would leave net proceeds of $122,126,352 to $296,338,614 available for distribution.

A.      *The Estimated Liquidation Value of Debtor's Assets.*

8.      The largest component of this recovery would be contingent on the sale of the Real Property, which constitutes Debtor's principal asset.

9.      In the context of a Chapter 7 liquidation, and assuming the Chapter 7 Trustee accomplished a sale rather than abandoning the Real Property to secured creditors, Debtor estimates that the sale price for the Real Property would range from $119,000,000.00 to $304,147,862.

10.      Debtor estimated the low end of this potential sale price based on the value of the land alone, without assigning any value to the improvements or the Project, as set forth in the appraisal of the Real Property dated April 8, 2024, from Colliers International ("Colliers Appraisal"). The Colliers Appraisal is attached as Exhibit 4 and was attached as Exhibit 7 to the Fourth Supplemental Declaration of Bradley D. Sharp, Chief Restructuring Officer of Debtor Oceanwide Plaza LLC, in Support of Debtor in Possession Financing [ECF No. 125].

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE
STATEMENT AND LIQUIDATING PLAN

11.     The sale price realized for the Real Property in a Chapter 7 liquidation could be as low as the value of the underlying land alone because a subsequent owner may be unwilling or unable to complete the Project and may be required to demolish the existing structures in order to realize the Real Property's value and income producing potential.

12.     Indeed, any sale price realized for the Real Property may be lower than the value of the underlying land because a prospective purchaser may deduct the cost of demolition from the sale price it is willing to pay to reflect these costs.

13.     With respect to the high range for the Real Property in a Chapter 7 Liquidation, Debtor calculated the potential $304,147,862 price based on the "as is" appraised value of the Real Property provided in the Colliers Appraisal, with the assumption that the prospective purchaser would seek to complete the Project.

14.     To reflect the value of the Real Property today based on these assumptions, the "as is" value provided in the Colliers appraisal must be adjusted to reflect developments in the market, including: (1) the increase in the cost to complete the Project; (2) the decline in value of residential properties in the downtown Los Angeles area; (3) the increased vacancy rates for both commercial and retail properties in the area; and (4) the time the Real Property has spent on the market.

15.     First, I estimate that the cost to complete the Project has increased by approximately $53,578,571.00 based on the California Construction Cost Index ("CCCI"), which indicates average construction costs for the San Francisco and Los Angeles areas.  This information is available at https://www.dgs.ca.gov/RESD/Resources/Page-Content/Real-Estate-Services-Division-Resources-List-Folder/DGS-California-Construction-Cost-Index-CCCI.

16.     As of the date of the Colliers Appraisal, the estimated cost to complete the Project was approximately $865,500,000, and the CCCI shows that average construction costs have risen approximately 6.2% since that date.

17.     An approximately 6.2% increase in the cost of construction results in an increased cost of approximately $53,578,571 which must be deducted from the former "as is" appraised price of the Real Property.  This $53,578,571 calculation is not exactly 6.2% of the previous

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1   estimated construction costs because the estimated increase in construction costs is rounded,

2   whereas the calculation of the increased cost used the unrounded number obtained from the

3   CCCI.

4       18.    Additionally, the "as is" appraised value of the Real Property must additionally be

5   adjusted to reflect current market conditions in the downtown Los Angeles area.

6       19.    Since the date of the Colliers Appraisal, residential housing has decreased in value

7   by approximately 9.2%, as demonstrated by data from Zillow with average value at $623,498 as

8   of March 2024 and declining to $566,038 as of January 2026.

9       20.    The Colliers Appraisal valued the condominium component of the Project at

10  approximately $355,500,000, and a 9.2% reduction in this estimated value would result in a

11  $32,783,567 decline in the value of the Real Property as it stands today.

12      21.    Since the date of the Colliers Appraisal, vacancy rates for residential, commercial,

13  and retail properties have also increased.

14      22.    As outlined by a trade publication following the Los Angeles real estate market,

15  rents in the downtown Los Angeles area have fallen by 2.5%, and vacancy rates have increased to

16  10%. This information is available at https://therealdeal.com/la/2024/03/15/apartment-rents-tick-

17  up-in-la-so-far-this-year/.

18      23.    The DTLA Alliance has also noted in their Q3 2025 market report, which is

19  available at https://ctycms.com/ca-dtla/docs/marketreport-2025-q3-opt.pdf, for the downtown Los

20  Angeles area that vacancy rates for commercial office space increased by 0.3% since 2024 and

21  totaled 30.9%, and that net absorption, which looks to the amount of space vacated by tenants

22  versus the amount of new space leased or occupied, was at -278,046 square feet,  demonstrating

23  continued contraction in the commercial office space market in the downtown Los Angeles area.

24      24.    The DTLA Alliance's Q3 2025 market report additionally showed that retail

25  property vacancies increased by 0.8% to 9.8%, and net absorption was also negative by -170,552

26  square feet, showing contraction in this space as well.

27      25.    In light of the continued contraction in the downtown Los Angeles market for

28  residential leases, commercial office space, and retail leases, I conservatively estimate that there

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

27

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

should be a 5% reduction in the "as is" value provided in the Colliers Appraisal, or a reduction of $21,695,000, to reflect these changes in the market value and to reflect the additional risk a prospective purchaser would take on in completing construction.

26. Finally, the "as is" value provided in the Colliers appraisal should be additionally reduced by the amount of time that the Real Property has been on the market. Debtor engaged in an extensive marketing effort to identify prospective purchasers for the Real Property and ultimately did not identify a prospective purchaser with a demonstrated ability to close on a prospective sale at the offered price. Given the amount of time the Real Property has been on the market and the difficulty in identifying a buyer with the ability to close on the sale, I estimate that there should be a further reduction of 5%, or $21,695,000.

27. Together, after adjustments for the increased cost to complete construction, the decline in value of the condominium component of the Project, the deterioration of the residential, commercial office, and retail leasing market in the downtown Los Angeles area, and the amount of time the Real Property has been on the market, I calculated a high end estimate of $304,147,862 for the potential sale price for the Real Property in a Chapter 7 liquidation.

28. Debtor and I,  however, maintain that a hypothetical liquidation of the Real Property is unlikely to receive an offer in the higher range of the estimated value. Debtor has already conducted a thorough marketing process and did not receive an offer from any third-party prospective purchasers that Debtor, in the judgment of its professionals, believed was reasonably likely to close.

29. In terms of other Assets that would be sold in a Chapter 7 liquidation, Debtor and I also provided an estimate for the potential liquidation value for its equipment, machinery, and inventory.

30. In terms of its equipment and machinery, Debtor and I estimate that a liquidation of these assets would result in a recovery of about $2,576,264, which was calculated by reducing the $12,881,320 book value of these assets by 80% to represent their likely liquidation value.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN

31.     In terms of its inventory, Debtor and I estimate that a liquidation of these assets would result in a recovery of about $11,736,670, which was calculated by reducing the $117,366,698 book value of these assets by 90% to represent their likely liquidation value.

32.     Debtor and I maintain that these adjustments are appropriate in the context of a liquidation sale, and that Debtor would be unlikely to realize the full book value of these assets even absent a liquidation sale.

33.     While there is a chance that Debtor would ultimately realize a higher price for its equipment, machinery, and inventory if these assets were separated from the Real Property, any such increased recovery would be outstripped by the reduced value of the Real Property.

*B.*     *Additional Costs in a Chapter 7 Liquidation.*

34.     In addition to likely realizing lower sale prices for Debtor's assets, a Chapter 7 liquidation would additionally lead to additional costs that would be borne by Debtor's estate.

35.     The Combined Plan and Disclosure Statement currently provides for a sale of the Real Property free of transfer and mansion taxes that would otherwise apply in a Chapter 7 liquidation. Debtor and I estimate that the imposition of these taxes would additionally reduce the net proceeds available for distribution by approximately $7,645,082 to $17,098,682, depending on the sale price realized.

36.     A Chapter 7 liquidation would also result in additional Chapter 7 Trustee fees and fees and costs of the Chapter 7 Trustee's professionals. Debtor and I estimate that these additional expenses would reduce the net proceeds available for distribution by approximately $3,506,262 on account of the Chapter 7 Trustee fees and by approximately $1,000,000 to $3,000,000 for the costs and fees incurred by the Chapter 7 Trustee's professionals.

37.     Finally, the Combined Plan and Disclosure Statement provides for the assumption of the Architect Agreement, and that the Architect Cure Amount resulting from this assumption will be paid by Purchaser. Absent the Combined Plan and Disclosure Statement, the Architect Cure Amount will still need to be paid so that any prospective purchaser can use the Instruments of Service. Thus, any net proceeds would also need to be reduced by the Architect Cure Amount, which Debtor estimates to be $2,411,000.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE
STATEMENT AND LIQUIDATING PLAN

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

*C.*     *Net proceeds available for distribution to creditors in a Chapter 7 liquidation.*

38.     In light of the range of expected recoveries on Debtor's assets in a Chapter 7 liquidation, and after payment of the Secured Tax Claims, DIP Facility Claims, Lendlease DIP Professional Fees, and the additional expenses identified above, Debtor estimates that the remaining sale proceeds in a Chapter 7 liquidation would range from $61,784,658 to $235,996,920, which would be insufficient to pay the LADI Secured Claims in full in either scenario.

39.     Further, pursuant to the Global Settlement Agreement approved by the 9019 Order, the LADI Secured Claim is currently accruing interest at the amount of $60,000 per day. Under the Combined Plan and Disclosure Statement, this amount is either included in the Credit Bid Consideration or is reduced to $40,000 in the event of an Alternative Transaction. In a Chapter 7 Liquidation, however, the full amount of such interest would continue to accrue, to the extent supported by the value of the Real Property as collateral, together with any legal fees incurred by the Holder of the LADI Secured Claim.

40.     Debtor and I, therefore, estimate that it is unlikely that Holders in Classes 3 through 8 would receive any distribution in a hypothetical liquidation of Debtor's assets.

**II.     Estimated recovery under the Combined Plan and Disclosure Statement.**

41.     As set forth in the Liquidation Analysis, the Combined Plan and Disclosure Statement proposes selling Debtor's Assets, including the Real Property, equipment, machinery and inventory, to Purchaser for approximately $470,000,000, which is comprised of the Cash Consideration of up to $70,000,000 and the Credit Bid Consideration of approximately $400,000,000.

42.     Under the Combined Plan and Disclosure Statement, the LADI Secured Claims and LL Secured Claims will be satisfied in full pursuant to the Credit Bid Consideration.

43.     The Cash Consideration will then be used to pay the Secured Tax Claims, the DIP Facility Claims, any Junior DIP Facility Claims, Administrative Claims, Priority Tax Claims, Other Priority Claims, GAP Claims, Professional Fee Claims, and Statutory Fees.

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE
STATEMENT AND LIQUIDATING PLAN

44.    Debtor does not project that the Cash Consideration will be sufficient to make a distribution to Holders of Claims in Classes 4 through 8, but the Combined Plan and Disclosure Statement does allow Debtor, under certain circumstances, to pursue an Alternative Transaction that could result in a higher sale price and to some distribution to Holders of Claims in Classes 4, 5 and 6.

45.    Further, Debtor maintains that a sale through the Combined Plan and Disclosure Statement has a greater likelihood of closing before any sale could be accomplished through a Chapter 7 liquidation, and also provides subcontractors, who comprise a substantial portion of the General Unsecured Claims pool, with an opportunity to resume work on the Real Property under a new owner with sufficient capital and in coordination with the City of Los Angeles.

**Conclusion**

46.    Debtor and I, therefore, maintain that the Combined Plan and Disclosure Statement provides a greater recovery on Debtor's assets, and provides a greater opportunity for a potential recovery for Holders of Claims in Classes 4 through 8 than a Chapter 7 liquidation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of February 2026 in Newport Beach, California.

_____
J. Michael Issa

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEBTOR'S MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN

# EXHIBIT 1

**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No.: 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Jarret P. Hitchings (*Pro Hac Vice*)
*jarret.hitchings@bclplaw.com*
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:    (704) 749-8999
Facsimile:    (704) 749-8990

*Attorneys for Debtor and Debtor in Possession*

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Oceanwide Plaza LLC,<br><br>        Debtor. | Case No.: 2:24-bk-11057-DS<br><br>Hon. Deborah J. Saltzman<br><br>Chapter 11 Case<br><br>**ORDER CONDITIONALLY APPROVING DEBTOR'S COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN (DATED FEBRUARY 23, 2026) AND PROVIDING OTHER ANCILLARY AND RELATED RELIEF**<br><br>Hearing<br>Date:  April 9, 2026<br>Time: 10:00 a.m. (PT)<br>Place: Courtroom 1639<br>       255 E. Temple St.<br>       Los Angeles, CA 90012 |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1   The *Motion for Order Conditionally Approving the Combined Disclosure Statement and*

2   *Liquidating Plan (Dated February 23, 2026) and Providing Other Ancillary and Related Relief*

3   ("Motion") filed by Oceanwide Plaza LLC (the "Debtor"), was filed on February 23, 2026 and

4   considered by the Court pursuant to its Scheduling Order Following Chapter 11 Status Conference

5   [ECF 771], *Order Granting Ex Parte Motion to Continue Case Deadlines [ECF 779], Order*

6   *Granting Second Ex Parte Motion to Continue Case Deadlines* [ECF No. 817], and Order Granting

7   Third Ex Parte Motion to Continue Case Deadlines [ECF No. 832] (collectively, the "Plan

8   Scheduling Orders") for conditional approval for solicitation purposes only.

9   This Court having considered the Motion, all papers and documents submitted in support of

10  the Motion, the *Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February*

11  *23, 2026)* ("Combined Plan and Disclosure Statement"), and all other papers filed in support of, in

12  response to, or otherwise in connection with, the Motion, the Combined Plan and Disclosure

13  Statement, and the record in this bankruptcy case; and the Court, conditionally finding that the

14  Combined Plan and Disclosure Statement contains adequate information within the meaning of 11

15  U.S.C. § 1125; and the Court further finding that the confirmation, voting, tabulation, and other

16  procedures proposed in the Motion, the form of notice of the confirmation hearing and related

17  matters provided with the Motion and attached hereto as Exhibit "1", the form of Ballot[1] provided

18  with the Motion and attached hereto as Exhibit "2", and the proposed schedule, dates, deadlines,

19  and other relief proposed and requested in the Motion are fair, reasonable, and appropriate,

20  authorized by the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy

21  Procedure, and the Local Bankruptcy Rules, and in the best interests of the Debtor's estate; and

22  good cause appearing therefor,

23  **IT IS HEREBY ORDERED AS FOLLOWS**:

24  1.    The Motion is GRANTED as set forth herein.

25  2.    The Combined Plan and Disclosure Statement is conditionally approved for

26  solicitation purposes only.

27

28  [1]    Capitalized terms not otherwise defined herein shall have the meanings set forth in the
Combined Plan and Disclosure Statement.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

3.      The form of Confirmation Hearing Notice (as defined in the Motion) is approved.

4.      The form of Ballot (as defined in the Motion) is approved.

5.      The Voting and Tabulation Procedures (as defined in the Motion) are approved.

6.      The Debtor is authorized to, and by no later than February 27, 2026 will, serve by regular mail or email, a plan solicitation package (the "Solicitation Package") on all creditors, interest holders, the United States Trustee, and other parties in interest, which package will include: (a) the Confirmation Hearing Notice; (b) Ballot (to the extent the receiving party is entitled to vote); and (c) the Combined Plan and Disclosure Statement. The Debtor may transmit the Solicitation Package by (i) regular mail, or (ii) if a party has registered for notice through ECF, then such party may receive a copy of the Solicitation Package by email. The Debtor's inclusion of a Ballot in the Solicitation Package will not be construed as an admission by the Debtor that the party receiving such Solicitation Package is entitled to vote on the Combined Plan and Disclosure Statement.

7.      The Debtor may make any non-substantive/non-material changes to the Combined Plan and Disclosure Statement, and related exhibits and documents, without further order of the Court, including ministerial changes to correct typographical and grammatical errors and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials in the Solicitation Package prior to distribution.

8.      The following additional dates, deadlines, and procedures will apply:

a.      February 25, 2026 (the "Voting Record Date"), is the date for determining which Holders of Claims are eligible to vote on the Combined Plan and Disclosure Statement. As of the Voting Record Date, the Claims Register will be closed for voting purposes and the Debtor is authorized and entitled to recognize only those Holders of Claims listed on the Claims Register as of the close of business on the Voting Record Date for purposes of voting on the Combined Plan and Disclosure Statement.

b.      A Claim is deemed allowed solely for purposes of voting on the Combined Plan and Disclosure Statement unless (a) such Claim is scheduled as disputed, contingent or unliquidated and no proof of claim has been timely filed; (b) there is an objection with respect to such Claim on or before February 25, 2026; or (c) as ordered or approved by the Court. A motion

1   pursuant to Bankruptcy Rule 3018(a) for temporary allowance of the claim may be filed on or

2   before March 3, 2026, and will be set for hearing after any such motion is filed.

3        c.    March 10, 2026 is the deadline for the Debtor to file and serve its motion to

4   confirm the Combined Plan and Disclosure Statement, which will include a memorandum of points

5   and authorities and  evidence in support of confirmation of the Combined Plan and Disclosure

6   Statement, including witness declarations on direct testimony and related exhibits (the "Plan

7   Confirmation Motion"). The Plan Confirmation Motion will be served only on ECF-registered

8   parties, the United States Trustee, and parties who requested special notice.

9        d.    March 20, 2026 (the "Voting Deadline"), is the deadline by which Ballots

10  accepting or rejecting the Combined Plan and Disclosure Statement will be received by the Debtor's

11  Solicitation Agent. Ballots are to be delivered in one of the following manners so that the Ballot is

12  received by Debtor's Solicitation Agent: by mail or overnight courier at Oceanwide Plaza LLC

13  Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or electronically under

14  the "File a Ballot" tab at https://cases.stretto.com/OceanwidePlaza/. A claimant in an Impaired

15  Class who fails to timely submit a Ballot will be deemed to have accepted confirmation of the

16  Combined Plan and Disclosure Statement.

17       e.    A Claim is deemed allowed solely for purposes of voting on the Combined

18  Plan and Disclosure Statement unless (a) such Claim is scheduled as disputed, contingent or

19  unliquidated and no proof of claim has been timely filed or (b) there is an objection with respect to

20  such Claim on or before February 25, 2026.  A motion pursuant to Bankruptcy Rule 3018(a) for

21  temporary allowance of the claim may be filed on or before March 3, 2026, and will be set for

22  hearing after any such motion is filed.

23       f.    February 25, 2026 (the "Voting Record Date"), is the date for determining

24  which Holders of Claims are eligible to vote on the Combined Plan and Disclosure Statement. As

25  of the Voting Record Date, the Claims Register will be closed for voting purposes and the Debtor

26  is authorized and entitled to recognize only those Holders of Claims listed on the Claims Register

27  as of the close of business on the Voting Record Date for purposes of voting on the Combined Plan

28  and Disclosure Statement.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

g.      Notwithstanding any other provision of this Order, with the prior written consent of the Debtor, a Holder of a Claim entitled to vote on the Combined Plan and Disclosure Statement may change its vote to accept or reject the Combined Plan and Disclosure Statement at any time up to and including the Voting Deadline, by submitting a superseding Ballot to the Solicitation Agent or by such other means as may be approved by the Debtor. Any such changed vote will supersede any prior Ballot submitted by such Holder with respect to the same Claim, and only the last Ballot timely received by the Solicitation Agent will be counted.

h.      March 20, 2026 (the "Objection Deadline"), is the deadline by which any party objecting to confirmation of the Combined Plan and Disclosure Statement will file and serve its objection and evidence in support thereof. Any objection to confirmation of the Combined Plan and Disclosure Statement will:

i.      be in writing;

ii.      be accompanied by a memorandum of points and authorities and all evidence the objecting party will present in support of such objection;

iii.      set forth in detail the name and address of the party filing the objection, the grounds for the objection, and any evidentiary support for the objection in the nature of declarations submitted under penalty of perjury; and

iv.      be served on the Debtor, its counsel, and the United States Trustee.

i.      The failure to file and serve an objection to the Combined Plan and Disclosure Statement by the Objection Deadline will be deemed by the Court to be consent to the final approval and confirmation of the Combined Plan and Disclosure Statement, and any party failing to timely object will be forever barred from objecting to the final approval and confirmation of the Combined Plan and Disclosure Statement.

j.      March 26, 2026, is the deadline for the Debtor to file a Ballot summary, which will include a tabulation of Ballots received.

k.      The hearing on the final approval and confirmation of the Combined Plan and Disclosure Statement is scheduled for April 9, 2026, at 10:00 a.m. Pacific Time (the "Confirmation Hearing"), before the Honorable Deborah J. Saltzman, United States Bankruptcy

1    Judge. The Confirmation Hearing may be continued by announcement in open court without further

2    notice to creditors or parties in interest.

3            l.       Unless otherwise ordered by the Court, in the event of a contested

4    Confirmation Hearing: (i) all declarants will appear, without need for subpoena, at the Confirmation

5    Hearing to be available for cross-examination; and (ii) the testimony of any declarant who is not

6    present for cross-examination at the Confirmation Hearing may be stricken from the record and will

7    not be considered in determining contested matters at the Confirmation Hearing.

8            m.      The Bankruptcy Court will retain jurisdiction over all matters arising from

9    or related to the solicitation of votes on the Combined Plan and Disclosure Statement, including but

10   not limited to disputes regarding the validity, timeliness, or propriety of any Ballot, the allowance

11   of Claims for voting purposes, and the tabulation of votes.

###

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# EXHIBIT 2

BRYAN CAVE LEIGHTON PAISNER LLP
Sharon Z. Weiss (State Bar No.: 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Jarret P. Hitchings (*Pro Hac Vice*)
jarret.hitchings@bclplaw.com
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone:    (704) 749-8999
Facsimile:    (704) 749-8990

*Attorneys for Debtor and Debtor in Possession*

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Oceanwide Plaza LLC,<br><br>    Debtor. | Case No.: 2:24-bk-11057-DS<br><br>Hon. Deborah J. Saltzman<br><br>Chapter 11 Case<br><br>**NOTICE OF: (1) CONDITIONAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND LIQUIDATING PLAN (DATED FEBRUARY 23, 2026); (2) HEARING ON FINAL APPROVAL AND CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AND RELATED DEADLINES; AND (3) PROCEDURES AND REQUIREMENTS RELATING TO VOTING**<br><br>**<u>Confirmation Hearing</u>**<br><br>Hearing:<br>Date:    April 9, 2026<br>Time:    10:00 a.m. Pacific Time<br>Place:    Courtroom 1639<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |

1  **TO CREDITORS, EQUITY INTEREST HOLDERS, THE UNITED STATES**
2  **TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

3  **PLEASE TAKE NOTICE** that, following a hearing before the Honorable Deborah J.
4  Saltzman, United States Bankruptcy Judge, in the above-referenced case of Oceanwide Plaza LLC
5  (the "Debtor"), the Court conditionally approved the Combined Disclosure Statement and
6  Liquidating Plan (dated February 23, 2026) (the "Combined Plan and Disclosure Statement") for
7  purposes of solicitation only to enable creditors, interest holders, and other parties in interest to
8  make an informed judgment and decision regarding whether to accept or reject the Combined Plan
9  and Disclosure Statement subject to final approval at the hearing set for April 9, 2026 at 10:00 a.m.
10  Pacific Time to consider confirmation of the Combined Plan and Disclosure Statement (the
11  "Confirmation Hearing").

12  **PLEASE TAKE FURTHER NOTICE** that the Court approved for distribution to
13  creditors, interest holders, and other parties in interest, the following materials, all of which are
14  included in the package being transmitted to you with the present notice (collectively, the "Plan
15  Solicitation Materials"):

16  1.  A copy of the order conditionally approving the Combined Plan and Disclosure
17  Statement;

18  2.  this Notice (the "Confirmation Hearing Notice"), which includes notice of: (a)
19  conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes only;
20  (b) the hearing on final approval and confirmation of the Combined Plan and Disclosure Statement
21  and related dates and deadlines; and (c) the Court-approved procedures and requirements relating
22  to voting to accept or reject the Combined Plan and Disclosure Statement and tabulation of ballots
23  (the "Voting and Tabulation Procedures");

24  3.  the Combined Plan and Disclosure Statement;

25  4.  the ballot for creditors to use to vote to accept or reject the Combined Plan and
26  Disclosure Statement ("Ballot"), provided that such creditor is entitled to vote on the Combined
27  Plan and Disclosure Statement.

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1    The Debtor may transmit the Solicitation Package by (i) regular mail, or (ii) if a party has

2    registered for notice through ECF, then such party may receive a copy of the Solicitation Package

3    by email.

4    **PLEASE TAKE FURTHER NOTICE THAT ARTICLE 12.4 OF THE COMBINED**

5    **PLAN AND DISCLOSURE STATEMENT CONTAINS THE FOLLOWING INJUNCTION**:

6    The Confirmation Order will enjoin the prosecution, whether directly, derivatively, or

7    otherwise, of any Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action,

8    liability or interest released, discharged, or terminated pursuant to this Plan. Except as provided in

9    this Plan or the Confirmation Order, all Entities that have held, currently hold, or may hold a Claim

10   or other debt or liability or an interest or other right of a Holder of an Equity Interest are permanently

11   enjoined from taking any of the following actions against Debtor, the Liquidating Trustee, or any

12   of their property on account of such Claims, debts or liabilities or extinguished interests or rights:

13   (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii)

14   enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order;

15   (iii) creating, perfecting or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of

16   subrogation or recoupment of any kind against any debt, liability or obligation due to Debtor; and

17   (v) commencing or continuing any action in any manner, in any place, that does not comply with

18   or is inconsistent with the provisions of this Plan, including but not limited to taking such acts

19   against Assets acquired by Purchaser or taking any of the foregoing acts against the Purchaser. Each

20   Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set

21   forth herein.

22   Notwithstanding any other provision of this Plan or the Confirmation Order, nothing herein

23   shall be construed to (i) release, discharge, or enjoin any claim or cause of action by any Entity

24   other than Debtor or the Liquidating Trustee against any other Entity other than Debtor, the Estate,

25   or the Liquidating Trustee, except to the extent such claim or cause of action is derivative of a claim

26   against Debtor or the Estate, (ii) release any claim or cause of action arising under any insurance

27   policy issued to or for the benefit of Debtor which exists as of the Confirmation Date, or (iii) enjoin

28   any Entity from pursuing any such claims against any insurer or insurance policy. For the avoidance

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

of doubt, the injunction provisions of this Article 12.4 are intended solely to protect Debtor, the Estate, the Liquidating Trustee, and the Purchaser from the assertion of Claims that are addressed by this Plan, and are not intended to affect the rights of non-Debtor parties as against other non-Debtor parties, except to the extent expressly provided herein.

**PLEASE TAKE FURTHER NOTICE OF THE FOLLOWING**:

**DISTRIBUTION OF PLAN SOLICITATION MATERIALS**

1.      The Court has conditionally approved the adequacy of the Combined Plan and Disclosure Statement as containing "adequate information" within the meaning of 11 U.S.C. § 1125 for solicitation only and subject to final approval at the Confirmation Hearing and has authorized transmittal of the Combined Plan and Disclosure Statement, and the other Plan Solicitation Materials (itemized above).

2.      If you received the Plan Solicitation Materials, the Debtor believes that, either: (i) you are a creditor or equity security holder of the Debtor; or (ii) you are a party in interest entitled to receive the Plan Solicitation Materials.

3.      You may obtain, at no expense to you, additional copies of the Plan Solicitation Materials by sending a written request to:

|  |  |
|---|---|
| Sharon Z. Weiss, Esq. | Jarret P. Hitchings, Esq. |
| 120 Broadway, Suite 300 | 301 South College Street, Suite 2150 |
| Santa Monica, CA 90401-2386 | Charlotte, North Carolina 28202 |
| *sharon.weiss@bclplaw.com* | *jarret.hitchings@bclplaw.com* |

Copies of the Plan Solicitation Materials are also available (a) for a fee via PACER at http://www.cacb.uscourts.gov; or (b) at no charge from Stretto, Inc. (the "Solicitation Agent") by: (i) accessing the Debtor's restructuring website at:

https://cases.stretto.com/OceanwidePlaza/

(ii) writing to Oceanwide Plaza LLC Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing TeamOceanwidePlaza@stretto.com; or (iv) calling the Solicitation Agent at:

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

U.S. Toll Free:  888-808-1469

International:  949-358-6856

The manner in which the Debtor may transmit any additional copies of the Plan Solicitation Materials requested is within the Debtor's sole discretion.

## **VOTING AND TABULATION PROCEDURES**

The Court has approved the following procedures and requirements for voting on the Combined Plan and Disclosure Statement:

1.    The deadline to vote on the Combined Plan and Disclosure Statement is March 20, 2026 (the "Voting Deadline"). This means you are required to return your completed Ballot so that the Solicitation Agent receives it by the Voting Deadline, by submitting the Ballot to the Solicitation Agent by mail or overnight courier at:

Oceanwide Plaza LLC Ballot Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

or electronically under the "File a Ballot" tab at:

https://cases.stretto.com/OceanwidePlaza/

1.    The fact that you received a Ballot with these Plan Solicitation Materials does not mean the Debtor believes you are entitled to vote on the Combined Plan and Disclosure Statement, and you should not construe your receipt of a Ballot in that manner. Consult the Combined Plan and Disclosure Statement to determine whether or not you are entitled to vote on the Combined Plan and Disclosure Statement.

2.    Ballots are to be delivered in one of the following manners so that the Ballot is received by the Solicitation Agent by the Voting Deadline: (i) mail; (ii) overnight courier; or (iii) via the Solicitation Agent's website maintained for this case. A claimant in an Impaired Class who fails to timely submit a Ballot is deemed to have accepted confirmation of the Combined Plan and Disclosure Statement.

3.    Solely for the purposes of voting on the Combined Plan and Disclosure Statement and tabulating acceptance or rejection of the Combined Plan and Disclosure Statement, the amount

of the claim for each voting party is treated as allowed in an amount equal to the greater of: (i) the amount of such claim as set forth in the Debtor's schedules (unless scheduled as disputed, contingent, or unliquidated); (ii) the amount of such claim as set forth in a timely filed proof of claim to which no objection has been filed as of the Voting Record Date; or (iii) as ordered or approved by the Court, except that each holder of a Claim is entitled to vote all of the non-duplicative claims it holds, but may only vote a single ballot as to all claims within a particular class. For the avoidance of doubt, the allowance of any Claim for voting purposes shall not constitute an allowance of such Claim for distribution purposes, and the Debtor and all parties in interest shall retain all rights to object to any Claim for distribution purposes.

4.    Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the claim voted will not be counted.

5.    Any Ballot cast by a person or entity that does not hold an Allowed Claim (as defined in the Combined Plan and Disclosure Statement) as of the Voting Record Date will not be counted. A Claim is deemed allowed solely for purposes of voting on the Combined Plan and Disclosure Statement if there is no objection filed with respect to such claim on or before February 25, 2026, or the claim is not otherwise scheduled as disputed, contingent, or unliquidated. Debtor reserves the right to object to any claim deemed allowed for purposes of voting on the Combined Plan and Disclosure Statement pursuant to this Order. A motion pursuant to Bankruptcy Rule 3018(a) for temporary allowance of the claim may be filed on or before March 3, 2026, and will be set for hearing after any such motion is filed.

6.    Any Ballot that is properly completed, executed, and timely returned to the Solicitation Agent that does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement will be counted as an acceptance of the Combined Plan and Disclosure Statement.

7.    Any Ballot that is properly completed, executed, and timely returned to the Solicitation Agent that indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will be counted as an acceptance of the Combined Plan and Disclosure Statement.

8.      Any objection or opposition to final approval and confirmation of the Combined Plan and Disclosure Statement is required to be submitted by March 20, 2026 (the "Objection Deadline"). The failure to file and serve a timely objection to the Combined Plan and Disclosure Statement by the Objection Deadline will be deemed by the Court to be consent to the final approval and confirmation of the Combined Plan and Disclosure Statement, and any party failing to timely object will be forever barred from objecting to the final approval and confirmation of the Combined Plan and Disclosure Statement.

9.      Whenever a holder in a voting class returns more than one Ballot voting the same claim by the Voting Deadline, only the last Ballot timely returned to the Solicitation Agent will be counted.

10.      Notwithstanding any other provision of this Notice, with the prior written consent of the Debtor, a Holder of a Claim entitled to vote on the Combined Plan and Disclosure Statement may change its vote to accept or reject the Combined Plan and Disclosure Statement at any time up to and including the Voting Deadline, by submitting a superseding Ballot to the Solicitation Agent or by such other means as may be approved by the Debtor. Any such changed vote will supersede any prior Ballot submitted by such Holder with respect to the same Claim, and only the last Ballot timely received by the Solicitation Agent will be counted.

11.      Each holder of a claim in a voting class is deemed to have voted the full amount of its claim.

12.      Holders of claims in a voting class may not split their vote, but are required to vote their entire claim within a particular class either to accept or reject the Combined Plan and Disclosure Statement, and a Ballot (or a Ballot or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Combined Plan and Disclosure Statement will be counted as an acceptance of the Combined Plan and Disclosure Statement. For the avoidance of doubt, to the extent that any secured claim is determined to be unsecured, whether by agreement, by virtue of being undersecured, or otherwise, such secured creditor may vote the resulting portion of its unsecured claim separately.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

13. For purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Combined Plan and Disclosure Statement.

14. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

## HEARING ON CONFIRMATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AND RELATED DEADLINES

The Court has approved the following schedule to consider confirmation of the Combined Plan and Disclosure Statement:

1. March 10, 2026, is the deadline for the Debtor to file and serve its motion to confirm the Combined Plan and Disclosure Statement, which must include a memorandum of points and authorities and evidence in support of confirmation of the Combined Plan and Disclosure Statement, including witness declarations on direct testimony and related exhibits (the "Plan Confirmation Motion"). The Plan Confirmation Motion is required to be served only on ECF-registered parties, the United States Trustee, and parties who requested special notice.

2. March 10, 2026, is the deadline for the Debtor to file the Plan Supplement. The Plan Supplement shall include, without limitation, the Assumption Schedule, the Liquidating Trust Agreement, and such other documents and schedules as are required by the Combined Plan and Disclosure Statement or as the Debtor determines are necessary or appropriate to effectuate the Combined Plan and Disclosure Statement.

3. March 26, 2026, is the deadline for the Debtor to file a Ballot summary, which will include a tabulation of Ballots received.

4. Any party objecting to confirmation of the Combined Plan and Disclosure Statement is required to file and serve its objection and evidence in support thereof on or before the Objection Deadline. Any objection to confirmation of the Combined Plan and Disclosure Statement is required to:

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1    a.    be in writing;

2    b.    be accompanied by a memorandum of points and authorities and all evidence

3    the objecting party will present in support of such objection;

4    c.    set forth in detail the name and address of the party filing the objection, the

5    grounds for the objection, and any evidentiary support for the objection in the nature of declarations

6    submitted under penalty of perjury; and

7    d.    be served on the Debtor, its counsel, and the United States Trustee.

8    1.    March 26, 2026, is the deadline for the Debtor to file any reply memorandum and

9    supporting declarations and evidence in support of confirmation of the Combined Plan and

10   Disclosure Statement.

11   2.    The hearing on the confirmation of the Combined Plan and Disclosure Statement is

12   scheduled for April 9, 2026, at 10:00 a.m. Pacific Time before the Honorable Deborah J. Saltzman,

13   United States Bankruptcy Judge. The Confirmation Hearing is subject to continuance by

14   announcement in open court without further notice to creditors or parties in interest.

15   3.    Unless otherwise ordered by the Court, in the event of a contested Confirmation

16   Hearing: (i) all declarants are required to appear, without need for subpoena, at the Confirmation

17   Hearing to be available for cross-examination; and (ii) the testimony of any declarant who is not

18   present for cross-examination at the Confirmation Hearing will be stricken from the record and will

19   not be considered in determining contested matters at the Confirmation Hearing. The Debtor may

20   rely on the declarations filed in support of the Plan Confirmation Motion as direct testimony of the

21   declarants, subject to cross-examination.

22   Dated:                                    BRYAN CAVE LEIGHTON PAISNER LLP

23

24                                            By: _/s/_____

25                                                  Sharon Z. Weiss
                                              Attorneys for Debtor and Debtor in Possession

26

27

28

# EXHIBIT 3

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1

**UNITED STATES BANKRUPTCY COURT**

2

**CENTRAL DISTRICT OF CALIFORNIA**

3

**LOS ANGELES DIVISION**

4

| | |
|---|---|
| In re: | Case No.: 2:24-bk-11057-DS |
| Oceanwide Plaza LLC, | Hon. Deborah J. Saltzman |
| Debtor. | Chapter 11 Case |
| | **PLAN BALLOT** |
| | **[Use For Voting on *Debtor's Combined Disclosure Statement and Liquidating Plan (dated February 23, 2026)* (the "Plan")]** |
| | Voting Deadline: March 20, 2026, |

5

6

7

8

9

10

11

**CLASS [_] BALLOT FOR HOLDERS OF [VOTING CLASS]**

12

13

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

14

15

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY MARCH 20, 2026 (THE VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

16

17

18

You are receiving this Class [_] Ballot (this "Class [_] Ballot" or "Ballot") because you are a Holder of a [Voting Class] (your "[Voting Class]") as of the date of the Court's Order Conditionally Approving Debtor's Combined Disclosure Statement and Liquidating Plan (Dated February 23, 2026) and Providing Other Ancillary and Related Relief (the "Solicitation Order") dated February 25, 2026 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

19

20

21

22

Your rights are described in the Plan, which was included in the package (the "Solicitation Package") you are receiving with this Class [_] Ballot (as well as the Solicitation Order, and certain other materials). The Debtor may transmit the Solicitation Package by (i) regular mail, or (ii) if a party has registered for notice through ECF, then such party may receive a copy of the Solicitation Package by email. If you received the Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at http://www.cacb.uscourts.gov; or (b) at no charge from Stretto, Inc. (the "Solicitation Agent") by: (i) accessing the Debtor's restructuring website at https://cases.stretto.com/OceanwidePlaza/; (ii) writing to Oceanwide Plaza LLC Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing TeamOceanwidePlaza@stretto.com; or (iv) calling the Solicitation Agent at:

23

24

25

26

27

28

U.S. Toll Free:  888-808-1469

International:  949-358-6856

This Class [_] Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class [_] Ballot in error, or if you believe you have received the wrong Ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim. Your [Voting Class] has been placed in Class [_] under the Plan. If you hold Claims or Interests in more than one Class, you will receive a Ballot or Notice of Non-Voting Status, as applicable for each such Class. **PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via Paper Ballot. Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided) or overnight courier to**:

**Oceanwide Plaza LLC Ballot Processing**
**c/o Stretto,**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If you would like to coordinate hand delivery of your Ballot, please send an email to TeamOceanwidePlaza@stretto.com and provide the anticipated date and time of your delivery**.

***OR***

**Via Balloting Portal. Submit your Ballot via the Solicitation Agent's online portal, by visiting https://cases.stretto.com/OceanwidePlaza/ (the "Balloting Portal"). Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot**.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot**:

**Unique Password:_____**

**The Solicitation Agent's Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted**.

**Each Password is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each Password you receive, as applicable**.

**Holders of Claims who cast a Ballot using the Balloting Portal should NOT also submit a paper Ballot. In the event you submit a Ballot using the Balloting Portal and a paper Ballot, the last properly executed Ballot timely received shall control**.

**Item 1**.      **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of [Voting Class] in the following aggregate unpaid amount (insert amount in box below):

$\$\rule{2.5cm}{0.4pt}$

**Item 2**.      **Vote on Plan.**

The Holder of the [Voting Class] set forth in Item 1 votes to (please check only <u>one</u>):

☐ **ACCEPT** (vote FOR) the Plan                  ☐ **REJECT** (vote AGAINST) the Plan

**Item 3**.      **Certifications**.

By signing this Class [_] Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

(a)      as of the Voting Record Date, either: (i) the Entity is the Holder of the [Voting Class] being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the [Voting Class] being voted;

(b)      the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Entity has cast the same vote with respect to all [Voting Class]; and

(d)      no other Class [_] Ballots with respect to the amount of the [Voting Class] identified in Item 1 have been cast or, if any other Class [_] Ballots have been cast with respect to such Claims, then any such earlier Class [_] Ballots are hereby revoked.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE MARCH 20, 2026 (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

A true and correct copy of the foregoing document(s) entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026) AND PROVIDING OTHER ANCILLARY AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 23, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **PLEASE SEE ATTACHED LIST**

⊠   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 23, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY EMAIL:**

- Nowell A. Lantz on behalf of Petitioning Creditor Standard Drywall, Inc.
  nlantz@ftblaw.com

- William Hawkins on behalf of Creditor Chicago Title Insurance Company
  whawkins@loeb.com

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 23, 2026 | Raul Morales | *Raul Morales* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Adam S Affleck on behalf of Creditor Fetzers' Inc.
  adam-affleck@rbmn.com, jennifer-franklin@rbmn.com

- Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
  meanderson@zwickerpc.com

- James W Bates on behalf of Creditor Kovach Enclosure Systems, LLC
  jbates@jbateslaw.com

- Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
  ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com; ik-maurice.ibe@offitkurman.com

- Paul Brent on behalf of Creditor BRAGG INVESTMENT CO.
  snb300@aol.com

- Sara Chenetz on behalf of Creditor DTLA Lending LLC
  schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com;
  jkulow@perkinscoie.com; chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com

- Sara Chenetz on behalf of Petitioning Creditor Lendlease (US) Construction Inc.
  schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com;
  jkulow@perkinscoie.com; chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com

- Jacquelyn H Choi on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
  jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com

- Leslie A Cohen on behalf of Interested Party Courtesy NEF
  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; camille@lesliecohenlaw.com

- Gloria D Cordova on behalf of Creditor Carrara, Inc.
  NEF@gcordovalaw.com, NEF@gcordovalaw.com; ssg@gcordovalaw.com

- Sean C Coughlin on behalf of Creditor Commercial Scaffolding of California, Inc.
  scc@coughlin-law.com, lb@coughlin-law.com; bcrena@noonanlance.com; ssuper@noonanlance.com

- Matthew Dill on behalf of Interested Party Courtesy NEF
  mdill@counsel.lacounty.gov

- Luke N Eaton on behalf of Creditor CMF, Inc.
  lukeeaton@cozen.com, jacqueline.sims@troutman.com

- Amir Gamliel on behalf of Creditor DTLA Lending LLC
  agamliel@perkinscoie.com, cmallahi@perkinscoie.com; DocketLA@perkinscoie.com

- Amir Gamliel on behalf of Petitioning Creditor Lendlease (US) Construction Inc.
  agamliel@perkinscoie.com, cmallahi@perkinscoie.com; DocketLA@perkinscoie.com

- Jon F Gauthier on behalf of Petitioning Creditor Standard Drywall, Inc.
  jgauthier@ftblaw.com, jrobinson@ftblaw.com

- Richard Girgado on behalf of Interested Party Courtesy NEF
  rgirgado@counsel.lacounty.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                            **F 9013-3.1.PROOF.SERVICE**

- Richard H Golubow on behalf of Petitioning Creditor Woodbridge Glass Inc.
  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com

- Ani Grigoryan on behalf of Interested Party Chicago Title Insurance Company
  ani.grigoryan@aalrr.com, jenifer.gootkin@aalrr.com

- Lance N Jurich on behalf of Creditor Chicago Title Company
  ljurich@loeb.com, pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com;
  fmckeown@loeb.com

- Lance N Jurich on behalf of Creditor Chicago Title Insurance Company
  ljurich@loeb.com, pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com;
  fmckeown@loeb.com

- Gary E Klausner on behalf of Interested Party Courtesy NEF
  gek@lnbyg.com

- Noreen A Madoyan on behalf of U.S. Trustee United States Trustee (LA)
  Noreen.Madoyan@usdoj.gov

- Allison C. Murray on behalf of Creditor Schuff Steel Company, Inc.
  acmurray@swlaw.com, kcollins@swlaw.com

- Douglas M Neistat on behalf of Creditor ACCO Engineered Systems, Inc.
  dneistat@gblawllp.com, mramos@gblawllp.com

- Douglas M Neistat on behalf of Creditor Bapko Metal, Inc.
  dneistat@gblawllp.com, mramos@gblawllp.com

- Douglas M Neistat on behalf of Creditor Martin Bros./Marcowall, Inc.
  dneistat@gblawllp.com, mramos@gblawllp.com

- Douglas M Neistat on behalf of Interested Party Douglas Neistat
  dneistat@gblawllp.com, mramos@gblawllp.com

- Rosemary Nunn on behalf of Petitioning Creditor Mitsubishi Electric US, Inc.
  rosemary.nunn@procopio.com, nicholas.fortino@procopio.com; gaylene.oyama@procopio.com

- Matthew D Pham on behalf of Attorney Matthew D. Pham
  mpham@allenmatkins.com, mdiaz@allenmatkins.com

- Michael B Reynolds on behalf of Creditor Schuff Steel Company, Inc.
  mreynolds@swlaw.com, kcollins@swlaw.com

- Robert L. Rosvall on behalf of Creditor CallisonRTKL, Inc.
  rrosvall@ccllp.law, kvargas@ccllp.law

- Jeremy H Rothstein on behalf of Creditor ACCO Engineered Systems, Inc.
  jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com

- Jeremy H Rothstein on behalf of Creditor Bapko Metal, Inc.
  jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com

- Jeremy H Rothstein on behalf of Creditor Martin Bros./Marcowall, Inc.
  jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

- Leonard M. Shulman on behalf of Interested Party Kpc Global Care Inc A Cal Corp
  lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com; yrivera@shulmanbastian.com

- Howard Steinberg on behalf of Creditor L.A. Downtown Investment, LP
  steinbergh@gtlaw.com, pearsallt@gtlaw.com; NEF-BK@gtlaw.com;
  howard-steinberg-6096@ecf.pacerpro.com

- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov

- J Scott Williams on behalf of Interested Party Courtesy NEF
  jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

- Donna Wong on behalf of Interested Party City of Los Angeles
  donna.wong@lacity.org

- Richard Lee Wynne on behalf of Interested Party City of Los Angeles
  richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com; cindy.mitchell@hoganlovells.com;
  rick-wynne-7245@ecf.pacerpro.com

- Chelsea Zwart on behalf of Petitioning Creditor Star Hardware, Inc.
  czwart@smsm.com, service@cgdrlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          F 9013-3.1.PROOF.SERVICE