**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No.: 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Jarret P. Hitchings (Admitted *Pro Hac Vice*)
*jarret.hitchings@bclplaw.com*
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone    (704) 749-8999
Facsimile:    (704) 749-8990

*Attorneys for Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:24-bk-11057-DS |
| Oceanwide Plaza LLC, | Hon. Deborah J. Saltzman |
| Debtor. | Chapter 11 |
| | **DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF MOTION FOR ORDER CONFIRMING DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026)** |
| | Date: April 9, 2026<br>Time: 10:00 a.m. PT<br>Place: Ctrm 1639 / Via ZoomGov<br>     255 East Temple Street<br>     Los Angeles, CA 90012 |

DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTOR AND DEBTOR-IN-POSSESSION'S
MOTION TO SURCHARGE ESTATE PROPERTY AND SECURED CREDITOR COLLATERAL

I, Bradley D. Sharp, declare under penalty of perjury:

1. I am the Chief Restructuring Officer ("CRO") of Oceanwide Plaza LLC (the "Debtor"), having been appointed to that position effective as of February 13, 2024 [ECF No. 306]. I am also the President and Chief Executive Officer of Development Specialists, Inc. ("DSI"), a nationally recognized turnaround and restructuring firm. I have over 30 years of experience in corporate restructuring, turnaround management, and fiduciary services. I submit this declaration in support of the *Motion for Order Confirming Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* (the "Confirmation Motion")[1]. I have personal knowledge of the facts set forth herein, except as to those matters stated on information and belief, and if called as a witness, I could and would testify competently thereto.

2. In my capacity as CRO, I am responsible for overseeing the Debtor's day-to-day operations, managing the Debtor's restructuring efforts, and coordinating with the Debtor's professionals in connection with this Chapter 11 Case. I am familiar with the Debtor's business operations, financial condition, assets, liabilities, and the circumstances that led to the commencement of this Chapter 11 Case. Except as otherwise indicated, all matters set forth in this declaration are based on: (a) my opinion based upon my experience, knowledge, and information concerning Debtor's operations; (b) my review of relevant documents; and (c) my review of relevant information provided to me by Debtor's professionals, including counsel for Debtor, Bryan Cave Leighton Paisner LLP ("BCLP"), GlassRatner as financial advisor to Debtor, and Hilco Real Estate, LLC ("Hilco") and Colliers International Greater Los Angeles, Inc. ("Colliers") as Debtor's real estate brokers, each of which acting at my direction.

3. I have played an active role in the formulation of Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) (the "Plan"). Accordingly, I am familiar with the terms of the Plan as well as its negotiation and development. As discussed herein, I believe that the prompt confirmation and consummation of the Plan is in the best interest of Debtor,

---

[1] Any capitalized term not otherwise defined in this Declaration shall have the meaning ascribed to it in the Plan. The "Plan" refers to the Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026), as it may be amended, modified, or supplemented.

1
DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTOR AND DEBTOR-IN-POSSESSION'S
MOTION TO SURCHARGE ESTATE PROPERTY AND SECURED CREDITOR COLLATERAL

1  its creditors, and all other parties in interest, and that accordingly, the Court should confirm the
2  Plan.

## I. GENERAL BACKGROUND AND DEVELOPMENT OF THE PLAN.

4.  The Plan is the product of extensive, good-faith, arm's-length negotiations among Debtor, the Consultation Parties, Purchaser, and numerous other stakeholders, with all parties working towards an outcome that maximizes the value of Debtor's estate for the benefit of its creditors. The Plan incorporates the terms of the Global Settlement Agreement approved by this Court on February 3, 2026 [ECF No. 807] (the "9019 Order"), which resolved substantial disputes regarding the amount and priority of the LADI Secured Claim and LL Secured Claims that had been the subject of years of contentious litigation in the State Court Action. The Plan is designed to bring an orderly and efficient conclusion to this Chapter 11 Case through the sale of the PSA Property to Purchaser.

5.  On February 23, 2026, Debtor filed its Motion for Order Conditionally Approving the Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) and Providing Other Ancillary and Related Relief [ECF No. 841] (the "Conditional Approval Motion"). On February 25, 2026, the Court entered its Order Conditionally Approving Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026) and Providing Other Ancillary and Related Relief [ECF No. 848] (the "Solicitation Order"), which, among other things, conditionally approved the Plan for solicitation purposes only and approved the solicitation procedures, the form of Ballot, and the Voting and Tabulation Procedures.

6.  In accordance with the approved solicitation and notice procedures, and at my direction, Debtor distributed the Solicitation Packages on February 27, 2026 via regular mail or email to all known parties-in-interest, including holders of Claims and other interests entitled to vote on the Plan, as evidenced by the Declaration of Service filed with the Court [ECF No. 856]. The Solicitation Package included the Plan, the Solicitation Order, the Confirmation Hearing Notice, and (for those parties entitled to vote) a Ballot.

7.  On March 10, 2026, Debtor filed its Plan Supplement [ECF No. 858], which included: (a) the Assumption Schedule; (b) the Liquidating Trust Agreement; and (c) such other

1  documents and schedules as required by the Plan. Debtor also filed the Confirmation Motion
2  concurrently herewith.

3      8.    The sale and marketing process for the Real Property is described in detail in the
4  Declaration of Jeffrey Azuse filed concurrently herewith. As set forth in Mr. Azuse's declaration,
5  Hilco and Colliers have conducted a comprehensive, thorough, and industry-standard marketing
6  process for the Real Property, presenting it to over 52,000 qualified parties both nationally and
7  internationally, resulting in over 200 signed confidentiality agreements. I am satisfied that the Real
8  Property has been thoroughly exposed to the market and that the purchase price offered by
9  Purchaser represents the highest and best offer for the PSA Property.

10 **II.    THE PLAN SATISFIES THE REQUIREMENTS FOR CONFIRMATION.**

11     9.    For the reasons detailed below and following consultation with Debtor's counsel, I
12 believe the Plan satisfies the applicable Bankruptcy Code requirements for confirmation of a
13 Chapter 11 plan. Specifically, it is my understanding that the Plan: (a) complies with all applicable
14 provisions of the Bankruptcy Code as required by Section 1129(a)(1) of the Bankruptcy Code,
15 including Sections 1122 and 1123 of the Bankruptcy Code; (b) satisfies the mandatory requirements
16 of Section 1123(a) of the Bankruptcy Code; and (c) is consistent with Section 1123(b) of the
17 Bankruptcy Code. I have set forth the reasons for such belief below, except where such compliance
18 is apparent on the face of the Plan and/or the Plan Supplement and related documents.

19     **A.**    **The Plan Complies with the Applicable Provisions of the Bankruptcy Code**
20         **Including Section 1129(a)(1) of the Bankruptcy Code.**

21     10.    It is my understanding that the Plan complies with 11 U.S.C. § 1129(a)(1), which
22 requires the Plan to comply with 11 U.S.C. §§ 1122 and 1123 in all respects.

23     **1.**    **The Plan's Classification of Claims and Interests Under Section 1122.**

24     11.    Article 4 of the Plan provides for the separate classification of claims and interests
25 as follows:

| Class Number | Class Name | Impaired/Not Impaired | Entitled to Vote? |
|---|---|---|---|
| Class 1 | Secured Tax Claims | Not Impaired | No |
| Class 2 | LADI Secured Claim | Impaired | Yes |
| Class 3 | LL Secured Claims | Impaired | Yes |

3

DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTOR AND DEBTOR-IN-POSSESSION'S
MOTION TO SURCHARGE ESTATE PROPERTY AND SECURED CREDITOR COLLATERAL

| Class Number | Class Name | Impaired/Not Impaired | Entitled to Vote? |
|---|---|---|---|
| Class 4 | Junior Secured Claims | Impaired | Yes |
| Class 5 | Other Priority Claims | Not Impaired | No |
| Class 6 | General Unsecured Claims | Impaired | Yes |
| Class 7 | Intercompany Claims | Impaired | Yes |
| Class 8 | Equity Interest | Impaired | Deemed to reject |

12. I believe the Claims and Interests assigned to each particular Class described above are substantially similar to the other Claims and Interests in such Class. In addition, valid business, legal, and factual reasons justify the separate classification of the particular Claims or Interests into the Classes created under the Plan, and no unfair discrimination exists between or among holders of Claims and Interests. Namely, the Plan separately classifies the Claims because each holder of such Claim or Interest may hold (or may have held) rights in the Estate legally dissimilar to the Claims or Interests in other Classes. The classification of Secured Claims separate from unsecured claims is proper, as secured claims and unsecured claims necessarily have different levels of priority and legal character. Similarly, classifying secured claims by their statutory and allowed priority furthers this goal. Lastly, classification of equity interests separately from claims against Debtor is not only proper; it is required. Further, I understand that no party has objected to Debtor's proposed classification scheme. Accordingly, I believe that the Plan fully complies with and satisfies Section 1122 of the Bankruptcy Code.

**2.     The Plan Satisfies the Mandatory Requirements of Section 1123(a) of the Bankruptcy Code.**

13. I have been advised that the Plan satisfies the applicable requirements set forth in Section 1123(a) of the Bankruptcy Code because:

a. Article 4 of the Plan designates classes of claims and interests; identifies unimpaired classes of claims and interests (Classes 1 and 5); specifies treatment of impaired classes of claims and interests; and provides the same treatment for each claim or interest of a particular class, unless the holder of a particular claim agrees to a less favorable or different treatment of such particular claim or interest;

b. Article 6 of the Plan provides adequate means for its implementation, including by providing for, among other things, the sale of the PSA Property to Purchaser, the

4

DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTOR AND DEBTOR-IN-POSSESSION'S
MOTION TO SURCHARGE ESTATE PROPERTY AND SECURED CREDITOR COLLATERAL

creation of the Liquidating Trust, the appointment of the Liquidating Trustee, and the distribution of Sale Proceeds in accordance with the priority scheme established by the Plan and the Global Settlement Agreement; and

      c.      The Plan is consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of the Liquidating Trustee to oversee the Liquidating Trust and the Wind Down of Debtor's affairs.

### 3. The Discretionary Contents of the Plan are Appropriate and Should be Approved.

14.      It is my understanding that the Plan includes various discretionary provisions that are consistent with Section 1123(b) of the Bankruptcy Code. For example, the Plan impairs certain Classes of Claims and Interests and leaves others Unimpaired, proposes treatment for Executory Contracts and Unexpired Leases (including the Architect Agreement), provides a structure for Claim allowance and disallowance, establishes a distribution process for the satisfaction of Allowed Claims entitled to distributions under the Plan, and provides for the Sale of the PSA Property and transfer of the Plan Administration Assets to the Liquidating Trust.

15.      I believe each of these provisions is appropriate because, among other things, they (a) are the product of arm's-length negotiations, (b) have been critical to obtaining the support of the various constituencies for the Plan, (c) are given for valuable consideration, (d) are fair and equitable and in the best interests of Debtor, the Estate, and the Chapter 11 Case, and (e) are consistent with the relevant provisions of the Bankruptcy Code and Ninth Circuit case law.

16.      In addition, Articles 12.4 and 12.5 of the Plan include certain injunction and exculpation provisions. I believe these discretionary provisions are proper because, among other things, they are the product of extensive good-faith, arm's-length negotiations, are supported by Debtor and its constituents, and, as I have been advised, are consistent with applicable precedent. The exculpation provision was important to the development of a feasible, confirmable Plan, and the Exculpated Parties participated in these Chapter 11 Cases in reliance upon the protections afforded to those constituents by the exculpation. The Exculpated Parties have participated in good

Case 2:24-bk-11057-DS    Doc 860    Filed 03/10/26    Entered 03/10/26 20:22:29    Desc
Main Document    Page 7 of 18

faith in formulating and negotiating the Plan, and they should be entitled to protection from exposure to any lawsuits filed by disgruntled creditors or other unsatisfied parties.

### B. Debtor Has Complied with the Applicable Provisions of the Bankruptcy Code (§ 1129(a)(2)).

17. It is my understanding that Debtor has satisfied Section 1129(a)(2) of the Bankruptcy Code, which requires the plan proponent to comply with the applicable provisions of the Bankruptcy Code. As set forth below, I understand that Debtor has complied with these provisions, including Sections 1125 and 1126 of the Bankruptcy Code, as well as Bankruptcy Rules 3017 and 3018, by distributing the Plan and soliciting acceptances of the Plan in accordance with the Solicitation Order.

#### 1. Debtor Has Complied With the Disclosure and Solicitation Requirements (§ 1125).

18. The Bankruptcy Court approved the contents of the Solicitation Packages provided to parties-in-interest and holders of Claims entitled to vote on the Plan, as well as the relevant dates for voting and objecting to the Plan, pursuant to the Solicitation Order. Debtor complied with the content and delivery requirements of the Solicitation Order, thereby satisfying Sections 1125(a) and (b) of the Bankruptcy Code. It is my understanding that Debtor also satisfied Section 1125(c) of the Bankruptcy Code, which provides that the same disclosure statement must be transmitted to each holder of a claim or interest in a particular Class. Here, Debtor caused a Solicitation Package to be served on all parties-in-interest, including those parties entitled to vote. Based on the foregoing, it is my understanding that Debtor has complied in all respects with the solicitation requirements of Section 1125 of the Bankruptcy Code and the Solicitation Order, and no party has asserted otherwise.

#### 2. Debtor Has Satisfied the Plan Acceptance Requirements (§ 1126).

19. Debtor solicited acceptances or rejections of the Plan from the holders of Allowed Claims in Classes 2, 3, 4, 6, and 7 because each of these Classes is Impaired and entitled to vote on the Plan. Classes 1 and 5 are Unimpaired under the Plan and are therefore conclusively deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code. Class 8 is Impaired

DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTOR AND DEBTOR-IN-POSSESSION'S
MOTION TO SURCHARGE ESTATE PROPERTY AND SECURED CREDITOR COLLATERAL

and deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. The Ballot Summary, to be filed on or before March 26, 2026, will reflect the results of the voting process in accordance with Section 1126 of the Bankruptcy Code. Based on the foregoing, I believe that Debtor has satisfied the requirements of Section 1129(a)(2), and no party has asserted otherwise.

### C. The Plan Has Been Proposed in Good Faith and Not By Any Means Forbidden By Law (§ 1129(a)(3)).

20. I believe the Plan was proposed with honesty, good intentions, and a desire to maximize the value of Debtor's estate. Throughout this case, Debtor has worked to build consensus among various stakeholders. The Plan and the process leading up to its formulation are the result of extensive arm's-length negotiations among Debtor, the Consultation Parties, Purchaser, and various other critical stakeholders. The negotiation of the Global Settlement Agreement took more than nine months, involving several mediation sessions with the Honorable Randall Newsome (Ret.) and settlement conferences with Superior Court Judge Timothy Dillon. The Purchaser was one of two parties with which Debtor was negotiating sale terms as of August 2025, and it took until February 2026 for the PSA to be completed and executed. None of the parties to the Global Settlement Agreement or the PSA are insiders of Debtor. There was no collusion of any kind involving Debtor or any insider of Debtor with regard to the Plan or any Plan terms. Throughout the negotiation of the Plan, Debtor has upheld its fiduciary duties to stakeholders and protected the interests of all constituents with an even hand. Accordingly, I have been advised that the Plan fully complies with and satisfies all of the requirements of Section 1129(a)(3) of the Bankruptcy Code.

### D. The Plan Provides for Court Approval of Certain Administrative Payments (§ 1129(a)(4)).

21. It is my understanding that all payments made or to be made by Debtor for services or for costs or expenses in connection with this Chapter 11 Case prior to the Effective Date, including all Professional Fee Claims, have been approved by, or are subject to approval of, the Bankruptcy Court. The Plan provides that all final requests for payment of Professional Fee Claims shall be filed and only paid after notice and hearing and as approved by the Bankruptcy Court. See

Plan, Art. 3.5. Therefore, it is my understanding that the Plan complies with the requirements of Section 1129(a)(4) of the Bankruptcy Code.

### E. Debtor Has Complied with the Governance Disclosure Requirement (§ 1129(a)(5)).

22. The Plan provides for a Liquidating Trustee to manage the Liquidating Trust following the Effective Date. The appointment of myself, Bradley D. Sharp, as the Liquidating Trustee has been disclosed to all creditors and parties-in-interest through the filing of the Plan Supplement. As the current CRO, I am the individual most familiar with Debtor's business, assets, and this bankruptcy case, and my appointment as Liquidating Trustee is consistent with the interests of creditors and equity security holders and with public policy. Accordingly, I believe the Plan complies with all of the elements of Section 1129(a)(5) of the Bankruptcy Code.

### F. The Plan Does Not Require Governmental Approval of Rate Changes (§ 1129(a)(6)).

23. It is my understanding that the Plan does not provide for any rate changes and Debtor is not subject to any such regulation. Accordingly, Section 1129(a)(6) does not apply to the Plan.

### G. The Plan is in the Best Interests of Creditors (§ 1129(a)(7)).

24. Debtor, with the assistance of GlassRatner, prepared the Liquidation Analysis that was attached as Exhibit 3 to the Plan. The Liquidation Analysis was also the subject of the Declaration of J. Michael Issa filed in support of the Conditional Approval Motion [ECF No. 841]. As set forth in Mr. Issa's declaration and the Liquidation Analysis, Debtor determined that the estimated recovery under the Plan will likely lead to Holders of Secured Tax Claims, DIP Facility Claims, Administrative Claims, GAP Claims, Priority Tax Claims, and Other Priority Claims being paid in full from the Cash Consideration, and the LADI Secured Claims and LL Secured Claims being satisfied in full through the Credit Bid Consideration. In contrast, a hypothetical Chapter 7 liquidation would likely lead to a substantially lower sale price, or abandonment of the Real Property to secured creditors, and would result in substantially lower recoveries for all classes of creditors.

25. As further set forth in the Liquidation Analysis and Mr. Issa's declaration, a Chapter 7 liquidation would additionally result in: (a) the imposition of Stamp or Similar Taxes estimated at approximately $7,600,000 to $17,000,000 that are exempt under Section 1146(a) of the Bankruptcy Code pursuant to the Plan; (b) Chapter 7 Trustee fees of approximately 3% of all distributions pursuant to 28 U.S.C. § 326; (c) additional professional fees for newly-retained professionals unfamiliar with the case estimated at $1,000,000 to $3,000,000; and (d) the loss of the Architect Agreement assumption provisions, requiring payment of the Architect Cure Amount of approximately $2,411,000 from estate funds rather than by Purchaser. After payment of Secured Tax Claims and DIP Facility Claims in a Chapter 7 liquidation, insufficient funds would remain to pay in full the LADI Secured Claim, let alone any of the LL Secured Claims, Junior Secured Claims, or General Unsecured Claims.

26. Moreover, the Plan provides substantial non-monetary benefits to Holders of General Unsecured Claims that are not available in a Chapter 7 liquidation. Specifically, Confirmation of the Plan will ensure that construction and development of the Real Property proceeds expeditiously with a vetted Purchaser with sufficient capital and in coordination with the City of Los Angeles, thereby providing potential future employment and revenue opportunities for contractors and vendors in the construction industry who comprise a substantial portion of the general unsecured creditor pool. Accordingly, I believe that the Plan satisfies Section 1129(a)(7) because creditors are receiving at least as much under the Plan as they would in a Chapter 7 liquidation.

**H.     The Plan Can Be Confirmed Notwithstanding the Requirements of Section 1129(a)(8) of the Bankruptcy Code.**

27. As described above, Classes 1 and 5 are Unimpaired under the Plan and are therefore conclusively deemed to have accepted the Plan. Classes 2, 3, 4, 6, and 7 are Impaired and entitled to vote on the Plan. Class 8 is Impaired and deemed to reject the Plan. Debtor anticipates that Classes 2, 3, 4, 6, and 7 will vote to accept the Plan. Debtor will submit a detailed analysis of the ballots cast in connection with the Plan with its Ballot Summary on or before March 26, 2026. In any event, it is my understanding that the Court may still confirm the Plan over any non-accepting

Classes under the applicable "cramdown" provisions of Section 1129(b) of the Bankruptcy Code, as further described below and in the Confirmation Motion.

### I. The Plan Complies with Statutorily Mandated Treatment of Administrative and Priority Tax Claims (§ 1129(a)(9)).

28. The Plan generally provides that each holder of an Allowed Administrative Claim shall receive Cash equal to the unpaid portion of such Allowed Administrative Claim on the Initial Distribution Date, or as soon as reasonably practicable thereafter, unless the holder of such Claim agrees to different treatment. See Plan, Art. 3.2. Moreover, GAP Claims will be paid in accordance with the terms set forth in Article 3.4 of the Plan, and Priority Tax Claims will be paid in accordance with the terms set forth in Article 3.3 of the Plan and Section 1129(a)(9)(C) of the Bankruptcy Code. I believe that Debtor will have sufficient cash from the Cash Consideration to pay for all such claims. Accordingly, it is my understanding that the Plan is in compliance with Section 1129(a)(9) of the Bankruptcy Code.

### J. At Least One Impaired Class of Claims Has Accepted the Plan, Excluding the Acceptance of Insiders (§ 1129(a)(10)).

29. I have been informed that Section 1129(a)(10) provides that if a class of claims is impaired under a plan, at least one impaired class of claims must accept the plan, excluding acceptance by any insider. Debtor anticipates that more than one Class of Claims that is Impaired under the Plan (i.e., Classes 2, 3, 4, 6, or 7) will vote to accept the Plan, as determined without including acceptances of the Plan by any insider. Debtor will submit its Ballot Summary on or before March 26, 2026 pursuant to the Solicitation Order. For purposes of determining whether the Plan satisfies the requirements of Section 1129(a)(10), Debtor notes that Class 6 (General Unsecured Claims) is an Impaired Class that is entitled to vote on the Plan and does not include any insider Claims. Therefore, it is my belief that the Plan fully complies with and will satisfy all of the requirements of Section 1129(a)(10) of the Bankruptcy Code.

### K. The Plan is Feasible (§ 1129(a)(11)).

30. I believe the Plan satisfies the feasibility requirements of Section 1129(a)(11) of the Bankruptcy Code by providing that Debtor will be able to satisfy all of its obligations under the

Plan. The Plan is feasible as it provides for an orderly liquidation with sufficient funding. Debtor and its advisors have thoroughly analyzed their ability to meet their obligations under the Plan.

31. With respect to Effective Date payments, the Plan proposes satisfying Holders of LADI Secured Claims and LL Secured Claims through the Credit Bid Consideration. Debtor will use the Cash Consideration provided under the terms of the PSA to pay Holders of Allowed unclassified Claims and Classes 1 and 5 in full. Debtor has determined through its diligence of Purchaser that it has the means to close on the purchase of the PSA Property on the terms provided in the PSA. Purchaser has additionally provided a deposit of $3,000,000.00, which it will forfeit to the extent it does not close on the purchase of the PSA Assets, unless otherwise provided in the PSA. In the event that Purchaser does not close on its purchase of the PSA Property and Debtor does not otherwise close on an Alternative Transaction, the Effective Date will not occur. Debtor, therefore, submits that a reasonable probability exists that it will have sufficient cash to make all payments due on the Effective Date.

32. With respect to future payments, the Liquidating Trustee will make payments to Classes 4, 6, 7, and 8 depending on the amount of Sale Proceeds obtained through the Sale of the PSA Property and Allowed amounts of Administrative and Priority Claims. Since the Liquidating Trustee's obligation to make future payments is dependent on the amount of the Sale Proceeds and the liquidation of Plan Administration Assets, the Liquidating Trustee will either have the ability to make required future payments, or it will not be obligated to make such payments because the funds are not available. Therefore, the Plan satisfies the feasibility requirements of Section 1129(a)(11) of the Bankruptcy Code.

**L.     The Plan Provides for Payment of Certain Statutory Fees (§ 1129(a)(12)).**

33. It is my understanding that the Plan provides that Debtor shall pay all fees and applicable interest under Section 1930 of Title 28 as these fees become due. See Plan, Art. 3.6. Accordingly, it is my understanding that the Plan fully complies with and satisfies the requirement of Section 1129(a)(12) of the Bankruptcy Code.

///

///

DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF DEBTOR AND DEBTOR-IN-POSSESSION'S
MOTION TO SURCHARGE ESTATE PROPERTY AND SECURED CREDITOR COLLATERAL

**M.     Non-Applicability of Certain Sections (§§ 1129(a)(13), (14), (15), and (16)).**

34.     It is my understanding that Sections 1129(a)(13) through 1129(a)(16) of the Bankruptcy Code do not apply to the Plan because Debtor has no obligation to pay retiree benefits, Debtor is not subject to domestic support obligations, Debtor is not an "individual," and Debtor is a moneyed, business, or commercial entity, and no party has asserted otherwise.

**N.     The Plan Satisfies the Requirements of Section 1129(b) of the Bankruptcy Code.**

35.     As described above, Classes 1 and 5 are Unimpaired under the Plan and are deemed to accept the Plan. Classes 2, 3, 4, 6, and 7 are Impaired and entitled to vote. Debtor anticipates that these Classes will vote to accept the Plan. Class 8 is Impaired and deemed to reject the Plan. However, even in the event that the Court were to determine that the votes of any particular Class are not sufficient to render any Class an accepting class under Section 1126(c) of the Bankruptcy Code, confirmation is appropriate under Section 1129(b) because the "cramdown" requirements are met. More specifically, it is my understanding that, as set forth below, the Plan does not unfairly discriminate and is "fair and equitable," and therefore satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

**1.     The Plan Does Not Unfairly Discriminate With Respect to Impaired Classes That Have Not Voted to Accept the Plan.**

36.     I believe that the Plan's treatment of those Classes that have or are deemed to reject the Plan is proper and not "unfair" because holders of Claims and Interests with similar legal rights will not be receiving materially different treatment under the Plan. The Plan's classification scheme categorizes Claims and Interests based on their differing legal nature and their respective rights against Debtor. With respect to Class 8, which is Impaired and deemed to reject the Plan, the Plan provides that Holders of Equity Interests will receive payment on such interests only in the event that Holders of Claims in all senior Classes are paid in full. Such treatment maintains their interest in any Sale Proceeds if otherwise sufficient to pay senior Claims in full. Accordingly, I believe that the Plan does not discriminate unfairly with respect to Classes of Claims and Interests that are deemed to reject the Plan.

**2.    The Plan is Fair and Equitable.**

37.    I believe the Plan is "fair and equitable" to holders of Claims and Interests in those Classes that rejected or were deemed to reject the Plan because the Plan satisfies the absolute priority rule with respect to each of these non-accepting Impaired Classes. Specifically, no holder of any junior Claim or Interest will receive or retain any property under the Plan on account of such junior Claim or Interest unless all senior Claims are paid in full. With respect to Class 8, Equity Interests currently have a value of $0.00 in light of the amount of Claims, no Holders of Equity Interests have a fixed liquidation preference or fixed redemption price to which they are entitled, and there are no interests junior to Holders of Equity Interests. Therefore, I believe the Plan is fair and equitable with respect to all Impaired Classes of Claims and Interests and satisfies Section 1129(b) of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of March 2026 in San Juan Capistrano, California.

_____
Bradley D. Sharp

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

A true and correct copy of the foregoing document(s) entitled: **DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF MOTION FOR ORDER CONFIRMING DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 10, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **PLEASE SEE ATTACHED LIST**

☒ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:  On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 10, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY EMAIL:**

- Nowell A. Lantz on behalf of Petitioning Creditor Standard Drywall, Inc.
  nlantz@ftblaw.com

- William Hawkins on behalf of Creditor Chicago Title Insurance Company
  whawkins@loeb.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 10, 2026 | Raul Morales | /s/ Raul Morales |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Adam S Affleck on behalf of Creditor Fetzers' Inc.
  adam-affleck@rbmn.com, jennifer-franklin@rbmn.com

- Melody G Anderson on behalf of Creditor Creditors Adjustment Bureau, Inc.
  meanderson@zwickerpc.com

- James W Bates on behalf of Creditor Kovach Enclosure Systems, LLC
  jbates@jbateslaw.com

- Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
  ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com; ik-maurice.ibe@offitkurman.com

- Paul Brent on behalf of Creditor BRAGG INVESTMENT CO.
  snb300@aol.com

- Sara Chenetz on behalf of Creditor DTLA Lending LLC
  schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com; chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com

- Sara Chenetz on behalf of Petitioning Creditor Lendlease (US) Construction Inc.
  schenetz@perkinscoie.com, docketLA@perkinscoie.com; cmallahi@perkinscoie.com; jkulow@perkinscoie.com; chenetz-sara-perkins-coie-8670@ecf.pacerpro.com; rleibowitz@perkinscoie.com

- Jacquelyn H Choi on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
  jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com

- Leslie A Cohen on behalf of Interested Party Courtesy NEF
  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; camille@lesliecohenlaw.com

- Gloria D Cordova on behalf of Creditor Carrara, Inc.
  NEF@gcordovalaw.com, NEF@gcordovalaw.com; ssg@gcordovalaw.com

- Sean C Coughlin on behalf of Creditor Commercial Scaffolding of California, Inc.
  scc@coughlin-law.com, lb@coughlin-law.com; bcrena@noonanlance.com; ssuper@noonanlance.com

- Matthew Dill on behalf of Interested Party Courtesy NEF
  mdill@counsel.lacounty.gov

- Luke N Eaton on behalf of Creditor CMF, Inc.
  lukeeaton@cozen.com, jacqueline.sims@troutman.com

- Amir Gamliel on behalf of Creditor DTLA Lending LLC
  agamliel@perkinscoie.com, cmallahi@perkinscoie.com; DocketLA@perkinscoie.com

- Amir Gamliel on behalf of Petitioning Creditor Lendlease (US) Construction Inc.
  agamliel@perkinscoie.com, cmallahi@perkinscoie.com; DocketLA@perkinscoie.com

- Jon F Gauthier on behalf of Petitioning Creditor Standard Drywall, Inc.
  jgauthier@ftblaw.com, jrobinson@ftblaw.com

- Richard Girgado on behalf of Interested Party Courtesy NEF
  rgirgado@counsel.lacounty.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

- Richard H Golubow on behalf of Petitioning Creditor Woodbridge Glass Inc.
  rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com

- Ani Grigoryan on behalf of Interested Party Chicago Title Insurance Company
  ani.grigoryan@aalrr.com, jenifer.gootkin@aalrr.com

- Lance N Jurich on behalf of Creditor Chicago Title Company
  ljurich@loeb.com, pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com

- Lance N Jurich on behalf of Creditor Chicago Title Insurance Company
  ljurich@loeb.com, pmatsuda@loeb.com; ladocket@loeb.com; ljurich@ecf.courtdrive.com; fmckeown@loeb.com

- Gary E Klausner on behalf of Interested Party Courtesy NEF
  gek@lnbyg.com

- Noreen A Madoyan on behalf of U.S. Trustee United States Trustee (LA)
  Noreen.Madoyan@usdoj.gov

- Allison C. Murray on behalf of Creditor Schuff Steel Company, Inc.
  acmurray@swlaw.com, kcollins@swlaw.com

- Douglas M Neistat on behalf of Creditor ACCO Engineered Systems, Inc.
  dneistat@gblawllp.com, mramos@gblawllp.com

- Douglas M Neistat on behalf of Creditor Bapko Metal, Inc.
  dneistat@gblawllp.com, mramos@gblawllp.com

- Douglas M Neistat on behalf of Creditor Martin Bros./Marcowall, Inc.
  dneistat@gblawllp.com, mramos@gblawllp.com

- Douglas M Neistat on behalf of Interested Party Douglas Neistat
  dneistat@gblawllp.com, mramos@gblawllp.com

- Rosemary Nunn on behalf of Petitioning Creditor Mitsubishi Electric US, Inc.
  rosemary.nunn@procopio.com, nicholas.fortino@procopio.com; gaylene.oyama@procopio.com

- Matthew D Pham on behalf of Attorney Matthew D. Pham
  mpham@allenmatkins.com, mdiaz@allenmatkins.com

- Michael B Reynolds on behalf of Creditor Schuff Steel Company, Inc.
  mreynolds@swlaw.com, kcollins@swlaw.com

- Robert L. Rosvall on behalf of Creditor CallisonRTKL, Inc.
  rrosvall@ccllp.law, kvargas@ccllp.law

- Jeremy H Rothstein on behalf of Creditor ACCO Engineered Systems, Inc.
  jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com

- Jeremy H Rothstein on behalf of Creditor Bapko Metal, Inc.
  jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com

- Jeremy H Rothstein on behalf of Creditor Martin Bros./Marcowall, Inc.
  jrothstein@gblawllp.com, msingleman@gblawllp.com; mbowes@gblawllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- Leonard M. Shulman on behalf of Interested Party Kpc Global Care Inc A Cal Corp
  lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com; yrivera@shulmanbastian.com

- Howard Steinberg on behalf of Creditor L.A. Downtown Investment, LP
  steinbergh@gtlaw.com, pearsallt@gtlaw.com; NEF-BK@gtlaw.com; howard-steinberg-6096@ecf.pacerpro.com

- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov

- J Scott Williams on behalf of Interested Party Courtesy NEF
  jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com

- Donna Wong on behalf of Interested Party City of Los Angeles
  donna.wong@lacity.org

- Richard Lee Wynne on behalf of Interested Party City of Los Angeles
  richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com; cindy.mitchell@hoganlovells.com; rick-wynne-7245@ecf.pacerpro.com

- Chelsea Zwart on behalf of Petitioning Creditor Star Hardware, Inc.
  czwart@smsm.com, service@cgdrlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                          **F 9013-3.1.PROOF.SERVICE**