**HOGAN LOVELLS US LLP**
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Uchechi Egeonuigwe (Bar No. 297275)
uchechi.egeonuigwe@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the City of Los Angeles*

**OFFICE OF THE LOS ANGELES
CITY ATTORNEY**
Hydee Feldstein Soto, City Attorney (Bar
No. 106866)
Michael J. Dundas, Senior Assistant City
Attorney (Bar No. 226930)
mike.dundas@lacity.org
200 North Main Street, Suite 700
Los Angeles, CA 90012-4130
Telephone: (213) 978-8064
Facsimile: (213) 978-8090

*Attorneys for the City of Los Angeles*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re:

Oceanwide Plaza LLC,

      Debtor.

Case No.: 2:24-bk-11057-DS

Chapter 11

**MOTION TO CONTINUE
CONFIRMATION HEARING ON
DEBTOR'S COMBINED DISCLOSURE
STATEMENT AND PLAN OF
LIQUIDATION (DATED FEBRUARY 23,
2026); DECLARATION OF RICHARD L.
WYNNE IN SUPPORT THEREOF**

\\4131-2268-6567  v5

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:

**I.      INTRODUCTION**

The City of Los Angeles (the "City"), in its capacity as an administrative, priority, and unsecured creditor in the above-captioned chapter 11 case (the "Chapter 11 Case") of Oceanwide Plaza LLC (the "Debtor"), as well as an interested party due to its regulatory, civil and criminal enforcement powers and duties, hereby submits this motion (the "Motion") for entry of an order, substantially in form attached hereto as **Exhibit A**, continuing the confirmation hearing on the *Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* (the "Combined Plan") [Docket No. 842], presently set for April 9, 2026, at 11:00 a.m. (the "Confirmation Hearing"), for a minimum of forty-five (45) days. This Motion is supported by the declaration of Richard L. Wynne, attached hereto as **Exhibit B**.

The City has a strong interest in seeing the Oceanwide Plaza project (the "Project") sold to a qualified purchaser who will not only promptly remediate the existing blight conditions of the Project but more importantly, properly finance, construct and complete the development of this major Project. The City makes this request for a short continuance of the Confirmation Hearing because it is necessary for the City to complete its evaluation and diligence process, as discussed herein.

The City of Los Angeles has significant interests and a unique perspective in this Chapter 11 Case. Immediately before the case began, the Project – bounded by Figueroa Street, Flower Street, Eleventh Street, and Twelfth Street (the "Property") – was in a state of complete disarray. The Project had been cited for numerous serious public safety hazards and had recently been overrun by graffiti taggers and other thrill-seekers.[1]

---

[1]     See *Response to Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing* [Docket No. 142]; *The City of Los Angeles' (I) Statement in Support of Entry of a Final Order Authorizing Postpetition Financing and (II) Reservation of Rights* [Docket No. 193].

\\4131-2268-6567 v5

At significant public cost, both before and after this Chapter 11 Case was commenced, the City took immediate action to address these hazards. The City stationed nearly twenty members of the Los Angeles Police Department on around-the-clock duty, hired contractors to install perimeter fencing and razor wire, and otherwise stabilized the security situation at the Property. Only after conditions were stabilized – including the Debtor securing debtor-in-possession financing for security services, addressing life-safety violations, and paying related administrative costs – could attention turn to moving the case toward a sale to a responsible developer who would complete the Project promptly and in compliance with the City's requirements.

While the Debtor sought to market the Project for sale, relief from stay was granted to continue the state court litigation concerning priority and other disputes between the two secured creditors, KPC Plaza, LLC ("KPC") and its predecessor in interest, L.A. Downtown Investment LP, a California limited partnership ("LADI"), and Lendlease (US) Construction Inc. ("Lendlease"). That litigation was largely concluded in favor of KPC/LADI with respect to the priority of the secured debt on the Project.  Ultimately, KPC and Lendlease began working together to negotiate the proposed purchase with the Debtors that is the centerpiece of the Combined Plan.

To the credit of the various participants, remarkably few disputes in this Chapter 11 Case have required resolution by the Bankruptcy Court. Retired Bankruptcy Judge Randall Newsome was retained to mediate certain issues and there were significant mediation sessions. The City, LADI/KPC, and Lendlease became consultation parties pursuant to the *Order Approving Stipulation To Approve Confidentiality And Nondisclosure Agreement* entered on June 25, 2024 [Docket No. 292]. For almost a year, the Debtor, KPC, and Lendlease negotiated with respect to the potential purchase of the Property. Those negotiations culminated in the creation by KPC[2] and Lendlease of a new jointly owned entity, KPC Square, LLC, as the buyer of the Project (the "Proposed Purchaser").

---

[2]     KPC is an affiliate of the Proposed Purchaser. KPC acquired the LADI secured claim and the Proposed Purchaser holds or controls all secured claims held by Lendlease and DTLA Funding LLC, a California limited liability company.

\\4131-2268-6567  v5

The City had a constructive meeting with the Proposed Purchaser on March 25, 2026. However, the City needs additional time to complete its review and assess the Proposed Purchaser's ability to close the sale, secure construction financing, obtain a construction contract on acceptable terms, and complete development of the Project given the: (i) complexity of the Project; (ii) the contingencies with respect to certain requested entitlements, which require City approval, and are an express condition to closing of the sale on the Property; and (iii) the significant financial and other commitments required to close the sale and complete the Project.

## II.    RELEVANT BACKGROUND

### A.    The Combined Plan and Confirmation Schedule

On February 23, 2026, the Debtor filed the Combined Plan, which contemplates a sale of the Debtor's real property pursuant to a Purchase and Sale Agreement, dated February 16, 2026, between the Debtor and the Proposed Purchaser (the "Purchase Agreement"), which is attached as Exhibit 4 to the Combined Plan.

On February 25, 2026, the Court entered the *Order Granting Motion for Conditional Approval of Debtor's Combined Disclosure Statement and Liquidating Plan (Dated February 23, 2026) and Providing Other Ancillary and Related Relief* [Docket No. 848] (the "Conditional Approval Order"), which, among other things, conditionally approved the Combined Plan for solicitation purposes and established March 20, 2026, as the deadline for objections to confirmation.

On March 10, 2026, the Debtor filed the Plan Supplement [Docket No. 858] and its *Motion for Order Confirming Debtor's Combined Disclosure Statement and Plan of Liquidation* [Docket No. 859] (the "Confirmation Motion").

The Confirmation Hearing is currently scheduled for April 9, 2026, at 11:00 a.m. There have been no prior continuances of the Confirmation Hearing.

### B.    The Parties' Discussions and the Stipulated Extension

Following the filing of the Combined Plan, the City identified several issues concerning the structure of the proposed sale transaction that warranted further discussion with the Debtor and the Proposed Purchaser. The City and the Debtor entered into a stipulation, approved by the Court on March 18, 2026 [Docket No. 874], extending the City's deadline to object to confirmation of the

\\4131-2268-6567  v5

Combined Plan from March 20, 2026, to March 24, 2026. On March 23, 2026, the City and the Debtor entered into a second stipulation, approved by the Court on March 23, 2026 [Docket No. 889], extending the City's deadline to object to confirmation of the Combined Plan from March 24, 2026, to April 3, 2026.

## III.   LEGAL STANDARD

It is well established that courts have the inherent power to control their own dockets, including the power to continue hearings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also* 11 U.S.C. § 105(a) ("[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title[]"). Bankruptcy Courts routinely exercise their inherent authority to continue hearings on plan confirmation. *See, e.g.*, *In re Todd McFarlane Productions, Inc.*, No. 04-04909-PHX-GBN, 2008 WL 11628635, at *2 (Bankr. D. Ariz. Mar. 7, 2008) (noting prior continuances of confirmation hearing). Federal Rule of Bankruptcy Procedure 9006 further codifies the Court's authority to extend deadlines.

## IV.   ARGUMENT

### A.  A Brief Continuance Is Warranted

The Purchase Agreement states that the Proposed Purchaser has up to six (6) months after confirmation to close on the sale transaction.[3] The Purchase Agreement also grants the Proposed Purchaser the right to extend the closing date up to four times by ninety (90) days each.[4] One of the

---

[3]   *See* Purchase Agreement § 1.16 ("'Closing Date' shall mean the date that is the earlier of: (a) Six (6) months after the date the Sale Order and the Confirmation Order shall have been entered by the Bankruptcy Court and are not subject to a stay provided, in each case, that the conditions set forth in Section 4.1 and Section 4.2 have been met or waived, unless otherwise mutually agreed upon in writing by Buyer and Seller . . . .").

[4]   The Purchase Agreement also provides for the possibility of a closing date of "[e]ight (8) calendar days after DIP Expiration," which triggers the Proposed Purchaser's right to extend the closing date up to four times by ninety (90) days each. *See* Purchase Agreement § 1.16(b) ("Buyer shall have the right, in it[s] sole and absolute discretion, to extend the Closing Date up to four times by ninety (90) days for each extension (each, a 'Closing Date Extension') . . . .").

\\4131-2268-6567  v5

issues that the City seeks to address is some ambiguity in the language in order to clarify that the outside closing date is a maximum of six months.

While unusual, this extended timeline was deemed necessary by the Debtor and Proposed Purchaser given the complex regulatory approval process for a project of this scope and size, particularly after the existing permits have expired and the Project has sat vacant for approximately seven years. Specifically, the Purchase Agreement makes obtaining certain entitlements from the City a condition to closing, along with finalizing financing and securing a construction contract with a qualified general contractor.[5]

The City's approval of the requested entitlements is one of the most significant contingencies in the Combined Plan bearing directly on the certainty of closing and whether the proposed transaction provides a reliable path to consummation of the Combined Plan and completion of the Project. These are matters that bear directly on feasibility under 11 U.S.C. § 1129(a)(11), which requires that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor." 11 U.S.C. § 1129(a)(11).[6]

The City requests a continuance of the Confirmation Hearing for forty-five (45) days to permit additional record development and continued discussions on the issues relevant to confirmation. This modest extension would allow those discussions to proceed in an orderly manner and may narrow or resolve the City's concerns before the Confirmation Hearing.

---

[5] *See* Purchase Agreement §§ 4.1.7-4.1.9 ("4.1.7 Entitlements. All Entitlements have been procured to the satisfaction of Buyer, in its sole and absolute discretion. 4.1.8 Construction Contract. The execution and delivery of the Construction Contract. 4.1.9 Construction Loan. The closing of the Construction Loan shall have occurred on terms acceptable to Buyer in its sole and absolute discretion.").

[6] *See, e.g.*, *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (holding that § 1129(a)(11) exists to prevent confirmation of "visionary schemes" promising more than the debtor can attain); *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986) (requiring "ample evidence" that the plan has a reasonable probability of success); *In re Brotby*, 303 B.R. 177, 191 (B.A.P. 9th Cir. 2003) (requiring adequate evidence to support a finding of feasibility); *In re Walker*, 165 B.R. 994, 1005 (E.D. Va. 1994) (reversing confirmation where the plan failed to specify terms or a timeframe for proposed sales); *In re Made in Detroit, Inc.*, 299 B.R. 170, 176–77 (Bankr. E.D. Mich. 2003) (denying confirmation where funding depended on a loan commitment subject to unsatisfied conditions in the lender's sole discretion).

\\4131-2268-6567  v5

### B.    No Material Prejudice to the Estate

A continuance of the Confirmation Hearing will not materially prejudice the estate or other parties. The City is not seeking to extend the time for any other party to object to confirmation or to change any other existing Court orders. Although the Debtor, KPC, and Lendlease have been negotiating the terms of the Purchase Agreement and Combined Plan for a significant period of time, a detailed review and consultation was not possible until the Purchase Agreement was executed. The City, which has been kept apprised of the negotiations as a consultation party, now requires additional time to complete its diligence. This includes further meetings and information sharing with the Proposed Purchaser regarding its development plans, timeline, and financing-matters on which the City's approval is ultimately necessary, as well as an in-person inspection currently scheduled for April 15, 2026.

Further, proceeding with the Confirmation Hearing without adequate time to complete discussions risks requiring the Court to rule on an incomplete record. A short continuance of the Confirmation Hearing would better serve judicial economy by allowing the parties additional time to narrow or resolve issues.

### V.    CONCLUSION

For these reasons, the City respectfully requests that the Court continue the Confirmation Hearing for at least forty-five (45) days, or for such other period as the Court finds appropriate, and make any corresponding adjustments to related deadlines. A brief continuance will permit the parties to continue their discussions, develop the record, and potentially narrow or resolve issues before the Confirmation Hearing. The City further requests such other and further relief as the Court deems just and proper but is not seeking an extension of the objection deadline for any other party.

///

///

///

///

///

///

\\4131-2268-6567  v5

## VI.    RESERVATION OF RIGHTS

The City expressly reserves all rights, remedies, positions, and objections with respect to confirmation of the Combined Plan, the proposed transaction, and any related pleading, order, or relief. Nothing in this Motion waives or limits the City's authority, claims, defenses, objections, or regulatory discretion under applicable law.

Dated: March 27, 2026

Respectfully submitted,

By: */s/ Richard L. Wynne*

**HOGAN LOVELLS US LLP**
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Uchechi Egeonuigwe (Bar No. 297275)
uchechi.egeonuigwe@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the City of Los Angeles*

**OFFICE OF THE LOS ANGELES
CITY ATTORNEY**
Hydee Feldstein Soto, City Attorney (Bar No. 106866)
Michael J. Dundas, Senior Assistant City Attorney (Bar No. 226930)
mike.dundas@lacity.org
200 North Main Street, Suite 700
Los Angeles, CA 90012-4130
Telephone: (213) 978-8064
Facsimile: (213) 978-8090

*Attorneys for the City of Los Angeles*

\\4131-2268-6567  v5

**Exhibit A**

\\4131-2268-6567  v5

**HOGAN LOVELLS US LLP**
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Uchechi Egeonuigwe (Bar No. 297275)
uchechi.egeonuigwe@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the City of Los Angeles*

**OFFICE OF THE LOS ANGELES
CITY ATTORNEY**
Hydee Feldstein Soto, City Attorney (Bar
No. 106866)
Michael J. Dundas, Senior Assistant City
Attorney (Bar No. 226930)
mike.dundas@lacity.org
200 North Main Street, Suite 700
Los Angeles, CA 90012-4130
Telephone: (213) 978-8064
Facsimile: (213) 978-8090

*Attorneys for the City of Los Angeles*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

In re:

Oceanwide Plaza LLC,

      Debtor.

Case No.: 2:24-bk-11057-DS

Chapter 11

**[PROPOSED] ORDER GRANTING
MOTION TO CONTINUE
CONFIRMATION HEARING ON
DEBTOR'S COMBINED DISCLOSURE
STATEMENT AND PLAN OF
LIQUIDATION (DATED FEBRUARY 23,
2026)**

\\4131-2268-6567  v5

The Court having reviewed and considered the *Motion to Continue the Confirmation Hearing* on *Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* (the "Motion") and good cause appearing,

**IT IS HEREBY ORDERED** that:

1.    The Motion is **GRANTED**.

2.    The hearing on confirmation of the *Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* (the "Combined Plan") [Docket No. 842], currently scheduled for April 9, 2026, at 11:00 a.m., is hereby **CONTINUED** to _____, 2026, at _____ a.m./p.m. in Courtroom 1639, 255 East Temple Street, Los Angeles, California 90012, and via ZoomGov.

3.    The deadline for the City of Los Angeles to file and serve any objection to confirmation of the Combined Plan and to submit its ballot is extended to _____, 2026.

4.    The deadline for the Debtor to file any reply memorandum and supporting declarations and evidence in support of confirmation is extended to _____, 2026.

5.    Except as expressly modified herein, all other dates, deadlines, and procedures established by the *Order Granting Motion for Conditional Approval of Debtor's Combined Disclosure Statement and Liquidating Plan (Dated February 23, 2026) and Providing Other Ancillary and Related Relief* [Docket No. 848], as previously modified, remain in full force and effect.

**###**

DATED: _____, 2026

_____
HON. DEBORAH J. SALTZMAN
UNITED STATES BANKRUPTCY JUDGE

\\4131-2268-6567  v5

**Exhibit B**

\\4131-2268-6567  v5

## **DECLARATION OF RICHARD L. WYNNE**

I, Richard L. Wynne, declare as follows:

1.     I am a partner at Hogan Lovells US LLP, counsel for the City of Los Angeles (the "City") in this Chapter 11 Case. I submit this declaration in support of the City's *Motion to Continue Confirmation Hearing on Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* (the "Motion"). I have personal knowledge of the facts set forth herein and could testify competently thereto.

2.     The hearing on confirmation of the Debtor's *Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* [Docket No. 842] (the "Confirmation Hearing") is currently scheduled for April 9, 2026, at 11:00 a.m. The Motion seeks a continuance of the Confirmation Hearing for at least forty-five (45) days.

3.     As set forth in the Motion, the City requires additional time to complete its diligence and continue ongoing discussions with the Debtor and the Proposed Purchaser regarding the Combined Plan.[7] The City held a constructive meeting with the Proposed Purchaser on March 25, 2026, and has an in-person inspection of the Property scheduled for April 15, 2026, after the currently scheduled Confirmation Hearing. The Combined Plan conditions closing on obtaining certain entitlements requiring City approval, finalizing construction financing, and securing a construction contract. A brief continuance will allow the City to complete its review of these critical contingencies without materially prejudicing the estate or other parties.

4.     Given the current April 9, 2026, hearing date, and the City's objection deadline of April 3, 2026, the City is seeking a ruling on the Motion before April 2, 2026.

///

///

///

///

///

---

[7]     Capitalized terms used but not defined herein have the meaning given to them in the Application.

\\4131-2268-6567  v5

5.    Based on the foregoing, there is good cause to grant the Motion and continue the Confirmation Hearing for at least forty-five (45) days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 27th day of March, 2026, at Los Angeles, California.

_____
Richard L. Wynne

\\4131-2268-6567  v5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**HOGAN LOVELLS US LLP**
**855 Main St., Suite 200**
**Redwood City, CA 94063**

A true and correct copy of the foregoing document entitled (*specify*):

**MOTION TO CONTINUE CONFIRMATION HEARING ON DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026)**

will be served or was served ~~**(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and~~ **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 27, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **March 27, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 27, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 27, 2026 | Kristel Gelera | */s/ Kristel Gelera* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

### *In re: Oceanwide*
### Case No: 2:24-bk-11057-DS

### *SERVED VIA NEF & E-MAIL*

- **Adam S Affleck**   adam-affleck@rbmn.com, jennifer-franklin@rbmn.com
- **Melody G Anderson**   mganderson@buchalter.com
- **James W Bates**   jbates@jbateslaw.com
- **Ori S Blumenfeld**   ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- **Paul Brent**   snb300@aol.com
- **Sara Chenetz**   schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Jacquelyn H Choi**   jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;camille@lesliecohenlaw.com
- **Gloria D Cordova**   NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com
- **Sean C Coughlin**   scc@coughlin-law.com, lb@coughlin-law.com;bcrena@noonanlance.com;ssuper@noonanlance.com
- **Matthew Dill**   mdill@counsel.lacounty.gov
- **Luke N Eaton**   lukeeaton@cozen.com, jacqueline.sims@troutman.com
- **Amir Gamliel**   agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Jon F Gauthier**   jgauthier@ftblaw.com, jrobinson@ftblaw.com
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Ani Grigoryan**   ani.grigoryan@aalrr.com, jenifer.gootkin@aalrr.com
- **Lance N Jurich**   ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- **Gary E Klausner**   gek@lnbyg.com
- **Bernard J Kornberg**   bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov, David.S.Shevitz@usdoj.gov
- **Allison C. Murray**   acmurray@swlaw.com, kcollins@swlaw.com
- **Douglas M Neistat**   dneistat@gblawllp.com, mramos@gblawllp.com
- **Rosemary Nunn**   rosemary.nunn@procopio.com, nicholas.fortino@procopio.com;gaylene.oyama@procopio.com
- **Matthew D Pham**   mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Michael B Reynolds**   mreynolds@swlaw.com, kcollins@swlaw.com
- **Robert L. Rosvall**   rrosvall@ccllp.law, kvargas@ccllp.law
- **Jeremy H Rothstein**   jrothstein@gblawllp.com, msingleman@gblawllp.com;acontreras@gblawllp.com
- **Leonard M. Shulman**   lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com

- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **J Scott Williams**    jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com
- **Donna Wong**    donna.wong@lacity.org
- **Richard Lee Wynne**    richard.wynne@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-7245@ecf.pacerpro.com
- **Chelsea Zwart**    czwart@smsm.com, service@cgdrlaw.com