GREENBERG TRAURIG, LLP
Howard J. Steinberg (SBN 89291)
steinbergh@gtlaw.com
Eric V. Rowen (SBN 106234)
rowene@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for KPC Square, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:24-bk-11057-DS |
| Oceanwide Plaza LLC, | Chapter 11 |
| Debtor. | **OPPOSITION OF KPC SQUARE, LLC TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026)** |

DATE:    NO HEARING DATE SET YET BY
              COURT
TIME:
DEPT:    Ctrm 1639/Via ZoomGov
              255 East Temple Street
              Los Angeles, CA 90012

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

## I.   **INTRODUCTION**

The City of Los Angeles (the "City") seeks a last-minute continuance of the hearing on confirmation of the *Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* [Docket No. 842] (the "Plan"), currently scheduled for April 9, 2026 (the "Confirmation Hearing Date").  The City's *Motion to Continue Confirmation Hearing on Debtor's Combined Disclosure Statement and Plan of Liquidation (Dated February 23, 2026)* [Docket No. 908] (the "Motion") should be denied.

1.   The basis for the relief sought is that the City allegedly needs more time to evaluate entitlement requests ("Entitlement Requests") made by the proposed purchaser of Debtor's assets, KPC Square, LLC ("KPC"), and cannot do so before the Confirmation Hearing Date.

2.   The City has had the Entitlement Requests for over a year.

3.   The City, with full knowledge of the Entitlement Requests, expressly agreed to the Confirmation Hearing Date over seven weeks ago.

4.   The City had ample opportunity to move for a continuance of the Confirmation Hearing Date on regular notice and failed to do so.

5.   There is no need for the  Motion because the City was granted two extensions of time to file an objection to the Plan and still has an opportunity to do so by the extended deadline of April 3, 2025.

The Confirmation Hearing Date was the subject of intense negotiations.  KPC Square, LLC ("KPC") sought an earlier date, as confirmation of the Plan cuts off the right to a fiduciary out and the possibility of an Alternative Transaction (as defined in section 9.5 of the Purchase and Sale Agreement ("PSA"), which is attached as Exhibit 4 to the Plan, and the City, as a consulting party, was given advance notice of and approved the Confirmation Hearing date before the Plan was filed.  Thus, it is indisputable that at all times the City has been fully aware of the approaching Confirmation Hearing Date.

In its Motion, the City says that it needs additional time to complete its diligence and references a meeting it had with KPC on March 25, 2026.  At best, this is misleading.  The City has had interactions

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

with KPC for well over a year and during this time was fully aware that an affiliate of KPC was interested in acquiring and developing the property.  The numerous exchanges of information between the City and KPC and/or its affiliates are set forth in the Declaration of John Petty ("Petty Decl.") filed concurrently herewith.  During the past seven weeks, the City conducted no discovery, and the City fails to reference any information requests to KPC that have not been addressed. The City also retains the right, until April 3, 2026, to file a Plan objection, a remedy that remains fully available to it. Having made these deliberate choices, the City cannot now manufacture an emergency to obtain a continuance it neither needs nor deserves.  Its eleventh-hour Motion is inconsistent with its own prior conduct, unsupported by the legal standards governing continuance requests.  As the Court is well aware, throughout this case, the City has trumpeted the fact that graffiti is a public nuisance which must be remedied forthwith.  Now, given the opportunity to have this done expeditiously, the City claims it is unprepared to evaluate a project that will revitalize an important section of downtown Los Angeles which is suffering from serious economic malaise, result in improvements approximating $800 million, and create thousands of jobs.  Further, the City has expressed continued concerns that the project be ready in time for the upcoming Olympics, a very tall order given the work that needs to be done yet requests a delay of 45 days with no assurances that there will be no further requests for a continuance. Dragging out this process will inflict concrete and irreparable harm on KPC and the broader public interest—including undermining the time-sensitive remediation of blight and graffiti at the project site and the critical goal of having the project "Olympic ready."

## II.    **BACKGROUND FACTS**

The Confirmation Hearing date was not arbitrarily selected. Confirmation of the Plan cuts off the right to a fiduciary out and the possibility of an Alternative Transaction (as defined in section 9.5 of the Purchase and Sale Agreement ("PSA"), which is attached as Exhibit 4 to the Plan), which must be an offer that exceeds the price paid by KPC plus a breakup fee.  This protection was a material term of the deal that was negotiated and agreed upon.  KPC has spent millions of dollars in the acquisition and diligence process and is committed to closing the deal.  While a breakup fee mitigates these expenses, KPC's involvement stems from a desire to develop the project, and an Alternative Transaction would be an unwelcome outcome.

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

As noted above, the City has been aware of the Confirmation Hearing Date for seven weeks. It points to no information requests to which KPC has not responded.  It fails to delineate the information it needs to determine whether it will vote for or against the Plan.  In fact, it is hard to conceive why any information is needed to enable the City to vote on the Plan.  It asserts administrative and priority claims and there are funds allocated to pay these claims in full.  If the City holds an unsecured claim, it is small and its vote will not change the fact that all unsecured creditors who voted on the Plan, save for one, voted in favor of the Plan and the City's vote will not alter the fact that this class of creditors has overwhelmingly voted to approve the Plan.

If information was needed, it is telling that the City conducted no discovery in connection with Plan confirmation.  While the City refers to feasibility concerns, it fails to mention that KPC has ample funds to pay all monies required to pay the purchase price for the property and has multiple proposals for construction loans equal to and well in excess of amounts needed to complete the project.  If the sale of the property to KPC via the Plan does not go forward, the project will continue to sit unfinished and vacant as it has for over 7 years, the blight will not be addressed, and the opportunity to revitalize this area will be lost.  It is inconceivable that this is a preferred path.

The City claims that it needs more time to evaluate entitlement requests made by KPC.  These entitlement requests were discussed with Mayor Bass in December of 2024 and thereafter provided to other City officials in February and March of 2025.  Further, as detailed in the Petty Decl., KPC's affiliate reached out to City officials a number of times during 2025 to discuss the development of the project and had meetings with the City to discuss the project after the asset purchase agreement with the Debtor was signed.  The City has had ample time to consider the requests, KPC has indicated a willingness to negotiate the requests, and there is a six-month post-confirmation window for the City and KPC to reach agreement on these requests.  If the City believes that it is in the best interest of the community  to try and shut down development efforts on a project that has remained dormant for over seven years so that the property remains in its current blighted and unfinished condition with no assurances of development rather than accept a development project that will pump many hundreds of millions of dollars into development, revitalize the area,  and is proposed by a well credentialed and established developer with a long track record of successful projects who has teamed with the former

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

general contractor of the project, who the City has acknowledged has more institutional knowledge of the project than anyone else, it is free to do so.

The deadline for the City to file an objection to the Plan is April 3, 2026. The City thus retains a full and adequate opportunity to raise any legitimate concerns through the objection process. The City may raise any objections or concerns with the Plan through a properly filed objection, which is an appropriate vehicle for raising concerns without entirely disrupting the established confirmation timeline.

Compounding the impropriety of the City's Motion is the manner and timing of its filing. This Court advised the parties several weeks ago that the presiding judge would be on vacation during the coming week. Notwithstanding that notice, the City waited until now to file its Motion—either in the apparent hope that the matter would be handled by a judge covering the Court's calendar during the presiding judge's absence, or with complete disregard for the Court's previously disclosed schedule. Either way, the timing of the filing is difficult to attribute to genuine urgency and reflects instead a calculated litigation choice that this Court should not reward.

The City has not committed to refraining from seeking additional continuances if this request is granted, raising the very real prospect of serial delay. The City is also unwilling to agree that the Alternative Transaction Deadline of April 9 will be honored if a continuance is granted. Instead, the City's position is that the Alternative Transaction window should remain open indefinitely until such time as a plan is ultimately confirmed. This directly contradicts previous negotiations and would expose KPC (and the Debtor's sales process at large) to uncertainty and competing, uncertain transactions that the parties specifically agreed to foreclose by the April 9 date in order to proceed towards a timely sale.

The City's continuance request stands in stark contrast to the otherwise pertinent filings to the Plan confirmation process. First, only a very limited number of actual objections have been received to date to confirmation of the proposed Plan. The limited objections that have been raised are addressed in the *Debtor's Omnibus Reply in Support of Motion for Order Confirming Debtor's Combined Disclosure Statement and Plan of Liquidation* [Docket No. 906] (the "Debtor's Confirmation Reply"). The Motion's request for a continuance at a time when all actual, timely objections have been neatly addressed in the Debtor's Confirmation Reply is suspect and unwarranted. Moreover, as established in the *Voting Declaration of Stretto Regarding Tabulation of Votes in Connection with the Debtor's Combined*

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

*Disclosure Statement and Plan of the Liquidation (Dated February 23, 2026)* [Docket No. 904], not a single class of creditors voted to oppose the Plan. There are over a billion dollars of claims in existence. Allowing the Motion to continue the Confirmation Hearing timeline, particularly on an *ex parte* basis, in the face of such otherwise overwhelming support of the Plan is unjustified.

It is also telling that the City's position is in stark contrast to the actions it has previously taken. The Confirmation Hearing date was set in response to the *Second Ex Parte Motion to Continue Case Hearings* [Docket No. 814]. This date was the result of intense negotiations and KPC wanted the earliest practical date for the hearing. The City consented to this date. When there was a need for modification of deadlines in connection with filings pertaining the Plan process, including objections and reply briefs, both KPC and the City took the position that while other dates could be moved, the Confirmation Hearing Date could not. Accordingly, the Confirmation Hearing Date was not changed. *See Third Ex Parte Application to Continue Case Deadlines [Docket No. 823] and Order Granting Third Ex Parte Motion to Continue Case Deadlines* [Docket No. 824, Ex. A]. The City was well aware of the entitlement requests at that time. Thus, the notion that there is an emergency because entitlement requests, which the City has had for over a year, need to be considered in more detail, rings hollow.

### III.    <u>LEGAL STANDARD</u>

The Ninth Circuit has consistently held that a bankruptcy judge has discretion whether to continue a hearing. *See, e.g. In re Sustaita*, 438 B.R. 198, 211 (B.A.P. 9th Cir. 2010), *aff'd*, 460 Fed. Appx. 627 (9th Cir. 2011) (no prejudice in denying a motion to continue an enforcement hearing against a petition preparer where he had been served months before the hearing and the request to continue was made two days before the hearing). As outlined in *In re Sustaita*, courts in the Ninth Circuit should consider the following factors when determining whether a court abused its discretion in denying a continuance of a hearing: (1) the extent of the movant's diligence in its efforts to prepare prior to the hearing date of the underlying matter; (2) how likely the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court, opposing parties, and witnesses; and (4) the extent to which the movant suffered harm as a result of the denial of the continuance. *Id; see also United States v. Mejia*, 69 F.3d 309, 314 (9th Cir.1995) (applying same four-factor test for continuance); *In re Brewster*, 243 B.R. 51, 57 (B.A.P. 9th Cir. 1999) (same).

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

## IV.    THE CONTINUANCE REQUEST SHOULD BE DENIED

The City's Motion should be denied.  Every factor *In re Sustaita* weighs against granting the City's requested continuance.  Further, the City's request for a continuance is contrary to the City's prior conduct and stated goals for the project.

### A.    In re Sustaita Factors

#### (i)    Factor One: Lack of Diligence

The first and most important *In re Sustaita* factor is the movant's diligence in preparing for the hearing.  *In re Sustaita*, 438 B.R. 198, 211.  Here, the City's conduct reflects not a lack of opportunity to prepare, but a deliberate choice not to do so.

The City has known about the April 9 Confirmation Hearing for seven weeks.  During that time, it conducted no discovery, even though the discovery period was open and available to it.  A party who conducts no discovery during the time available to it cannot satisfy the diligence requirement.

Moreover, the City still has until April 3, 2026 to file a plan objection. The objection process is precisely the mechanism by which a party that has concerns about a plan—and has had seven weeks to develop those concerns—is expected to raise them.  The City's failure to avail itself of the discovery process and its continued failure to commit to filing an objection in the past 7 weeks are not consistent with the conduct of a diligent party that genuinely needs more time to prepare.  They are consistent with a party that is seeking delay for strategic reasons unrelated to preparation.  The first factor weighs heavily against the City.

#### (ii)    Factor Two: Need for a Continuance Could Have Been Addressed Through Timely Action

The second factor asks how likely it is that the need for a continuance could have been met if the continuance had been granted.  *Id*.  This factor also weighs against the City.  Whatever concerns the City may have about the Plan could have been, and still can be, addressed through the timely filing of a plan objection by April 3, 2026.  The objection process exists precisely to allow parties to raise substantive concerns about a proposed plan of reorganization. The City has had seven weeks to develop its position, review the Plan, and prepare an objection.  The need for a continuance—to the extent any genuine need exists—is not a product of insufficient time or inadequate process.  It is a product of the City's own

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

strategic choices. The second factor weighs against granting the application.

### (iii) Factor Three: Granting the Continuance Would Cause Substantial Inconvenience and Harm to the Court, Opposing Parties, and Witnesses

The third factor—the extent to which a continuance would inconvenience the court, opposing parties, and witnesses—weighs strongly against the City's request. *Id*. In this case, the inconvenience is not merely logistical. It is financial, operational, and transactional. First, the Confirmation Hearing Date was specifically negotiated to ensure that confirmation would occur before the deadline by which third parties retain the right to pursue an Alternative Transaction. Confirmation on April 9 cuts off that right. This was a material, negotiated term of the transaction. The City has refused to agree that the Alternative Transaction Deadline of April 9 will be honored if a continuance is granted. Instead, the City's position is that the Alternative Transaction window should remain open indefinitely—until such time as a plan is ultimately confirmed, whenever that may be. Granting the continuance on those terms would directly deprive KPC of material benefits it negotiated for and would expose KPC to the uncertainty the parties specifically agreed to eliminate.

Second, any delay costs money. KPC has hired teams of consultants and others and is accruing significant expenses in anticipation of the close of the sale. The delay of continuing the hearing will result in added expense. Further, KPC has arranged for diligence teams to commence work shortly after the Confirmation Hearing date and these plans will now all be disrupted if the Confirmation Hearing is continued. These are real and quantifiable harms that fall squarely within the "inconvenience to opposing parties" consideration under the third *In re Sustaita* factor.

Third, the City has previously represented its own priority that graffiti and blight remediation at the project site must proceed immediately and that the project must be ready for the 2028 Olympics. A continuance directly impairs KPC's ability to advance that remediation work and meet Olympic-related milestones. The City cannot credibly argue both that these steps are urgent and that a delay in confirmation is harmless.

Fourth, the City has refused to commit that it will not seek additional continuances if this one is granted. The Court and the parties thus face not merely a single strategic continuance but the prospect of

8

serial delay with no defined endpoint. This risk compounds the inconvenience and harm to all parties and to the administration of this case.  The third *In re Sustaita* factor, therefore, also weighs heavily against granting the Motion.

#### (iv)     Factor Four: The City Will Suffer No Cognizable Harm From Denial of the Continuance

The fourth *In re Sustaita* factor asks about the harm the movant will suffer if the continuance is denied.  *Id*.  Here, the City faces no cognizable harm from denial.

The City retains a full and adequate remedy: it may file a plan objection by April 3, 2026, and present its objections at the Confirmation Hearing on April 9. If the City has legitimate substantive concerns about the Plan, those concerns can and should be raised through the objection process.  Denial of the continuance does not deprive the City of any procedural right or substantive protection to which it is entitled.

By contrast, as detailed above under the third In re Sustaita factor, the harm from granting the continuance falls entirely on KPC and other stakeholders who depend on a timely and orderly confirmation process. The asymmetry here is stark: the City suffers no harm from denial, while KPC and other parties-in-interest suffer concrete, material harm from a grant.  Under *In re Sustaita*, this asymmetry strongly supports denial.  *Id*.

### B.     Additional Considerations

Beyond the four *Sustaita* factors, the Court should also consider the broader context in which the City's Motion is made. The City previously took the position that remediation and project steps needed to be taken immediately.  It is difficult to reconcile that prior position of urgency with the City's current request to delay the Confirmation Hearing.

This inconsistency is not merely a matter of changed circumstances. The City's current approach—seeking a continuance while refusing to agree that the Alternative Transaction Deadline will be honored, and refusing to commit against seeking further continuances— reveals that the true purpose of the Motion is to preserve optionality for an Alternative Transaction. That is a result the parties specifically negotiated against. A court sitting in equity should not permit a party to use procedural delay

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

to unwind a negotiated transaction structure, particularly where that party has failed to satisfy any of the *Sustaita* factors.

## V.    **CONCLUSION**

For the reasons set forth above, KPC respectfully requests that the Court deny the Motion.

DATED:  March 26, 2026                    GREENBERG TRAURIG, LLP


By */s/ Howard J. Steinberg*
Howard J. Steinberg
Attorneys for KPC Square, LLC

OPPOSITION TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF KPC SQUARE, LLC  TO MOTION TO CONTINUE HEARING ON DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION (DATED FEBRUARY 23, 2026)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 30, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____(*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 30, 2026 | Terrine Pearsall | /s/ Terrine Pearsall |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

Adam S Affleck     adam-affleck@rbmn.com, jennifer-franklin@rbmn.com
Melody G Anderson    mganderson@buchalter.com
James W Bates    jbates@jbateslaw.com
Ori S Blumenfeld     ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
Paul Brent    snb300@aol.com
Sara Chenetz    schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
Jacquelyn H Choi    jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;camille@lesliecohenlaw.com
Gloria D Cordova    NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com
Sean C Coughlin    scc@coughlin-law.com, lb@coughlin-law.com;bcrena@noonanlance.com;ssuper@noonanlance.com
Matthew Dill    mdill@counsel.lacounty.gov
Luke N Eaton    lukeeaton@cozen.com, jacqueline.sims@troutman.com
Amir Gamliel    agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
Jon F Gauthier    jgauthier@ftblaw.com, jrobinson@ftblaw.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Lance N Jurich    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
Bernard J Kornberg     bernie.kornberg@millernash.com, edgar.rosales@millernash.com
Noreen A Madoyan     Noreen.Madoyan@usdoj.gov, David.S.Shevitz@usdoj.gov
Allison C. Murray    acmurray@swlaw.com, kcollins@swlaw.com
Douglas M Neistat     dneistat@gblawllp.com, mramos@gblawllp.com
Rosemary Nunn    rosemary.nunn@procopio.com, nicholas.fortino@procopio.com;gaylene.oyama@procopio.com
Matthew D Pham    mpham@allenmatkins.com, mdiaz@allenmatkins.com
Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com

Robert L. Rosvall     rrosvall@ccllp.law, kvargas@ccllp.law
Jeremy H Rothstein     jrothstein@gblawllp.com,
msingleman@gblawllp.com;acontreras@gblawllp.com
Leonard M. Shulman     lshulman@shulmanbastian.com,
bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-
BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Sharon Z. Weiss     sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-
7104@ecf.pacerpro.com
J Scott Williams     jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com
Donna Wong     donna.wong@lacity.org
Richard Lee Wynne     richard.wynne@hoganlovells.com,
tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-
7245@ecf.pacerpro.com
Chelsea Zwart     czwart@smsm.com, service@cgdrlaw.com