HOGAN LOVELLS US LLP
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Uchechi Egeonuigwe (Bar No. 297275)
uchechi.egeonuigwe@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the City of Los Angeles*

OFFICE OF THE LOS ANGELES
CITY ATTORNEY
Hydee Feldstein Soto, City Attorney (Bar
No. 106866)
Michael J. Dundas, Chief Assistant City
Attorney (Bar No. 226930)
mike.dundas@lacity.org
200 North Main Street, Suite 700
Los Angeles, CA 90012-4130
Telephone: (213) 978-8064
Facsimile: (213) 978-8090

*Attorneys for the City of Los Angeles*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re:

OCEANWIDE PLAZA LLC,

    Debtor and Debtor in Possession.

Case No.: 2:24-bk-11057-DS
Hon. Deborah J. Saltzman

Chapter 11

**STATEMENT OF THE CITY OF LOS ANGELES WITH RESPECT TO BRYAN CAVE LEIGHTON PAISNER LLP'S THIRD INTERIM FEE APPLICATION; DECLARATION OF RICHARD WYNNE**

Hearing
Date:  July 16, 2026
Time:  1:00 p.m.
Place:  U.S. Bankruptcy Court
        Central District of California
        255 East Temple Street
        Courtroom 1639
        Los Angeles, California 90012

**PRELIMINARY STATEMENT**

The City of Los Angeles (the "City"), a creditor and significant party in interest in the above-captioned Chapter 11 case, respectfully submits this Statement with respect to the Third Interim Fee Application filed by Bryan Cave Leighton Paisner LLP ("Bryan Cave"), counsel to the Debtor, along with the Declaration of Richard Wynne.  The City has reviewed the Objection filed by KPC Plaza, LLC ("KPC Plaza") [Dkt. 990] as well as the Reply to KPC Plaza, LLC's Objection to Third Interim Application for Payment of Interim Fees and Expenses of Bryan Cave Leighton Paisner LLP [Dkt. 993].   As reflected in the Wynne Declaration attached, the City through its counsel has firsthand experience with Bryan Cave's work on this case and the nature of the work performed. Based on that experience, the City respectfully submits that it has no objection to the fees and expenses requested.

**I.      The City's Role and Interest in the Case**

The City is an administrative, priority, and unsecured creditor of the Debtor's estate. The City is also the governmental entity responsible for public safety, land use, building and safety, fire, transportation, and utility matters affecting the Oceanwide Plaza project (the "Project")—a large-scale, partially constructed mixed-use development in downtown Los Angeles that has become a significant public safety and blight concern.

The City has been an active participant in this case from its inception, seeking to promote a viable sale of the Project that results in near-term remediation of blight and a realistic path to completion, often participating at the request of the Debtor and the secured creditors.  While the Debtor and its counsel has had primary responsibility for seeking and choosing a prospective purchaser, negotiating with the secured lenders and other parties in interest with respect to a proposed sale and plan of reorganization, the City was designated a consultation party in order to remain informed about the process and seek to facilitate it whenever possible.  This has included making City personnel and its legal counsel available for regular meetings with the Debtor as well as meeting upon request with potential purchasers. The City has also participated in the formal mediation sessions, both in the Bankruptcy Case as well as in the state court litigation between secured creditors LADI and Lendlease, along with the extended plan of reorganization and sales process and related negotiations. Thus, the City has had significant exposure to the work performed in this case by Bryan

Cave.

Specifically in connection with its evaluation of the proposed sale and related plan of reorganization provisions, the City conducted extensive diligence, including among other actions, written diligence requests to the Proposed Purchaser (KPC Square, LLC), six in-person meetings with KPC Square between February and May 2026, and a comprehensive site visit on April 15, 2026 involving over twenty City representatives from multiple city departments, including the Mayor's Office and Council District 14.[1]  There have also been significant additional discussions and negotiations with respect to potential plan amendments and changes to the proposed Purchase and Sale Agreement ("PSA").

On May 5, 2026, the City filed its Objection to Confirmation of the Combined Plan [Dkt. 951], raising feasibility concerns under 11 U.S.C. § 1129(a)(11) relating to the Proposed Purchaser's development plan, financing disclosures, and closing timeline. Confirmation is set for July 20, 2026.

## II.    Bryan Cave's Role in This Case

The City's Confirmation Objection is not directed at any conduct by Bryan Cave.  It deals exclusively with the results of the City's diligence and concerns with respect to KPC's new entitlement requests and their feasibility as well as other issues with the proposed Bankruptcy Plan. As reflected in the Wynne Declaration, the concerns set forth in the City's Confirmation Objection are not matters the City attributes to any deficiency by Debtor's counsel. Therefore, and in considering the City' substantial involvement in this case during the past three years, the City has seen no reason to object to the fees requested in Bryan Cave Third Interim Fee Application at this point in the Chapter 11 case.

---

[1] See generally Objection to Confirmation of the Combined Plan [Dkt. 951].

**CONCLUSION**

For the foregoing reasons, the City of Los Angeles respectfully submits its Statement with respect to the Third Interim Fee Application of Bryan Cave.

Dated:  July 14, 2026

**HOGAN LOVELLS CADWALADER US LLP**

By_____
Richard L. Wynne
**HOGAN LOVELLS CADWALADER US LLP**
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Uchechi Egeonuigwe (Bar No. 297275)
uchechi.egeonuigwe@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone:     (310) 785-4600
Facsimile:     (310) 785-4601

**DECLARATION OF RICHARD L. WYNNE**

RICHARD L. WYNNE, under penalty of perjury, declares:

1.    I am an attorney at law admitted and in good standing to practice in the States of California, New York, and New Jersey; the United States District Courts for the Central, Northern and Southern Districts of California, Southern and Eastern Districts of New York; the United States Court of Appeals for the Second and Ninth Circuits; and the United States Supreme Court.

2.    I am a partner with the law firm of Hogan Lovells Cadwalader US LLP and have had primary responsibility for representing the City of Los Angeles with respect to this case since May, 2024.

3.    Except as otherwise indicated, all facts set forth herein (the "Declaration") are based upon my personal knowledge or learned from my review of relevant documents.

I have been practicing exclusively in the area of bankruptcy and corporate restructuring for forty years in this District and nationwide.  I have had substantial involvement in numerous complex Chapter 11 cases in a large variety of industries, acting as lead debtor's counsel in many and in others acting as creditors committee counsel, or counsel to other major case participants such as purchasers or significant creditors, ranging from small to large cases.  Such cases where I was lead bankruptcy counsel include: Achaogen, Inc. (approximately $100 million in debt, represented Debtors); Adelphia Communications Corporation (approximately $15 billion in debt, represented Non-Agent Lenders Committee of 400 Lenders owed $4.3 billion); All American Oil & Gas Incorporated (approximately $160 million in debt, represented Debtors); American Apparel, Inc. (approximately $500 million in debt, represented Debtors); AtopTech, Inc. (approximately $50 Million in debt, represented Synopsys, Inc., large judgment creditor who became plan co-proponent); Carolco Pictures, Inc. (approximately $400 million in debt, represented Creditors Committee); Chemtura Corporation (approximately $10 billion in debt, represented Ad Hoc bondholders committee, plan co-proponent and majority equity holders after debt-equity conversion through plan); Conseco, Inc. (approximately $52 billion in assets, represented Debtors); Del Taco, Inc. (approximately $100 million in debt, represented largest creditor and Committee Chair); The Fleming Companies (approximately $4 billion in debt, represented Debtors and the Post-

confirmation Trust); Metro-Goldwyn-Mayer, Inc. (approximately $6 billion in debt, represented Twentieth Century Fox); Relativity Media, LLC (approximately $900 million in debt, represented Debtors); Residential Capital, LLC (approximately $16 billion in debt, represented Committee co-chair FGIC owed over $2 billion); Toys "R" Us (over $6 billion in debt,  represented Mattel. Inc., the largest general unsecured creditor and co-chair of the creditors' committee); Williams Communications, Inc. (approximately $6 billion in debt, represented Official Creditors Committee).

4.    I have observed Bryan Cave's work firsthand throughout this case since May, 2024 when the City retained my firm and have had primary responsibility with Erin Brady for this representation since that date.  I have personally attended virtually all hearings since May, 2024 as well as the various mediation sessions and substantive meetings with respect to matters such as  DIP financing, the sales process and plan of reorganization negotiations that involved counsel.

5.    Based upon my personal experience Bryan Cave has been consistently constructive, cooperative, responsive, and communicative throughout the case. Bryan Cave has been actively engaged in facilitating communications, negotiations, and efforts to address stakeholder concerns—including the City, KPC Plaza, Lendlease, the U.S. Trustee, Chicago Title, mechanics lien holders and other parties-in-interest.

6.    Specifically, Bryan Cave consistently accommodated the very extended negotiations between KPC and Lendlease resulting in the proposed PSA and joint venture sponsored plan and has facilitated multiple continuances of the confirmation hearing.  Bryan Cave has also sought to facilitate the recent negotiations toward seeking resolution of the City's concerns. At no point has Bryan Cave acted in a manner that was obstructive, dilatory, or contrary to the interests of stakeholders or the estate.

7.    Oceanwide's July 6, 2026, Reply to the City's confirmation objection [Dkt. 991] further exemplifies this constructive approach: the Debtor acknowledged the City's role and responsibilities, and proposed plan amendments seeking to deal with at least some of the concerns raised by the City.  This cooperative, solutions-oriented posture has been characteristic of Bryan Cave representation throughout the case.

8.    KPC Plaza's principal objection to BCLP's fees centers on the concentration of partner and senior counsel billing. Based on my direct observation of the proceedings, this concentration is entirely appropriate given the unique nature of this case.

9.    This case has not been characterized by heavy motion practice or litigation discovery. Rather, it has been driven overwhelmingly by intensive multi-party negotiations and complex documentation—work that reasonably required senior, experienced attorney judgment and was not readily delegable to junior associates.

10.    There were only two main litigation matters that occurred during the bankruptcy case during the interim periods for which compensation is requested.  First, there were the initial DIP financing disputes, which were required due to LADI's objections and it's stated objective of being the DIP Lender.  This was not discretionary or unnecessary work by Bryan Cave; it was litigation required by KPC Plaza's predecessor-in-interest.

11.    Second, after the Court granted relief from stay so that the State Court could determine whether LADI or Lendlease held the senior lien positions, the Debtor was a necessary-party that had to participate in that litigation.  This again was not optional work, but a function of the estate's status in that dispute.

12.    While that litigation was proceeding and before its conclusion that LADI held the senior loan position, Bryan Cave attempted at various points to negotiate and implement a global settlement, including through mediation.  When those efforts became unavailing, and after the litigation was decided, Bryan Cave increased its efforts to negotiate a path forward.

13.    What followed was a lengthy period of intensive negotiations between the Debtor, KPC and Lendlease over competing plan structures and options—each initially proposing different plans—before they ultimately formed a joint venture.  All throughout this period, Bryan Cave continued seeking alternative purchasers working with a variety of potential buyers. There were also extensive negotiations with Chicago Title that were successfully resolved, paving the way for the secured claims settlement and plan process as detailed in the Bryan Cave Reply to the Fee Objection.

14.    These many complex issues were largely resolved through negotiation rather than far more expensive litigation, but they consumed substantial senior attorney time in negotiating,

structuring, documenting, and facilitating the process. These were all complex matters requiring experienced counsel.

15.    Based on the above, in my experience the nature of this Chapter 11 case fully supports the level of partner and senior counsel involvement reflected in Bryan Cave's billing records. Furthermore, based upon this substantial experience and particularly when compared to the level and expense of fees in other complex Chapter 11 cases, the fees incurred were reasonable, necessary, and reflective of the complex, negotiation-driven nature of the proceedings in this case.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of July, 2026.

_____
Richard L. Wynne

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**HOGAN LOVELLS US LLP**
**855 Main St., Suite 200**
**Redwood City, CA 94063**

A true and correct copy of the foregoing document entitled (*specify*):

**STATEMENT OF THE CITY OF LOS ANGELES WITH RESPECT TO BRYAN CAVE LEIGHTON PAISNER LLP'S THIRD INTERIM FEE APPLICATION; DECLARATION OF RICHARD WYNNE**

will be served or was served **(a)** ~~on the judge in chambers in the form and manner required by LBR 5005-2(d); and~~ **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 14, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) _____**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 14, 2026 | Kristel Gelera | */s/ Kristel Gelera* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

## *In re: Oceanwide*
## Case No: 2:24-bk-11057-DS

## *SERVED VIA NEF*

- **Adam S Affleck**   adam-affleck@rbmn.com, jennifer-franklin@rbmn.com
- **Melody G Anderson**   mganderson@buchalter.com
- **James W Bates**   jbates@jbateslaw.com
- **Ori S Blumenfeld**   ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- **Paul Brent**   snb300@aol.com
- **Sara Chenetz**   schenetz@perkinscoie.com, docketLA@perkinscoie.com;cmallahi@perkinscoie.com;jkulow@perkinscoie.com;chenetz-sara-perkins-coie-8670@ecf.pacerpro.com;rleibowitz@perkinscoie.com
- **Jacquelyn H Choi**   jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Leslie A Cohen**   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;camille@lesliecohenlaw.com
- **Gloria D Cordova**   NEF@gcordovalaw.com, NEF@gcordovalaw.com;ssg@gcordovalaw.com
- **Sean C Coughlin**   scc@coughlin-law.com, lb@coughlin-law.com;bcrena@noonanlance.com;ssuper@noonanlance.com
- **Matthew Dill**   mdill@counsel.lacounty.gov
- **Luke N Eaton**   lukeeaton@cozen.com, jacqueline.sims@troutman.com
- **Amir Gamliel**   agamliel@perkinscoie.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Jon F Gauthier**   jgauthier@ftblaw.com, jrobinson@ftblaw.com
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **Richard H Golubow**   rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Ani Grigoryan**   ani.grigoryan@aalrr.com, jenifer.gootkin@aalrr.com
- **Lance N Jurich**   ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com
- **Gary E Klausner**   gek@lnbyg.com
- **Bernard J Kornberg**   bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov, David.S.Shevitz@usdoj.gov
- **Allison C. Murray**   acmurray@swlaw.com, kcollins@swlaw.com
- **Douglas M Neistat**   dneistat@gblawllp.com, mramos@gblawllp.com
- **Rosemary Nunn**   rosemary.nunn@procopio.com, nicholas.fortino@procopio.com;gaylene.oyama@procopio.com
- **Matthew D Pham**   mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Michael B Reynolds**   mreynolds@swlaw.com, kcollins@swlaw.com
- **Robert L. Rosvall**   rrosvall@ccllp.law, kvargas@ccllp.law
- **Jeremy H Rothstein**   jrothstein@gblawllp.com, msingleman@gblawllp.com;acontreras@gblawllp.com
- **Leonard M. Shulman**   lshulman@shulmanbastian.com, bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **J Scott Williams**   jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com
- **Donna Wong**   donna.wong@lacity.org
- **Richard Lee Wynne**   richard.wynne@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-7245@ecf.pacerpro.com
- **Chelsea Zwart**   czwart@smsm.com, service@cgdrlaw.com